**TABLE OF CONTENTS**

Table Of Authorities Cited ... i

Questons Presented ... 1

Prior Proceedings And Statement Of Fact ... 1

Arguments

I.  The Single Justice Clearly Erred And Abused Her Discretion When She Denied Defendant's G.L. c. 211, § 3 Petition For Bail Review To Reduse Defendant's Bail From $500.000.00 To $50.000.00 Cash Because Defendant Had Demonstrated That He Was No Longer A "Risk Of Flight" By Suicide Nor A Risk To The Community. ... 3

II. Attorney John Goggins Provided Ineffective Assistance Of Counsel By Failing To Raise Any Cognizable Issue, Or Demonstrate Or Even Allege How Superior Court Judges Kern, J., And Sweeney, J., Erred Or Abused Their Discretion In Setting Bail At $500.000.00 Cash And $5,000.000.00 Surety in the Defendant's Petition For Review By Single Justice Of The Supreme Judicial Court Pursuant To G.L. c. 211, § 3. ... 10

Concolusion ... End

Record Appendix ... 11

## TABLE OF AUTHORITIES

Commesso v. Commonwealth
    369 Mass 368 ..................................................... 3

Commonwealth v. Nettis
    418 Mass 715 ..................................................... 3

Querubin v. Commonwealth
    795 Mass 534 ..................................................... 6

Commonwealth v. Saferian
    315 Mass 878 .................................................... 10

Thompson v. Commonwealth
    438 Mass 33 ...................................................... 6

Torres v. Commissioner of Correction
    427 Mass 611, 614 ................................................ 5

United States v. Abrahams
    575 F.2d 3 (1St.Cir) ............................................. 6

Wagenman v. Adams
    829 F.2d 196 ..................................................... 5

Stack v. Boyle
    342 U.S. 1,4 ..................................................... 8

U.S. Ex Rel Fitzgerald v. Jordan
    747 F.2d at 1135 ................................................. 5

United States v. Gallo
    653 F.Supp 320, 339 .............................................. 9

United States v. Melendez-Carion
    790 F.2d 1008 .................................................... 8

United States v. Motemedi
    767 F.2d 1403, 1407 ............................................ 4,6

United States v. Motlow
    10 F.2d 657 ...................................................... 5

Robinson v. California
    370 U.S. 660 ..................................................... 5

United States v. Salerno
    794 F.2d 64 ...................................................... 8

United States v. Strickland
    466 U.S. 668                                                10

United States v. Windsor
    785 F.2d 755, 757                                            4

Young v. Zant
677 F.2d 792, 798                                               10

United States v. Zayas
    949 F.2d 548                                                 5

G.L. c. 123, § 12                                              4,6

G.L. c. 211, § 3                                              1,2,3

G.L. 276, § 58                                                3,4,6

18, U.S.C. § 3142(c)(2)
Bail Reform Act Of 1984                                       4,5,7

5th. Amendment
United States Constitution                                       9

6th. Amendment
United States Constitution                                       1

8th. Amendment
United States Constitution                                     5,7

14th. Amendment
United States Constitution                                     5,6

Fed.R.Crim P. Rule 46(A)                                         8

## QUESTIONS PRESENTED

I.  WHETHER SINGLE JUSTICE PROPERLY DENIED DEFENDANT'S PETITION FOR BAIL REVIEW PURSUANT TO G.L. c. 211, § 3.

II. WHETHER ATTORNEY JOHN GOGGINS, FAILED TO ADEQUATELY RAISE ANY COGNIZABLE ISSUE OF ABUSE BY ANY OF THE SUPERIOR COURT JUDGES IN THE DEFENDANT'S G.L.c. 211, § 3, PETITION FOR BAIL REVIEW BY THE SINGLE JUSTICE OF THE SUPREME JUDICIAL COURT, THUS, DENYING DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT ALL STAGES OF CRIMINAL PROCEEDINGS AS GUARANTEED BY THE VI AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

### Prior Proceedings and Statement of Facts.

On June 17, 2002, Anthony Leo "Defendant" was arraigned on four (4) counts of Aggravated Rape, two counts of Breaking and Entering (Daytime) with intent to commit a felony, and two counts of Larceny from a Building. Additionally, Donohue, J., merely continued bail as set by Howarth, J. of the Worcester District Court, R.A. 1, of $5,000.000.00 surety and "$500.000.00 [cash] without prejudice." R.A. 4, to allow counsel an opportunity to prepare a proper bail argument.

1

On July 18, 2002, after a hearing Kern, J., ordered that the bail remain the same because the Defendant had attempted suicide shortly before his arrest on these charges. R.A. 14. Judge Kern reasoned that because Defendant had attempted suicide, his potential death posed a risk of flight and that "[b]ased on flight only the Court [was] not willing to reduce the amount of bail." R.A. 16. Kern, J., further reasoned that "it is inappropriate for the Court to allow him to raise bail and leave custody with, as the Court says, the ultimate possibility of his avoiding appearing on these charges and facing these charges by committing suicide." R.A. 14.

On May 22, 2004, Sweeny, J., "declined to act" on the Defendant's request to revisit the issue of bail because there were "[n]o change in [c]ircumstances" the defendant appealed. R.A. 20.

On June 18, 2003, Sosman, J., presiding, Defendant's G.L. c. 211, § 3, petition was denied after hearing. R.A. 29. The Defendant is currently being held at the Old Colony Correctional Center in Bridgewater, on $5,000.000.00 surety and $500.000.00 cash bail.

2

Arguments

I. The Single Justice clearly erred and abused her discretion when she denied Defendant's G.L. c. 211, § 3, petition to review [de nova] and reduce bail from $500,000.00 to $50,000.00 cash because Defendant demonstrated that he was not a risk of flight by suicide, nor a risk to the community and that the Commonwealth did not meet its burden under the preponderance of the evidence standard in determining whether Defendant was a flight risk.

The Single Justice clearly erred as a matter of law and abused her discretion in refusing to independently review [de nova] for error of fact or law, or lower the bail pursuant to G.L. c. 211, § 3. The standard of review of a single justice decision is whether the single justice "committed an abuse of discretion or a clear error of law." Commonwealth v. Nettis, 418 Mass. 715, 717 (1994).

The Single Justice of the Supreme Judicial Court has the power to review bail determinations by the Superior Courts under G.L. c. 276, § 58, and "has the power to consider the matter anew, [de nova], taking into facts newly presented, and to exercise his [her] own judgment and discretion without remanding the matter for reconcideration by the Superior Court Judge." Commesso v. Commonwealth, 369 Mass. 368, 373 (1975). Concidering this matter anew, a review of Defendant's bail status would have warranted a reduction because Defendant, inter alia was not proven

3

to be a risk of flight by suicide where the Superior Court Judges determination was not supported by mental health in accordance with G.L. c. 123, § 12, and because previous Judges did not consider any other condition, or combination of conditions that would be the "least" restrictive to reasonably assure defendants appearance. Also, a judicial officer is precluded from setting a financial condition that results in the pretrial detention of the person. Bail Reform Act of 1984, 18 U.S.C. § 3142(c)(2).

A person is to be released without surety unless "such" a release will not reasonable assure the appearance of the person before the court." G.L. c. 276, § 58. At the very least, a judge shall "take into account the nature and circumstances of the offense charged, the potential penalty the person faces, the person's family ties, financial resources, employment record and history of mental illness, his reputation and length of residence in the community, his record of convictions, if any, . . . [and] failure to appear at any court proceedings to answer to an offense and the weight of the evidence against the person. U.S. v. Motamedi, 767 F.2d 1403, 1407. Of these factors, evidence is the least important, and the statute neither requires, nor permits a pretrial determination of guilt. U.S. v. Windsor, 785 F.2d 755, 757. Doing so would contravene 200 years of Constitutional history and render meaningless the presumption of innocence, a right secured only after centuries of

4

struggle.  U.S. ex rel Fitzgerald v. Jordan, 747 F.2d at 1135.

The Eighth Amendment to the United States Constitution states: 'excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.' Similarly, Article 26 of the Massachusetts Declaration of Rights provides, in pertinent part: '[n]o magistrate or court of law, shall demand excessive bail or sureties, imposed excessive fines, or inflict cruel and unusual punishments." Torres v. Commissioner of Correction, 427 Mass. 611, 614 n.4 (1998).  See, Robinson v. California, 370 U.S. 660 (1962) (The Eighth Amendment is applicable to the States by the United States Constitution, Fourteenth Amendment).  A Court may set bail in an amount that exceeds a defendants financial means if such bail is necessary to ensure presence at trial; but when defendant indicates that amount is unobtainable, the Court must explain reasons for determining requirement when adhering to it.  U.S. v. Zayas, 949 F.2d 548.  See, also 18 U.S.C. 3142 (c)(2)(i), this amendment safeguards the right to give bail at least before trial, and the purpose is to prevent the practical denial of bail by fixing the amount so  unreasonably high that it cannot be given.  U.S. v. Motlow, 10 F.2d 657.  Bail in an amount engineered purposefully to guarantee continued confinement – was excessive." Wagenmann v. Adams, 829 F.2d 196.

The Fourteenth Amendment of the United States Constitution states: '[N]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life or liberty or property without due process of law, nor deny to any person its jurisdiction the equal protection of the law.'

G.L. c. 276, § 58 allows a judge to hold evidentiary hearings or some variation therof to avoid significant risk of erroneous deprivation of liberty when circumstances of a particular case warrant it. Querubin v. Commonwealth, 795 N.E.2d 534; U.S. v. Abrahams, 575 F.2d 3 (1St.Cir). Judges may rely on hearsay and representations of counsel, but evidence must be sufficiently reliable to avoid significant errors. Thompson v. Commonwealth, 438 N.E.2d 33. Doubts regarding the propriety of release should always be resolved in the defendants favor. Motamedi, supra at 1405.

At the defendant's arraignment on June 17, 2002, Donohue, J., merely continued bail as set by Howarth, J., of the Worcester District Court, in order that counsel be allowed adequate time to properly prepare for a bail hearing. At the July 18, 2002 bail hearing Kern, J., denied defendant's bail for the reasons as stated below:

> "Certianly, for the purpose of the bail the Court will not consider one way or the other the legality of the search or the content of the letter. There does seem to be objective evidence of the defendant's **suicide attempt** when he was found in Grafton. And based on that and the fact that that would, as the District Attorney pointed out, be the ultimate way to escape from appearing before the Court. **Based on flight only, the Court is not willing to reduce the amount of bail.** It is clear to the Court that the defendant must be placed on a suicide watch while he is in custody. **But it is inappropriate for the Court to allow him to <u>raise bail and leave custody</u> with, as the Court says, the ultimate possibility of avoiding appearing on these charges and facing these charges by committing suicide.** Therefore, the bail will remain at five-hundred-thousand dollars cash, five-million surety. "

Superior Court Judge Kern's, erred when she determined that the defendant "[based on flight only]" and "the ultimate possibility of [him] avoiding appearing on these charges and facing these charges by **'committing suicide'** and as such being a risk of flight by suicide, and basing her decision to deny his request to reduce bail solely on him being a flight risk by committing suicide without affording the defendant his due process right to be evaluate by competent mental health professionals and abused her discretion by not seeking an evaluation in accordance with G.L. c. 123, § 12, and conducting a show cause hearing and or an evidentiary hearing. In addition

7

Kern, J., set bail at $5,000.000.00 surety an $500.000.00 cash to deliberately detain the defendant indefinately in violation of his right to a reasonable bail as secured by the 5th. & 8th. Amendment to the United States Constitution and Articles 12 & 26 of the Massachusetts Declaration of Rights and the Bail Reform Act of 1984, 18 U.S.C. § 3142. Kerns, J., even went so far in her decision to refuse to lower Mr. Leo's bail by citing that "it is inappropriate for the Court to allow him to raise bail and leave" which is an abuse of discretion for Kern. J. to intentionally engineer a financial condition to guarantee that the defendant could not ever obtain his liberty prior to trial, for even if he could raise the $500.000.00 cash bail the Court would not allow him to be released.

  Judge Sweeney, erred when she denied to reduce Mr. Leo's bail, even in light of the fact that he produced prima facie evidence of mental health evaluation records which proport that Mr. Leo was no longer a suicide risk, and under the proponderence of the evidence standard demonstrated a "change of circumstances" to warrant the bail to be reduced and or conduct a new bail determination hearing. Supreme Court Single Justice, Sosman, erred and abused her discretion by failing to independently _inter_ _alia_ review de nova a bail determination as set by the lower Court judge Kerns, for error. In addtion Sosman, J., at oral argument stated that even if she were to

8

review de nova the issue of the defendant's bail, she would leave the bail of $500.000.00 cash but would cite other reasons for denying bail and in doing so denied Mr. Leo, procedural due process.

The defendant, Anthony Leo, has been continuously confined on this "No Bail" status since April 23, 2002, more than 24 months, with no set trial date, and none in the near future. Length of delay can transform what might otherwise be a valid regulatory measure into one that is punative, regardless of the legislative intent. U.S. v. Gallo, 653 F.Supp 320, 339. Detention is rendered so harsh by its length that it degenerates into punishment. U.S. v. Melendez-Carion, 790 F.2d at 1008. This length of detention exceeds the limitations placed on it by the Due Process Clause of the 5th. Amendment of the United States Constitution. U.S. v. Salerno, 794 F.2d 64. The practice of admission to bail, is not a device for keeping a person in jail until it is found convenient to give them a trial. On the contrary, the spirit of the procedure is to enable them to stay out of jail until trail has found them guilty. Congress commands allowance of bail [reasonable] for one charged of ANY offense not punishable by death. Fed. R.Crim.P. Rule 46(A). Admission of bail always invokes a risk that the accused will flee. That is a calculated risk which the law takes as the price of our system of Justice. Stack v. Boyle, 342 U.S. 1, 4.

9

> II. Attorney John Goggins provided ineffective assistance of counsel by failing to adequately raise any cognizable issue, demonstarte or even allege how Superior Court Judges Kern, J., Sweeney, J., erred or abused their discertion in denying to reduce Defendant's bail in the Defendant's G.L. c. 211, § 3, Petition before Sosman, J. of the Supreme Judicial Court.

Attorney John Goggins provided ineffective assistance of counsel that fell measurably below that of an ordinarily fallable lawyer, by failing to understand Mr. Leo's factual claims or the legal significance of those claims, and by not raising any cognizable issue, and failed to demonstrate or even allege just how Kern, J., and Sweeney, J., erred and or or abused their discretion in his written brief or at oral argument on the Defendant's G.L. c. 211, § 3, petition to reduce bail heard by Sosman, J.

Because of these reasons Attorney Goggins fell measurably below the standard set in U.S. v. Strickland, 446 U.S. 668, applicable to the states Commonwealth v. Saferian, 315 N.E.2d 878, and because of his incompetence and inattention deprived Mr. Leo of a reasonable probability that the proceedings would have been different,. Young v. Zant, 677 F.2d 792, 798. In addition Attorney John Goggins abandoned Mr. Leo during the pendency of this appeal.

10

- CONCLUSION -

For the foregoing reasons the Defendant, Anthony Leo, prays that this Honorable Court reduce his bail to $50.000.00 cash or in the alternative order that the case be remanded to the Worcester Superior Court for a new determination of an appropriate bail and condions governing his release as the Court deems just and proper.

APRIL 30 2004

Respectfully Submitted
by the Defendant-Appellant

Anthony M. Leo Pro. Se
O.C.C.C.        (A-83901)
One Administration Road
Bridgewater, Massachusetts 02324

End