```
                                    FILED
        UNITED STATES DISTRICT COURTS OFFICE
           DISTRICT OF MASSACHUSETTS
                                 2004 JUN 18  P 12: 29
           Civil Action No:#2004-cv-11004-JLT

                                      U.S. DISTRICT COURT
                                      DISTRICT OF MASS
```

|  |  |
|---|---|
| ANTHONY LEO, | ) |
|                       Petitioner, | ) |
| vs. | ) |
| COMMONWEALTH OF MASSACHUSETTS, | ) |
|                       Respondent. | ) |

### PETITIONERS OPPOSITION TO RESPONDENTS MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSIVE PLEADINGS TO PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Anthony Leo, hereby respectfully submits his opposition to the respondents request for an enlargement of time in which to file its resonsive pleadings which were to be filed on June 14, 2004, in accordance with Rule 4, of section 2254 and its 20 day time limit.

In support of this opposition for enlargement of time, the petitioner, Anthony Leo, states that a true copy of the original Petition for Writ of Habeas Corpus and Memorandum was served upon the respondent on May 5, 2004 by depositing

it in the Institutional Mail Box at the Old Colony Correctional Center, and delivered by first class mail postage prepaid.

The Respondent, Commonwealth of Massachusetts has had over thirty days to respond to the petition. There is little in the way of material to be gathered on the petitioners bail hearing(s) and there is **NO** conviction of the petitioner issue raised in this petition.

Had the respondent used due diligence in this matter, they would have had no problems meeting the June 14, 2004 deadline for the filing of its responsive pleadings to the petition and have not demonstrated "good cause" why this Honorable Court should grant its requeat for an enlargement of time beyond June 14, 2004.

Any continued delays by the respondent, Commonwealth of Massachusetts without "good cause shown" renderes this process ineffective to protect the petitioners constitutional rights to be free from unlawful restraint of his liberty. This detention has continued for over 25 months as a direct result of his challenge to the States Court Judgment of denial of bail.

The petitioner, Anthony Leo, has exhausted all state remedies and every day that this petition os delayed is a day that he losses forever unjustly. Also bail isses need to

heard promptly without delay, because after trial the issue of bail becomes moot and lost forever.

Granting the respondents motion for enlargement of time will cause undue delay, exhaust valuable time and prejudice the petitioner. For these reasons the respondents motion for an enlargement of time should be denied.

When the State misses procedural deadlines the appropriate response by the Court may include waiver of procedural defenses and for the Court to proceed directly to the merits of the petition.

In the event that this Honorable Court decides to grant the respondent an enlargement of time in which to filie its response to the petition the petitioner requests that this Honorable Court limit the time allowed by only 10 days and a firm deadline of June 24, 2004.

                                          Respectfully Submitted
                                          by the Petitioner,
                                          *Anthony Leo* (signature)
                                          Anthony Leo, Pro Se
                                          O.C.C.C.

June 8, 2004                        One Administration Road
                                          Bridgewater, Massachusetts 02324