UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY LEO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-11006-JLT |
| ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PETITION FOR
<u>WRIT OF HABEAS CORPUS</u>**

**INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, the Commonwealth of Massachusetts, respectfully submits this memorandum of law in support of its motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Anthony Leo, on the grounds that the petition fails to state a claim upon which relief may be granted.[1] The petitioner claims that (1) his Eighth Amendment rights have been violated by the imposition of excessive bail; (2) he was denied procedural due process rights, under the Fourteenth Amendment, in connection with the bail proceedings; and (3) his right to the assistance of

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to address the merits of the claim in this petition.

counsel under the Sixth Amendment has been violated by the ineffective assistance of counsel.[2] The petition for a writ of habeas corpus should be dismissed, however, because the petitioner's claim of excessive bail is currently pending before the Massachusetts Supreme Judicial Court (hereinafter, "the SJC"), and therefore the petitioner has not exhausted this claim, *i.e.*, he has failed to wait for a ruling from the state's highest court before bringing the claim in federal court. Because the petitioner has not yet provided the state's highest court with the first opportunity to pass on the merits of this claim, the petition should be dismissed. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Moreover, the petitioner's claims with respect to alleged violations of his rights to due process and effective assistance of counsel are premature, since the First Circuit has made it clear that these claims may not be brought in federal court while the proceedings are in the pre-trial phase in state court. Accordingly, the petition should be dismissed.

## BACKGROUND

On June 13, 2002, the petitioner was indicted by a Worcester County Grand Jury for four (4) counts of aggravated rape, two (2) counts of breaking and entering in the daytime to commit a

---

[2] In his petition, the petitioner also asserts that his constitutional rights have been violated by the length of his detention. *See* Petition, ¶ 12D. It is true that a speedy trial claim may be properly addressed in a pretrial habeas petition, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), where the relief sought is an immediate trial (but not a dismissal of all charges). *See In re Justices of the Superior Court*, 218 F.3d 11, 18 n.5 (1st Cir. 2000). The petitioner does not, however, address this claim in his memorandum of law in support of his petition. To the extent that the petitioner seeks as relief dismissal of the charges against him, his claim must be denied. *See Braden*, 410 U. S. at 491-93. To the extent that the petitioner seeks an immediate trial (and in the event that this Court declines to dismiss this petition on the grounds set forth in this memorandum), the respondent requests that this Court (a) order the petitioner to write first concerning the merits of his speedy trial claim and (b) grant the respondent the opportunity to respond to merits of this particular claim.

felony, and two (2) counts of larceny from a building. *See* Docket Sheet for *Commonwealth v. Anthony Leo*, Worcester Superior Court Criminal Action No. 2002-00830, attached to the Supplemental Answer, filed herewith, as Exhibit 1. On June 17, 2002, the petitioner pleaded not guilty to the charges against him. *Id.* That same day, bail was set for the petitioner in the amount of $5,000,000 surety or $500,000 cash. *Id.*

On May 22, 2003, the petitioner filed a motion to revisit the issue of his bail. *See* Supp. Ans., Exhibit 1. The Superior Court denied this motion, finding that there had been no change in circumstances which would warrant a reduction in bail. *See id.*

On July 28, 2003, the petitioner filed an appeal in the Massachusetts SJC on the issue of whether the Superior Court and the Single Justice of the SJC acted correctly in refusing to lower his bail. *See* Docket Sheet for *Anthony Leo v. Commonwealth*, SJC-09074, attached to Supplemental Answer as Exhibit 4. On April 26, 2004, the petitioner filed an amended brief and record appendix addressing the bail issue and a claim of ineffective assistance of counsel. *See* Amended Brief and Record Appendix of the Defendant, attached to Supplemental Answer as Exhibit 3. On June 30, 2004, the petitioner's appeal was submitted to the Justices of the SJC for decision on the papers. *See* Supp. Ans., Exhibit 4. As of the date of filing this memorandum, the SJC has not issued a decision on this matter. *Id.*

In his petition for writ of habeas corpus, the petitioner claims (1) that his Eighth Amendment rights have been violated by the imposition of excessive bail; (2) that he was denied procedural due process rights, under the Fourteenth Amendment, in connection with the bail proceedings; and (3) that his right to the assistance of counsel under the Sixth Amendment has been violated by the ineffective assistance of counsel.

3

## ARGUMENT

**The Petition for Writ of Habeas Corpus must Be Dismissed Where the Petitioner's Claim Regarding Excessive Bail Is Currently Pending Before the Massachusetts SJC and Where the Petitioner's Other Claims Are Premature.**

A.   Introduction

Federal courts routinely deny pre-trial habeas relief in all but two situations: when a petitioner raises a double jeopardy claim, having already been subjected to the state criminal process once; and when a petitioner asks the federal court to intervene to affirmatively order the state to try him or her on criminal charges in the context of a claim for speedy trial.[3] *See In re Justices of the Superior Court,* 218 F.3d 11, 18 n.5 (1st Cir. 2000). *See also Carden v. Montana,* 626 F.2d 82, 83-85 (9th Cir. 1980)(petitioners failed to demonstrate extraordinary circumstances to justify pre-trial habeas dismissal of their indictments on speedy trial grounds); *Neville v. Cavanaugh,* 611 F.2d 673, 676 (7th Cir. 1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980)(petitioner's request to pre-trial habeas court that indictments be dismissed as violative of the Interstate Agreement on Detainers denied as premature); *Gully v. Kunzman,* 592 F.2d 283, 286-88 (6th Cir.), *cert. denied,* 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 292 (1979)(petitioner's claims under due process, *ex post facto*, and equal protection clauses not reviewable on pre-trial federal habeas); *Kolski v. Watkins,* 544 F.2d 762, 764-67 (5th Cir. 1977)(petitioner's pre-trial habeas challenge to constitutionality of statute under which he was

---

[3] As is set forth in footnote 2, above, the instant petition does not state a cognizable habeas claim on the speedy trial issue, and the petitioner has not presented any argument in his memorandum of law as to why this Court should view his petition as raising an actionable claim of this sort.

4

indicted denied, since granting relief would violate *Younger* abstention principles); *Moore v. DeYoung*, 515 F.2d 437, 443-49 (3d Cir. 1975)(speedy trial claim seeking to enjoin state criminal process denied pre-trial habeas review); *Hirsch v. Smitley*, 66 F.Supp.2d 985, 986-87 (E.D.Wis. 1999)(petitioner's request that pre-trial habeas court dismiss his indictments for lack of speedy trial denied); *Moore v. United States*, 875 F.Supp. 620, 623-24 (D.Neb. 1994)(petitioner's pre-trial habeas petition challenging indictments as defective denied); *Hutson v. Wareham District Court*, 552 F.Supp. 974, 978 (D.Mass. 1982)(petitioner's claim on pre-trial habeas that state court would violate his Sixth Amendment rights by permitting him to be tried without counsel denied).

The federal courts have determined that abstention from entertaining such pre-trial habeas petitions in situations other than double jeopardy or speedy trial contexts constitutes "a logical implication of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), which precludes federal courts from enjoining pending state criminal prosecutions absent 'extraordinary circumstances.'" *Carden*, 626 F.2d at 83; *see also In re Justices of the Superior Court*, 218 F.3d at 18-19; *Kolski*, 544 F.2d at 766; *Moore v. DeYoung*, 515 F.2d at 439; *Moore v. United States*, 875 F.Supp. at 623. The Supreme Court recognized the potential disruption of the state's criminal process that would result from granting pre-trial habeas relief in any but a few extraordinary circumstances when it granted a petitioner's request for an order requiring the state court to try him immediately in *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 491-93, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Supreme Court in *Braden* made it clear that the petitioner "made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* at 491. Writing for the majority, Justice Brennan stressed that such pre-

trial habeas relief is extraordinary and distinguished the unique remedy Mr. Braden sought:

> We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court. The contention in dissent that our decision converts federal habeas corpus into a "pre-trial motion forum for state prisoners," wholly misapprehends today's holding.

*Id.* at 493.

B.     Petitioner's Claim with Respect to Excessive Bail Should Not Be Addressed by this Court While the Same Claim Is Pending Before the Massachusetts SJC.

Based upon the well-established principle that federal courts will not intervene in a criminal proceeding where the federal court's action would greatly disrupt the state court's proceeding, it is clear that this Court should at this time refrain from addressing the question of whether the petitioner's bail violates the Eighth Amendment. This same question has been presented in the petitioner's appeal to the Massachusetts SJC. *See* Supp. Ans., Exhibits 2 and 3. As of this date, the SJC has not yet ruled on the petitioner's appeal on this point. *See* Supp. Ans., Exhibit 4. If this Court were to decide the question of whether the bail set for the petitioner were appropriate, while this same question is pending in the state's highest court, such a decision would "seriously disrupt state judicial processes." *See In re Justices of the Superior Court*, 218 F.3d at 19; *see also Younger*, 401 U.S. at 44; *Neville*, 611 F.2d at 676. Accordingly, this Court should decline to address the bail issue while the petitioner's appeal is pending at the SJC, and dismiss the petition for a writ of habeas corpus. *See In re Justices of the Superior Court*, 218 F.3d at pp.18-19.[4]

---

[4] In the event that the petitioner is given leave to re-file his habeas petition after the SJC rules on his pending appeal, and/or in the event that this Court declines to dismiss the instant petition on the grounds set forth in Section B, the respondent reserves the right and requests the
(continued...)

C.   Petitioner's Claim with Respect to Due Process under the Fourteenth Amendment and Ineffective Assistance of Counsel under the Sixth Amendment Are Premature and Should Not Be Entertained by this Court.[5]

As the First Circuit has held, "[w]ith the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief, as a general rule, is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings." *In re Justices of the Superior Court*, 218 F.3d at 19. The instant case, like the case of *In re Justices of the Superior Court*, "does not present the kind of 'special circumstances' which might require a different result." See *In re Justices of the Superior Court*, 218 F.3d at 19, citing *Braden*, 410 U.S. at 489. The two recognized exceptions to the ban on pre-trial habeas review (*i.e.*, double jeopardy and claims for an immediate trial under constitutional speedy trial provisions) logically present compelling circumstances that do not exist with respect to the petitioner's Sixth and Fourteenth Amendment claims. Pre-trial federal habeas relief is available for a claim of a violation of the double jeopardy clause because the relief sought, and the only relief appropriate, is entirely avoiding a state criminal trial. Thus, if such relief were not available by pre-trial habeas review the federal right against being twice placed in jeopardy by a state would not be capable of being vindicated by a federal court. Similarly, the relief sought by the assertion of a speedy trial claim and a request for an immediate state trial does not "permit the derailment of a

---

[4](...continued)
opportunity to respond to the merits of the petitioner's bail claim.

[5] To the extent that the petitioner's claim of ineffective assistance of counsel rests on the charge that his attorney was not effective with respect to the bail proceedings, this argument, like the petitioner's other bail claims, is currently pending before the SJC. See Supp. Ans., Exhibits 3 and 4. This claim, like the other bail claims discussed in Section B, above, should be dismissed since it is currently under review by the state court and may not, therefore, be properly addressed by the federal court at this time.

pending state proceeding," *Braden*, 410 U.S. at 493, and would be defeated in not cognizable pre-trial. For these reasons, however, dismissal on speedy trial grounds is not a remedy available by pre-trial habeas review. *Carden*, 626 F.2d at 84.

Here, the claims of ineffective assistance of counsel[6] and of violation of the plaintiff's due process rights[7] are not of the sort which will be lost if they are not adjudicated prior to trial. Rather, these claims present a situation in which the petitioner is making an "attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493. Since the harm to the petitioner, if any, from these claimed violations of his Sixth and Fourteenth Amendment rights may be reviewed and ameliorated by this Court after the petitioner has fully litigated these matters in state court, this Court should dismiss the petition until such time as these claims are exhausted. *See In re Justices of the Superior Court*, 218 F.3d at 18-19; *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995).

## CONCLUSION

For the foregoing reasons, the respondent, Commonwealth of Massachusetts, respectfully requests that this Court deny the instant petition for writ of habeas corpus.

---

[6] The petitioner has been represented by multiple attorneys during the pendency of his case. *See* Supp. Ans., Exhibit 1; *see also* Petition ¶ 12C. The petitioner's most recent attorney, James J. Gribouski, Esq., entered an appearance on petitioner's behalf on April 13, 2004, and has filed several motions on the petitioner's behalf. *See* Supp. Ans., Exhibit 1. The petitioner does not make any complaint about the quality of Attorney Gribouski's services in his petition. *See* Petition, ¶ 12C.

[7] To the extent that the petitioner's claim asserts that his due process rights were violated through an error or improper application of state law, such a claim is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: July 20, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Anthony M. Leo, on July 20, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, as follows: Anthony M. Leo, Old Colony Correctional Center, One Administration Road, Bridgewater, Massachusetts, 02324.

/s/ Maura D. McLaughlin
Maura D. McLaughlin