UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY LEO,

    Petitioner,

v.

COMMONWEALTH OF
MASSACHUSETTS,

    Respondent.

Civil Action No. 04-11006-JLT

## MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Anthony Leo, respectfully submits this Memorandum of Law in Opposition to Respondents Motion to Dismiss the Petition for Writ of Habeas Corpus, filed by Anthony Leo, because petitioner does not state a claim upon which relief may be granted. The petitioner claims that (1) his 8th. Amendment rights have been violated by the imposition of excessive bail; (2) he was denied procedural due process rights, under the Fourteenth Amendment, in connection with the bail proceedings; and (3) his right to the assistance of counsel at all critical stages has been violated under the Six Amendment, and that

length of pre-trial detention has degenerated what otherwise is a valid regulatory measure, into one that is punative in violation of the Due Process Clause of the 5th. Amendment of the United States Constitution. The respondent states that because the petitioners claims are still pending before the Supreme Judicial Court for the Commonwealth of Massachusetts (hereinafter S.J.C.) that exhaustion requirement has not been met. This is not true; Rose v. Lundy, 455 U.S. 509, 515, states that once the federal claims have been fairly presented to the states highest court, the exhaustion requirement is satisfied. Also, Copeland v. Walker, 258 F.Supp 2d 105; O'Sullivan v. Broeckel, 119 S.Ct. 1728, or that circumstances exist that render such process ineffective to protect the rights of the applicant, 28, U.S.C. § 2254(b)(1). These circumstances being mootness of whole petition if not decided before state court forces trial, and that excessive bail arugument was first presented to S.J.C. over one (1) year ago. See: Exhibit 2, of Respondents Supplemental Answer, pg. 13-15, and also Exhibit 3 , of accompanying Appendix of Additional State Court Record and Transcripts, Single Justice hearing of 06/18/2003. More over, the Respondent also claims that Petitioners claims of alleged violations of his rights to Due Process and Effective Assistance of Counsel are premature and may not be brought in Habeas Corpus Petitions during pre-trial phase in state court and should be dismissed. This also is untrue Collateral Order Doctrin setforth in Cohen v. Benificial

Industrial Loan Corp. 337 U.S. 541, grants immediate appealability of collateral orders as following from the application of a practical rather than technical construction of the final judgment rule. The final judgment rule does not preclude an immediate appeal of that "small class of of orders which finally determine claims of rights seperate from, and collateral to, rights asserted in the action too important to be denied review, and too independant of the cause itself to require that appellate considerations be defferred unitl the whole case is adjudicated.. These rights are too important and would be lost, probably irreparably if review had to wait until the final judgment terminated the litigation". After trial, bail issues are lost forever. They must therefore be heard in the pre-trial phase.

## BACKGROUND

On April 24, 2002, Anthony Leo, was arraigned in the Worcester District Court, Howarth, J., sitting and bail was set at $500.000.00 cash, Commonwealth only asked for $100.000.00 cash bail. See: Accompanying Petitioners Appendix. Exhibit 4. At this time the Commonwealth told Howarth, J., that Mr. Leo, had been hospitalized for drug overdose and $CO^2$ poisining, a suicide attempt. No mental health evaluations were requested on Mr. Leo, by anyone including the Court, Assistant Distict

Attorney or Mr. Leo's erstwhile court appointed counsel. Bail was set at $500,000.00 cash following none of the guidelines setforth in M.G.L. c. 276, § 58 or 18 U.S.C. § 3142; Bail Reform Act of 1984, and was remanded to the Worcester County Jail. See: Exhibit 4, of accompanying Petitioner Appendix (transcripts of hearing).

On June 17, 2002, the petitioner plead not guilty to the indictments against him in Worcester Superior Court and Donohue, J., left District Courts bail the same without prejudice so petitioner could have counsel appointed to him and have a proper bail hearing. See: Respondents Supplemental Answer, Exhibit 1, pg. 4.

On July 18, 2002, Mr. Leo, and counsel, John Goggins, Romer, had bail hearing before Kern, J. See: Exhibit 2, of Respondents Supplemental Answer, pg. 19-28 (transcripts of bail hearing). Arguments were made on both sides, and again the A.D.A. for the Commonwealth told the Judge that Mr. Leo, was suicidal and would kill himself if he was allowed to post bail. Again, no evaluations or evidentiary hearings were held to see if these accusations were true. Kerns, J., again decided to keep the $500.000.00 cash bail the same for the sole purpose of "guaranteeing continued detention" in violation of the United States Consitution and 18, U.S.C. § 3143. No mental health

evaluations were ever requested by the Court, Kerns, J., the A.D.A. for the Commonwealth or Mr. Leo's, court appointed attorney, to determine whether or not he was still a flight risk due to suicide.

On May 22, 2003, the petitioner filed a motion to revisit bail.  See: Respondents Supplemental Answer, Exhibit 2, pg. 32-33, admitting UMASS Mental Health Reports stating Mr. Leo, was no longer a risk of suicide.  Sweeney, J., denied this motion citing "No change of Circumstances".

On June 4, 2003, the petitioner filed an appeal in the Supreme Judicial Court for the Commonwealth of Massachusetts on the issue of excessive bail and due process violations.  See: Petitioners Appendix, Exhibit 1, and Exhibit 2.  On June 18, 2003 this appeal was heard by Sosman, J., and she declined to act.  See: Exhibit 2, Respondents Supplemental Answer, pg. 12-15,  See: also, Exhibit 3, of accompanying Petitioners Appendix with this motion (transcripts of bail hearing).

On July 28, 2003 a direct entry appeal to the full bench of the S.J.C. was filed.  First brief filed by Attorney, John M. Goggins  , for the petitioner on 10/06/2003.  On March 2, 2004, The Commonwealth waived it response.  On March 5, 2003, Mr. Goggins, was allowed to withdraw from representing Mr. Leo, in this

matter upon a successor counsel filing a notice of appearance with the S.J.C. See: Respondents Supplemental Answer, Exhibit 4, pg. 1-2. No successor counsel to this day has filed a notice of appearance with the S.J.C. Attorney Goggins, simply abandoned Mr. Leo, in the mist of that appeal. Further, Attorney Gogggins, ceased all communications with Mr. Leo. Mr. Leo was forced to proceed with the appeal in the S.J.C. pro se, See: Id.

On April 26, 2004, the petitioner, Mr. Leo, was forced to pro se, amend the *defective* brief filed by former counsel Mr. Ggoggins. See: Exhibit 2, pg. 1-10, of the Respondents Supplemental Answer, and to include a claim of ineffective assistance of counsel in prior and pending appellate issues and 5th. Amendment, length of detention violations. See: Amended Brief and Record Appendix of Defendant attached to the Respondents Supplemental Answer, Exhibit 3, accompanying this brief was a Motion to Expedite Answer citing Collateral Order Doctrine and need for bail arguments to be decided quickly so as not to become moot after trial. This motion was denied by the S.J.C. See: Respondents Supplemental Answer, Exhibit 4, pg. 2, and accompanying Motion Petitioners Appendix, Exhibit 5, As of the date of the filing of this Memorandum the Supreme Judicial Court for the Commonwealth of Massachusetts still has not issued a decision on the appeal.

# ARGUMENT

The petition for Writ of Habeas Corpus should not be dismissed because the exhaustion requirement has been met, the state corrective process is ineffective to protect petitioners Federal Rights and that these claims are not premature.

## A Introduction

The respondent's statement that Federal Courts deny pre-trial habeas corpus in all but two situations is false. Double Jeopardy and Speedy trial claims are the most widely used, but by far, are they the only pre-trial questions of law that can be submitted under habeas corpus petitions. Federal Courts recognize these claims for relief in the Collateral Order Doctrine, Cohen v. Beneficial Industrial loan Corp, 337 U.S. 541.

Respondent goes on to state that the indictments should not be dismissed and cites multiple cases to prove this claim. This claim is misplaced, because petitioner never claims Speedy Trial violations or requests that indictments be dismissed. More over, granting this petition will not disrupt any part of the pending state Court proceedings because these

claims are completely seperate issues and not a part of pending state trial.

B. Petitioners claims of Excessive bail, Due Process under 14 Amendment and ineffective assistance all should be heard because they "All" have been exhausted and are not premature.

As stated in Arguement A previously, the claims are not premature, and in fact need to be heard now because after state trial they never can be heard, even if relief should have been granted.

Also these claims have been presented to the Highest state court and they have had over one year to correct or pass upon these alledged violations of prisoners Constitutional Rights. See Anderson v Johnson 338 F3d 382; Once federal claims have been "Presented" fairly to the state courts, the exhaustion requirement has been met. Rose v. Lundy 455 U.S. 509, 515; Alston v Redman 513 U.S. 1160; Copeland v Walker 258 F Supp 105; Pechner v Kruzicki 918 F.Supp 1271; O'Sullivan v Boerckel 526 US 838

Furthermore, the "inordinate delay" that the Mass SJC has taken to decide this matter

has rendered petitioners state process ineffective to protect petitioners Constitutional Rights. Fiest v. Scott 885 F.Supp 927; Trimble v. St. of KAN 927 F.Supp 410. Unless the right to bail before trial is preserved, the presumption of innocense, secured after centuries of struggle, would lose its meaning, Hudson v. Parker 156 U.S 277, 285; US ex rel Fitzgerald v. Jordan 747 F2d 1120; Brown v. Allen 344 U.S. 443 447-450. See also 28 USC § 2254(b)(1) Relief of this nature must be <u>speedy</u> if it is to be effective, Stack v. Boyle 342 US 1

## Conclusion

For the foregoing reasons, the petitioner respectfully requests that this Honorable Court find the exhaustion requirement met, or issue a stay/Abeyance until the Mass. S.J.C delivers its decision and grants this petition for Writ of Habeas Corpus and hold a hearing to resolve factual disputes and distortions in the state record, and or, discharge him from his Un-Constitutional confinement and restraint. ① Habeas Corpus is the proper remedy for one held in custody in violation of the U.S. Constitution. 28 USC § 2241(c)(3)

Also, state attorneys, like counsel for other parties to Federal Civil actions are ethically barred from

moving for summary dismissal when a factual dispute clearly is present. Cain v. Smith 686 F2d 374, 380 Moreover, Townsend V. Sain, 372 U.S. 293 held that Federal Courts "MUST" resolve any factual disputes material to a claim appropriately raised by habeas corpus petition and that resolutions of factual disputes require evidentiary hearings in most cases, Supra at 313-319.

Respectfully Submitted,

Anthony M. Leo
Anthony Leo, Pro se
O.C.C.C.
1 Administration RD
Bridgewater, MA.
02324

Dated Aug 4th 2004

---

① Federal Judges have inherent right to admit state prisoner on recognizance or surety in the course of habeas corpus proceedings This power is derived from the power to grant the Writ itself and thereby regulate the Government's excercise of power over its citizens
   Marino v. Vasques 812 F2d at 507
   Hilton v Braunskill 481 US at 773-74