UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY LEO,<br><br>    Petitioner,<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 04-11006-JLT<br>)<br>)<br>)<br>)<br>)<br>) |

PETITIONERS TRAVERSE TO RESPONDENTS

ANSWERS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, the petitioner, Anthony Leo, pro se, submitts his traverse to the respondents answers to paragraphs 1 through 17(c) of the petition for writ of habeas corpus as follows:

1. Admitted

2. Respondent has knowledge sufficient to believe truth of this allegation. See: Respondents Supplemental Answer, attached hereto as Exhibit 1, at Pg. 5, dated 07/18/2004 and Exhibit 2, at pgs. 19-28 of stated bail hearing.

3. Admitted

4. Admitted

5. Admitted

6.  Admitted

7.  Admitted

8.  Admitted

9.  Respondent admitts these claims all have been "presented" to the Supreme Judicial Court for the Commonwealth of Massachusetts the states highest court. Petitioners claim for relief is granting a de novo bail hearing following rules of 18, U.S.C.A. § 3142-3145 of the Bail Reform Act and setting bail requirement (least restrictive) that is not excessive. This Court has the authority to grant this relief and the petitioner had met his exhaustion requirement as set forth in 28, U.S.C.A. § 2254 and as set forth in Rose v. Lundy, 455 U.S. 509.

10. Respondent has knowledge of this information. See: Respondents Supplemental Answer, attached hereto as Exhibit 1, Complete Docket Report, and Exhibit 2, at pgs. 32 & 33.

11. See paragraph #10.

12. State Court record does speak for its self, see also, Exhibits 1-4 in accompanying appendix which adds to the state record. State relied on faulty fact finding procedures to justify their decisions. The Supreme

          Court in Townsend v. Sain, 372 U.S. 293, held that the federal courts "<u>must</u>" resolve any factual disputes material to a claim appropriately raised by a habeas corpus petition and that resolution of factual disputes requires an evidentiary hearing in most cases, <u>supra</u>, 372 U.S. at 313-319.

13. All grounds have been presented to the Supreme Judicial Court for the Commonwealth of Massachusetts, this states highest court.

14. Admitted

15(a-d). Admitted

15(e). Attorney John Goggins, withdrew his representation of the petitioner, Anthony Leo, in his criminal case, and from representing him on appeal before the Supreme Judicial Court for the Commonwealth of Massachusetts. Mr. James Gribouski, was appointed to Mr. Leo's criminal case on April 13, 2004, but, informed Mr. Leo, that he "<u>would not</u>" be representing him on the pending appellate matters before the Supreme Judicial Court for the Commonwealth of Massachusetts.

                Further, Mr. Gribouski, <u>has not</u> and will not be filing his notice of appearance with the Supreme Judicial Court for the Commonwealth of Massachusetts on Mr. Leo's, behalf nor does that Court recognize Mr. Gribouski, as counsel in the matters before it. See: Exbibit 4, of the Respondents Supplemental Answer, (Full Docket of <u>Anthony Leo v. Commonwealth of Massachusetts</u>, SJC-09074.

15 f-g). These sections is not applicable to this petition.

16. Admitted

17. If Attorney General of the Commonwealth of Massachusetts cannot locate this information, then no one can. Only future sentence is possible after guilty finding after state trial on grand jury indictments.

17(b). As long as $500,000, cash keeps petitioner detained until trial that is not even close to being ready, the petitioner will be detained. Limitless.

17(c). If convicted after jury trial, the chances are very high that petitioner will appeal his conviction raising multiple violations.

As a further Answer, the petitioner, Anthony Leo, submits his Supplemental Appendix, which contains the following state documents:

1. Transcripts of Arraignment and Bail setting in the Worcester District Court for 04/24/2002, docket number #

2. Transcript of Appeal to Single Justice pursuant to M.G.L.A. ch. 211, § 3, before Sausman, J., for 06/18/2003, docket number #SJ-2003-0258.

3. Commonwealth's Brief opposing relief under M.G.L.A. ch. 211, § 3 petition, docket number #SJ-2003-0258.

4. Petition for Relief under M.G.L.A. ch. 211, § 3, by Attorney, John M. Goggins for Mr. Leo, (heard and denied 06/18/2003).

August-4th-,2004

Respectfully Submitted
by the Petitioner,

Anthony M. Leo
Anthony Leo, pro se
O.C.C.C.  A-83901
One Administration Road
Bridgewater, Massachusetts 02324