UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY LEO,

    Petitioner,

v.    Civil Action No. 04-11006-JLT

COMMONWEALTH OF
MASSACHUSETTS,

    Respondent.

MOTION FOR STAY/ABEYANCE OF
PETITION FOR WRIT OF HABEAS CORPUS

Now comes the petitioner, Anthony Leo, pro se, and respectfully requests that this Honorable Court not dismiss his petition for failure to exhaust state court remedies.

As grounds for this motion, and as set forth more fully in accompanying Motion and Memorandum in Opposition of Motion to Dismiss, and Memorandum for Stay/Abeyance, the petitioner states the following.

On October 6, 2003 his appeal to the highest State Court in Massachusetts was filed. On June 30, 2004 his appeal was finally submitted to the Court for a decision. Even though the petitioner filed a motion to expedite and cited the Collateral Order Doctrine and how Bail decisions needed to be decided

quickly if relief is going to be granted, because after trial they can never be heard. See Exh. 5 Accompanying Appendix

As of this date there is no answer to his appeal from the States Highest Court. Because the petitioner has given the Supreme Judicial Court for the Commonwealth of Massachusetts the first "opportunity" to pass on the merits of this claim, and the "inordinate delay" that has passed, the petitioner asks this Court to find that the exhaustion requirement has been met, or to grant a stay/abeyance of these proceedings unitl such time that the Supreme Judicial Court for the Commonwealth of Massachusetts, (hereinafter "the SJC"), has rendered itsdecision on his state appeal. This delay has rendered the states corrective process ineffective to protect the petitioners Constitutional rights 28, U.S.C.A. 2254(b)(1).

Once the federal claims have been fairly "presented" to the states highest court, the exhaustion requirement is satisfied, Rose v. Lundy, 455 U.S. 509, 515. Furthermore, the total exhaustion rule of Rose v. Lundy, does not bar the stay/abeyance procedure, but in fact recommends utilizing this procedure when necessary to preserve federal jurisdiction and to protect federal rights against mootness that are likely to happen in the **pretrial** violations that the petitioner is claiming here. Moreover, the petitioners claims of violations of **due process** and ineffective assistance of counsel

claims are not premature because they challenge that these violations took place at his previous bail hearings and appellate process, not at his trial stage. These are collateral matters, thus seperate from the merits of trial and effetively unreviewable on appeal from final judgment in the underlying action, and too important to be denied review. <u>Cohen v. Beneficial Industries</u>, 337 U.S. 541, and so must be decided at this pretrial phase.

**Wherefore**, the petitioner, Anthony Leo, respectfully requests that this Honorable Court find the exhaustion requirement met, or a stay/abeyance be given until such time when the Supreme Judicial Court for the Commonwealth of Massachusetts renders its decision on his state appeal. Granting either of these motions will only benefit all parties involved by saving all, much wasted time.[1/]

Aug 4, 2004

> Respectfully submitted
> by the Petitioner,
> *Anthony M. Leo*
> Anthony Leo, pro se
> O.C.C.C.
> One Administration Road
> Bridgewater, Massachusetts 02324

---

[1/] In the event that this Court denies the respondents Motion to Dismiss or grants the petitioners Motion for Stay/Abeyance, the petitioner objected to the granting of more time to allow the respondent to respond again. A hearing to decide the merits of these claims should be held as soon as possible.