Aug 31, 2004

Re: Anthony Leo v. Com. of Massachusetts
    Civil Action No. 04-11006 JLT

Dear Hon. Joseph L. Tauro,

On May 11, 2004 a Writ of habeas Corpus pursuant to 28 U.S.C. § 2254 was filed with this court. On May 20, 2004 this petition was assigned to you pursuant to R.4 of rules governing §2254 cases and Answer/responsive pleading was ordered and due w/in 20 days.

On June 4, 2004 respondent filed a motion for Enlargement of Time to File Responsive Pleadings. On June 1, 2004 you ordered this case referred to Magistrate Judge Marianne Bowler for report and recommendations pursuant to R.8 of rules governing §2254 cases. On June 15, 2004 Mag. Judge Bowler allowed respondents motion for Enlargement of Time and set new deadline for filing Answer of July 19, 2004, thereby giving respondent 55 days to respond instead of 20 as first ordered.

On Aug 9, 2004 petitioner filed a Traverse to respondents answer pursuant to R.5 of said section along with Opposition to respondents Motion to Dismiss and a Motion for Stay/Abeyance if Exhaustion Requirement is found "not" to have been met. As of this letter no answers have been given to any of these motions and it has been brought to my attention that since 8/9/04 and until 9/6/04 or later Mag. Judge Bowler

will be on vacation and thus not reporting any recommendations on this matter for some time.

These continued delays are hobbling the Writs effectiveness. Rule 72(a) of the Federal Rules of Civil Procedure requires Mag. Judges "Promptly [to] Conduct such proceedings as are required and to enter into the record a written order setting forth the disposition of the matter.

The right of access to the Courts is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the Judiciary allegations concerning violations of fundamental Constitutional rights and correcting unjust incarcerations.

The Supreme Court stated in <u>Walker v. Johnson 312 U.S. 275, 284,</u> that there could be situations where on the facts admitted, it may appear that, as a matter of law, the prisoner is entitled to the Writ and to a discharge and the Supreme Court and Federal Courts thereafter have acknowledged the power of a Federal District Court to discharge a habeas corpus petitioner from state custody without conducting an evidentiary hearing when the facts are undisputed and establish a denial of the petitioners Constitutional Rights.

I pray that you will do whatever is in your power to promptly make such disposition of this petition as justice shall require.

Respectfully submitted,
Anthony M. Leo