UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY M. LEO,
   Petitioner,

v.                                       CIVIL ACTION NO.
                                          04-11006-JLT

COMMONWEALTH OF MASSACHUSETTS,
   Respondent.

**PROCEDURAL ORDER RE:
MOTION TO DISMISS PETITION FOR
WRIT OF HABEAS CORPUS
(DOCKET ENTRY # 11)**

**September 24, 2004**

**BOWLER, Ch.U.S.M.J.**

     On July 20, 2004, respondent Commonwealth of Massachusetts ("respondent") filed a motion to dismiss (Docket Entry # 11) the above styled petition for a writ of habeas corpus filed by petitioner Anthony M. Leo ("petitioner"), an inmate at the Old Colony Correctional Center in Bridgewater, Massachusetts.

     Petitioner objects to pretrial bail proceedings and further contends he received ineffective assistance of counsel. The petition raises the following four grounds: (1) a violation of Eighth Amendment rights by the imposition of excessive bail; (2) a violation of procedural due process under the Fourteenth Amendment with respect to the bail proceedings; (3) a violation of the Sixth Amendment by the ineffectiveness of counsel; and (4) a violation of the Due Process Clause of the Fifth Amendment

because of the length of the pretrial detention.[1]

On June 17, 2002, a Justice of the Massachusetts Superior Court (Worcester County) ("the trial court") set bail in the amount of $5,000,000 with surety or $500,000 cash. Thereafter, a Single Justice of the Massachusetts Supreme Judicial Court ("SJC") denied petitioner's petition to reduce bail and on September 17, 2004, the SJC affirmed the Single Justice's decision. (Letter Dated September 21, 2004, No Docket Entry No. Assigned).

On August 9, 2004, petitioner filed a motion asking this court to reject respondent's exhaustion argument or to stay these proceedings until the SJC decides the issue of bail. (Docket Entry # 19). By letters dated August 26 and 31, 2004, petitioner also inquired about the progress of this case. (Docket Entry ## 21 & 22).

In light of the SJC's September 17, 2004 decision as well as respondent's request that petitioner "write first" concerning the merits of ground four: (1) petitioner is **ORDERED** to file on or before October 4, 2004, a supplemental brief addressing the merits of ground four; and (2) respondent is **ORDERED** to file on or before October 12, 2004, a supplemental brief to the motion to dismiss addressing the effect of the SJC's decision on the

---

[1] Contrary to respondent's assertion (Docket Entry # 12, n. 2), the petition raises this ground. Before addressing the merits of ground four, respondent asks this court to order petitioner to first address the merits of the claim.

arguments made in the motion to dismiss.[2]

_____s/s_____
**MARIANNE B. BOWLER**
Chief United States Magistrate Judge

---

[2] In the supplemental brief, respondent may also raise any additional argument to support its opposition to the petition as well as address the merits of ground four.