# Supreme Judicial Court for the Commonwealth of Massachusetts
One Beacon Street, Third Floor, Boston, Massachusetts 02108
(617) 557-1020

Anthony Leo
O.C.C.C. (A-83901)
One Administration Road
Bridgewater, MA 02324

RE:   No. SJC-09074

    **ANTHONY LEO**
         **vs.**
    **COMMONWEALTH**

NOTICE OF DECISION

Enclosed please find a copy of the decision rendered by the court in the above-captioned case.

                                        Susan Mellen, Clerk

Dated: September 17, 2004

# COMMONWEALTH OF MASSACHUSETTS

## SUPREME JUDICIAL COURT FOR THE COMMONWEALTH

AT BOSTON, September 17, 2004

IN THE CASE NO. SJC-09074

ANTHONY LEO

vs.

COMMONWEALTH

pending in the ___Supreme Judicial_____

Court for the County of_____Suffolk_____No._SJ-2003-0258_

   ORDERED, that the following entry be made in the docket; viz., --

Judgment affirmed.

BY THE COURT,

_____, CLERK.

September 17, 2004

SJC-09074

ANTHONY LEO <u>vs</u>. COMMONWEALTH.

September 17, 2004.

<u>Supreme Judicial Court</u>, Superintendence of inferior courts. <u>Bail</u>.

    Anthony Leo appeals from a judgment of a single justice of this court denying his petition for a reduction in his bail pursuant to G. L. c. 211, § 3. We affirm.

    Leo was indicted on several charges of aggravated rape, breaking and entering, and larceny. At his arraignment, a judge in the Superior Court set bail in the amount of $5,000,000, with surety, or $500,000 cash, without prejudice. See G. L. c. 276, § 57. The following month, a hearing was held before a second judge on Leo's request to reduce his bail to $200,000, with surety, or $20,000 cash. The judge refused to reduce the bail on the sole basis that Leo presented a suicide risk, and thus presented a flight risk. Several months later, Leo again sought a reduction in his bail in the Superior Court, this time to $50,000 cash, on the ground that he no longer posed a suicide risk. He submitted "progress notes" from a social worker who apparently interviewed him while he was in custody, and who concluded that he presented "[n]o imminent risk of harm to self/others." A third judge in the Superior Court denied the motion, concluding: "Denied -- declined to act -- no change in circumstances."

    Thereafter, Leo filed his petition in the county court seeking a reduction in his bail to $50,000 cash. Again he argued that, based on the same social worker's progress notes, he was no longer a suicide risk. He further claimed that, because he no longer posed a suicide risk, his bail was excessive. At the hearing before the single justice, Leo asserted that he was successfully being treated for major depression while in custody, and that his mother was willing to post $50,000 bail on his behalf. The single justice concluded that the lower court had not erred in declining to reduce the bail, see <u>Commesso</u> v. <u>Commonwealth</u>, 369 Mass. 368, 373-374 (1975), because, despite Leo's reported success in addressing his depression while in custody, "that [was] no indicator, at least not on the[] materials [before the single justice], that the treatment and medication could realistically be continued on the outside in the absence of that [custodial] setting. Whether he would commit suicide or whether he would engage in some other desperate measure to avoid capture or avoid facing up to these charges, it is still a very significant flight risk that is presented here."

2

On appeal, Leo claims that (1) $500,000 cash bail is unwarranted because, based on the social worker's progress notes, he demonstrated that he was no longer a suicide risk, and (2) the bail amount is unconstitutionally excessive because it was effectively designed to ensure his pretrial detention. This court's review of the judgment of the single justice is "limited to correcting errors of law and abuse of discretion." Preston v. Commonwealth, 391 Mass. 1017, 1017 (1984), citing Commesso v. Commonwealth, supra at 376. There was no abuse of discretion or error of law here. A review of the record supports the single justice's conclusion that Leo failed to present any information to her to ensure that he would continue to follow his treatment regime if released.[1] As for his claim that the bail amount is excessive because it was designed to guarantee his pretrial detention, he waived that claim by failing to raise it before the single justice. In any event, the amount of bail was not excessive merely because Leo could not post it. Cf. Querubin v. Commonwealth, 440 Mass. 108, 113-120 (2003) (judge may order defendant held without bail where no conditions of release would ensure defendant's presence at trial). See United States v. Mantecon-Zayas, 949 F.2d 548, 550 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 388-389 (1st Cir. 1985); Cresta v. Eisenstadt, 302 F. Supp. 399, 401 (D. Mass. 1969).[2]

Judgment affirmed.

The case was submitted on briefs.
John M. Goggins for the plaintiff.
Anthony Leo, pro se.

---

[1] Leo claimed neither in his petition to the single justice nor on appeal that a suicide risk cannot, as a matter of law, be considered a flight risk. That question has not been addressed in Massachusetts, and the few jurisdictions that have addressed it present differing views. Compare United States v. Hanhardt, 173 F. Supp. 2d 801, 804-807 (N.D. Ill. 2001); United States v. Tropiano, 296 F. Supp. 284, 286 (D. Conn. 1968); People v. Bosco, 175 Misc. 2d 166, 172 (N.Y. County Ct. 1997), with United States v. Doane, 54 M.J. 978, 983 (A.F. Ct. Crim. App. 2001); People ex rel. Bryce v. Infante, 144 A.D.2d 898, 899 (N.Y. 1988). For purposes of this appeal, therefore, we shall assume, as the parties do, that a suicide risk may be considered a flight risk.

[2] For the first time on appeal, Leo asserts that he was entitled to a mental health evaluation before being detained, pursuant to G. L. c. 123, § 12, and that he received constitutionally ineffective assistance of counsel. Those claims are not properly before the court.