UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY LEO, )
  )
        Petitioner, )
  )
v. ) Civil Action No. 04-11006-JLT
  )
COMMONWEALTH OF )
MASSACHUSETTS, )
  )
        Respondent. )

### SUPPLEMENTAL BRIEF IN SUPPORT OF GROUND #4 OF PETITION OF HABEAS CORPUS: 5TH. AMENDMENT OF U.S. CONSTITUTION

The Speedy Trial Act deadlines, limits the length of pretrial detention. As a result of excludable time provisions, however, defendants in "complex" or "unusual" cases (such as in the instant case), may be detained far beyond the theoretical maximum under the Speedy Trial Act, thus giving rise to Due Process concerns. The Supreme Court has left open the possibility that detention could become so long that it would violate the defendants due process rights. See: U.S. V. Salerno, 481 U.S. 739; also see U.S. V. Tortora, 922 F.2d. 880, 889, (1st.Cir.).

No "Bright Line" or time limit has ever been set for determining if the defendant has been denied due process, courts must decide on a case by case basis and in light of <u>all</u> circumstances. Factors to be considered include "some" of the factors relevent in the original detention order, which is this habeas corpus petition are also being challenged as unconstitutional, as well as the length of detention that has in fact occurred, and may occur in the future. Another relevent factor that <u>must</u> be considered is which party is responsible for the delay of trial. See: <u>U.S. V. Orena</u>, 986 F.2d. 628. In the instant case, the 30 month delay is attributed to ineffective assistance of counsel that the Commonwealth of Massachusetts has appointed to prepare Mr. Leo's defense as required by the Sixth Amendment of the United States Constitution. Four different attorneys have "withdrawn" of their own motion, from representing Mr. Leo. These attorneys have all stated in their motions (see: attached Appendix R.A. 1-8) that due to arguments with the defendant over the lack of work being done, failure to pursue his bail/pretrial detention appeal properly in the state courts, and not having the time or resources to devote to his defense because of being overburdened with an already excessively heavy case load, they could not properly and effectively handle Mr.Leo's

defense. This last reason has been happening state wide in the Commonwealth of Massachusetts in all courts for quite a number of years now, and has been acknowledged to be true by both the Committee for Public Counsel Services and the Supreme Judicial Court of Massachusetts, the states highest court has addressed this problem somewhat in " Lavallee V. Justices of Hampden Superior Court". See: Respendents appendix R.A. 9. Massachusetts is failing to meet its Sixth Amendment requirements, and due to this violation, the Sixth Amendment requires that the harm cause(length of pre-trial detention) to impute to the state. See: Murray V. Carrier, 477 U.S. 488. This extended detention has also prejudiced Mr. Leo's ability to defend himself. See: U.S. V. Vachon, 869 F.2d. 653, 656 (1st.Cir.).

A longer pre-trial detention is justified for a defendant found to be dangerous, than one who presents a flight risk only. See: U.S. V. El-Hage, 213 F.3d. 74; 18 U.S.C. § 3142(e). Length of delay can transform what might have been a valid regulatory measure, into one that is punative, regardless of legislative intent, U.S. V. Gallo, 653 F.Supp. 320, 339. Detention rendered so "harsh" by length that it degenerates into punishment, U.S. V. Melendez-Carion, 790 F.2d. at 1008.

The petitioner, Anthony Leo, has been held since April 22, 2002 on these state charges. This 30 month delay and a possible 12-18 month continued detention, until 5th. appointed counsel can effectively prepare for trial, exceeds the limitations placed on it by the due process clause of the United States Constitution. <u>U.S. V. Salerno</u>, 794 F.2d. 64. See also <u>U.S. V. Digiacomo</u>, 746 F.Supp. 1176; <u>U.S.V. Ojeda-Rios</u>, 846 F.2d. 167; <u>U.S. V. Gonzales Claudio</u>, 806 F.2d. 334, 335, 339.

It is wrong to allow the Commonwealth of Massachusetts to continue to provide ineffective assistance of counsel to indigent defendants, continue to allow appointed counsel to "withdraw" from representing defendants without showing "Just Cause", just because they are over worked, under paid, etc... Each time counsel changes in Mr. Leo's case withdraws, he is subjected to another 3 - 6 month delay just to allow another over burdened attorney to get up to speed with his case. All the while he sits in prison denied his right to liberty (punished) until a trial is convenient for the Court.

### Conclusion

For the foregoing reasons the petitioner, Anthony Leo, prays that this Honorable Court will find that his continued detention under current Massachusetts demand of unattainable

(4)

Five Million surity bail is unconstitutional and order the state court to "revise" detention order allowing the petitioner, Anthony Leo, to post a "reasonable" bail and regain his liberty so that he may properly pursue his right to defend himself at trial, and to protect him from being punished before being found guilty of a crime by a "jury" of his peers.

The petitioner, Anthony Leo, has never asked this Honorable Court, as the respondent has asserted, (wrongly) to dismiss the indictments pending against him in state court. He only prays that this Honorable Court will find that his continued detention to be unconstitutional under the 5th. Amendment of the United States Constitution, or other claimed violations, and order the state court to confirm its detention order to comply with the statutory protections of U.S.C. 18, § 3142, the Bail Reform Act of 1984.

Respectfully Submitted<br>
by the Petitioner,<br>
*Anthony Leo*<br>
Anthony Leo, Pro Se<br>
O.C.C.C.    A-83901<br>
One administration Road<br>
Bridgewater, Massachusetts 02324

October 5th, 2004

P.S. As of this mailing, petitioner's 5 appointed counsel has withdrawn his representation. This will be Mr. Leo's 6th lawyer in 31 months of pre-trial detention. See exhibit #10

(5)

## RECORD APPENDIX

| | |
|---|---|
| Attorney John Goggins Motion to Withdraw | R.A. 1 |
| Petitioners letter from Mr. Goggins about complaints | R.A. 2 |
| Petitioners request for papers after abandonment | R.A. 3 |
| Petitioner Motion to Amend SJC Appeal, pro se | R.A. 4 |
| Attorney Cronin Motion to Withdraw | R.A. 5 |
| Letter C.P.C.S. to appoint counsel | R.A. 6 |
| Response letter from C.P.C.S. | R.A. 7 |
| Board of Bar Overseers complaint against former counsel John Roemer | R.A. 8 |
| Lavalle v. Justices of Hampden Superior Court | R.A. 9 |

See also Respondents Supplemental answer Exhibit 1, Commonwealth v. Anthony Leo, Docket Sheet and Exhibit 4, Anthony Leo v. Commonwealth of Massachusetts, SJC Docket No:#09074.

| | |
|---|---|
| Attorney Gubowski, 5 lawyer (appointed) withdrawing from case | R.A. 10 |