UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY LEO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-11006-JLT |
| ) | |
| COMMONWEALTH OF ) | |
| MASSACHUSETTS, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S SUPPLEMENTAL MEMORANDUM
REGARDING EFFECT OF STATE COURT DECISION ON
<u>MOTION TO DISMISS</u>**

The Commonwealth of Massachusetts, through its undersigned counsel, submits this memorandum addressing the impact of the decision of the Massachusetts Supreme Judicial Court's ruling on the petitioner's petition for a reduction in bail. The respondent states that although the SJC has ruled on the petitioner's excessive bail claim, the petition for habeas corpus still cannot proceed because it contains additional, unexhausted claims. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Specifically, the petitioner's claims under the Sixth and Fourteenth Amendments (ineffective assistance of counsel and due process violations) are premature and may not be addressed by this Court until they have been presented to the state's highest court. *See* Respondent's Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus, filed July 20, 2004, pp. 7-8; *see also Rose*, 455 U.S. at 510; *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 49-93 (1973).

Since the Sixth and Fourteenth Amendment claims are unexhausted, the habeas petition

in this case is a "mixed petition," *i.e.*, a petition which contains both exhausted and unexhausted claims. *Rose*, 455 U.S. at 510. The Supreme Court has ruled that when federal district courts are presented with mixed petitions, they should offer petitioners a choice: petitioners may "either accept dismissal without prejudice and return to state court to exhaust the claims presented in their § 2254 petitions, or they could amend those petitions to remove any unexhausted claims."[1] *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 75 (1st Cir. 2002), *citing Rose*, 455 U.S. at 510. The petitioner in this case should, then, be instructed that he may either amend his petition so that only those claims which have been exhausted in state court are presented to the federal court, or that he may accept dismissal of his entire petition without prejudice so that he can return to state court and exhaust his remedies in the state system.[2] *See Rose*, 455 U.S. at 510.

Moreover, the respondent requests that if the petitioner elects to proceed on the exhausted claims in his petition (the excessive bail and speedy trial[3] claims) rather than to accept dismissal

---

[1] Federal courts have also, at times, issued a stay of the habeas petition until the petitioner has exhausted his claims in state court. *See, e.g., Nowaczyk*, 299 F.3d at 79. The Supreme Court has, however, recently granted certiorari on a habeas case in order to review the practice of issuing stays, rather than outright dismissals, in cases of unexhausted claims. *See Rhines v. Weber*, 124 S.Ct. 2905, __ U.S. __ (2004).

[2] As was noted in the memorandum of law in support of Respondent's Motion to Dismiss, the Sixth and Fourteenth Amendment claims are not subject to pre-trial habeas review, and may be decided by this Court only after the petitioner has been through his trial and appeal process in the state court. *See* Memorandum in Support of Respondent's Motion to Dismiss, pp. 7-8.

[3] The petitioner has clarified, in his Supplemental Brief in Support of Ground Four of his petition (dated October 5, 2004), that he does not seek dismissal of the state court criminal case against him. *See* Petitioner's Supplemental Brief in Support of Ground Four of the Petition, Conclusion Section. Accordingly, the petitioner has stated the sort of speedy trial claim under the Sixth Amendment which may be cognizable on pre-trial habeas review. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *In re Justices of the Superior Court*, 218 F.3d 11, 18 n.5 (1st Cir. 2000).

without prejudice of his petition, that the respondent be given a period of twenty-one (21) days from the time the Court gives notice of the petitioner's election to respond to the exhausted claims in the petition. Providing the respondent with this twenty-one day period in which it may respond to the petitioner's claims will permit the Commonwealth to prepare an appropriate response to the petitioner's charges without causing any undue delay in the proceedings or any undue prejudice to the petitioner.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_/s/ Maura D. McLaughlin_
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: October 15, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Anthony M. Leo, on October 15, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, as follows: Anthony M. Leo, Old Colony Correctional Center, One Administration Road, Bridgewater, Massachusetts, 02324.

_/s/ Maura D. McLaughlin_
Maura D. McLaughlin