UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY LEO,<br><br>  Petitioner<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS,<br><br>  Respondent | Civil Action No. 04-11006-JLT |

## MOTION TO STAY STATE COURT PROCEEDINGS

Now come the petitioner, Anthony Leo, pro se, and respectfully requests that this honorable court exercise its inherent authority to STAY the petitioners state court proceedings.

As grounds for this motion, and set forth in more detail in the accompanying memorandum, the petitioner states the following.

On May 11, 2004 the petitioner filed his Writ for Habeas Corpus with this court. On May 20, 2004, the petition was reviewed by Tauro, J., Pursuant to Rule 4 of the Rules Governing section 2254 cases, and was found to contain substantial claims as to which relief may be granted. As such, Tauro, J. ordered the respondent, Com. of Massachusetts, to file a Answer/Responsive pleading due w/in 20 days. On June 7th, 2004, the respondent filed a motion for an extension of time to file Answer to July 14th, 2004. On June 18th, 2004 the petitioner filed an opposition motion to the respondents motion, explaining that this Habeas petition contained Pre-trial violations (Bail) and must be heard SPEEDILY, before trial or else they would become "MOOT".

This motion seems to have been denied, although the docket is unclear exactly what its disposition was. On July 14th, 2004, the respondent again requested additional time to file an Answer to the petition of Habeas Corpus filed 65 days earlier. This honorable court allowed this second extension until July 20, 2004, and on this date the respondent filed its Answer and a Motion to Dismiss.

Pursuant to Rule 8 of Rules governing 2254 petitions for Habeas Corpus, Tuaro, J. Referred this matter to Chief Magistrate Judge Marianne B. Bowler on June 1, 2004 for a report and her recommendations.

The petitioner, after receiving the respondents Answer and Motion to Dismiss, filed a Traverse to Respondents Answer, an Appendix of additional state court records including the transcripts from prior bail hearings which the respondent failed to provide, and an Opposition to the Motion to Dismiss. The petitioner also asked this honorable court to hold his petition in Abeyance until his final appeal to the Massachusetts S.J.C. was decided. On September 23, 2004, the petitioner filed the S.J.C.'s decision with this court. On September 24th, Bowler, Mag.J., ordered petitioner to file a brief addressing the merits of claim #4 in his petition, and the respondent was ordered to file a brief addressing the effects of the Massachusetts S.J.C. Decision to its Motion to Dismiss. Both of these briefs were delivered to this court on or before <u>October 18, 2004</u>. As of this date <u>November 15, 2004</u>, Chief Mag. Judge Bowler has not submitted her proposed findings of fact and recommendations for disposition pursuant to Rule 8 of the Rules Governing 2254 cases. Utilization of the Magistrate pursuant to this rule should aid in the expeditious and fair handling of Habeas Corpus petitions, thereby facilitating the District Court Judges decision.

Due to the extremely long time that it has taken the petitioner to exhaust his State court remedies (ineffective assistance of trial and appellant counsel), the 7 months that this petition has awaited disposition in this court, and the fact that now that the State is aware of this petition they are fast tracking the petitioners state trial which will "MOOT" all of the claims of Constitution violations.

Not granting A STAY of the state court proceedings in this case will deprive the petitioner of the "FULL+FAIR" consideration of his claims that is required by the Habeas Corpus statute and rules. 28 USC §2251 authorizes a Federal judge, whom a Habeas Corpus proceeding is pending, to issue a STAY for just these reasons. Post-petition stays are usually required to assure that petitioners presenting NON-frivolous claims receive the careful processing they deserve, and to permit the Habeas Corpus petitioner to have his day in court. Barefoot v. Estelle 463 U.S. 880 at 888-889, 898. If petitioners claims are substantial enough to prevent dismissal under Rule 4, a STAY "must" be granted. Zant v. Stephens 462 U.S. 862, 885. It would be a "Miscarriage of Justice" to deny these claims to be heard fairly, and finally adjudicated.

Where pretrial bail is challenged as Excessive, relief "MUST" be speedy if it is to be effective. The questions being presented are important to the administration of Justice. Fed. Rules Crim. Proc. 46 (A); Stack v. Boyle 342 U.S. 1, 4.

The granting of a stay is very favorable in this matter considering the length of time the defendant has already awaited and the "FACT" that the petitioner is INNOCENT, having never been found guilty by a jury for any crimes. Furthermore, any prejudice caused by the delay in the state court would be meaningless since the petitioner has already waited 31 months for a trial. Also, the petitioner, Mr. Leo, was just assigned new counsel (his 6th) on Oct. 7th, 2004, and any delay will only allow counsel to properly investigate and familiarize himself with Mr. Leo's case. As of November 15, 2004, Mr. Leo has not even met, nor discussed any part of his case with his newly appointed counsel, Attorney Christopher LoConto.

Wherefore, the petitioner, Anthony Leo, respectfully requests that this Honorable court find that a STAY of any state court proceedings is necessary to protect his "DUE PROCESS" and "EQUAL PROTECTION" rights and assure that the petitioner will receive the full and fair consideration of his claims that is required by the Habeas Corpus statute and rules.

In the present case, circumstances present create a sufficient threat of such great, immediate and irreparable injury as to warrant intervention (STAY) in the state criminal proceedings. 1/

Respectfully Submitted<br>
by the petitioner,<br>
*Anthony Leo*<br>
Anthony Leo

November 19, 2004

---

1\ In the event that this court denies this motion, the petitioner requests that the court hear and grant his accompanying motion requesting that this court exercise its inherent power to grant bail to a state prisoner pending hearing and decision on his petition for Writ of Habeas Corpus.(See accompanying motion and memorandum.)