UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY LEO, )
)
Petitioner )
)
v. )
)
COMMONWEALTH OF )    Civil Action No. 04-11006-JLT
MASSACHUSETTS, )
)
Respondent )
)
)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY STATE COURT PROCEEDINGS

Now comes the petitioner, Anthony Leo, and respectfully submits this memorandum of law in support of his motion to STAY his pending State Court proceedings. Failure to do so will deprive him of the full and fair consideration of his claims of Constitutional violations that is required by the Habeas Corpus statute and rules. Furthermore, to allow the Commonwealth of Massachusetts to quickly force trial, so as to "MOOT" all claims made against itself, would be a miscarriage of justice.

## BACKGROUND

On May 11, 2004 the petitioner's Habeas Corpus petition was filed in this honorable court. The respondent, Com. Of Massachusetts, was ordered to file its Answer/Responsive pleading to the petition on May 20, 2004. After several extensions for time, this answer was finally filed On July 20, 2004.

Pursuant to Rule 8 of the Rules Governing 2254 petitions Tauro, J. Referred this matter to Chief Magistrate Judge Marianne B. Bowler on June 1, 2004 for a report of the facts and her recommendations.

Several other motions, supplemental Briefs and appendixes of further state court records have been filed in this matter by both sides, see docket. Bowler, Ch. U.S. M.J., has been served with everything needed to form her recommendation and deliver her report to Judge Tauro.

## ARGUMENT

This Honorable Court should exercise its power pursuant to 28 USC § 2251 and STAY any further state court proceedings that involve the petitioner, Anthony Leo, and the Commonwealth of Massachusetts. A failure to do so risks allowing the respondent to expedite a state trial and "MOOT" all claims made against it by the petitioner. Petitioner claims are of bail and pretrial violations, and if not heard speedily before trial they can NEVER be heard. Stack v. Boyle 342 U.S. 1,4.

28 U.S.C. § 2251 states a Justice or Judge of the United States, before whom a Habeas Corpus proceeding is pending, may, before final judgment or after final judgment of discharge or pending appeal, stay any proceedings against the person detained in any state court or under the authority of any state agency, for any matter involved in the habeas corpus proceedings; McFarland supra 512 U.S. 849, at 858.

Post-petition stays are usually required to assure that Habeas Corpus petitions presenting NON-frivolous claims receive the careful (full and fair) processing the deserve, and to permit the Habeas petitioner to have his day in court. Barefoot v . Estelle 463 U.S. 8880, 888-89, 898. If the petitioner's claims are substantial enough to prevent dismissal under Rule 4 of Rules Governing 2254 cases, a stay must be granted. Zant v. Stephens 462 U.S. 862, 885. First time petitions, such as this one, are looked upon much more favorable for stays than successive petitions. Federal courts can stay "ANY" state court proceedings which would "MOOT" any issues addressed in the Writ. Levine v. Torvik 986 F2d 1506, 1518 also Perez v. Ledesma 401 U.S. At 85.

State petition, bail violation claim, stay granted AND remanded back to state court to correct errors, and stay would be vacated, to be reinstated should state court action be adverse to petitioner. U.S. Ex. Rel. Abate v. Malcolm 522 F2d 826 also Boyer v. City of Orlando 402 F2d 966; Landano v. Rafferty 970 F2d 1230, 1239.

In Bundy v. Wainwright, 808 F2d 1410, 1421 sets forth 3 steps to determine if a stay is appropriate.

    1) Whether the claims are substantial

    2) Demonstrate a likelihood that petitioner will prevail

    3) Do "Extraordinary Circumstances" exist that would require a STAY in order to make the Writ effective?

The petitioner states the following to answer these 3 questions. 1) Since NO state court proceedings have ever found the petitioner "Guilty" of any crimes pertaining to this petitioner, the petitioner is still "Innocent" of any wrong doing. Furthermore, even a brief review of the bail hearing transcripts, the briefs filed by petitioner in this matter, and the fact that the petition survived the initial review pursuant to Rule 4 of Rules Governing 2254 cases, should be enough to satisfy the first and second requirements of this test. 3) "Extraordinary Circumstances" do exist requiring a stay because once the state forces the petitioner to trial, ready or not, all claims made in the petition will become "MOOT" and can never be reviewed again, or relief granted. Even if the petitioner is found not guilty at trial, great and irreparable injury will still have been done to the petitioner and the Commonwealth of Massachusetts will have been allowed to thwart justice, unpunished. This would truly be a Miscarriage of Justice. For the fore stated reasons this court should find this test met and issue a STAY.

Habeas Corpus petitions provide a very important role in "UNCOVERING" Constitution errors, and assuring that Constitutional rights are observed. There is NO higher duty of a court, under our Constitutional system than the careful processing and adjudication's of petitions for Writ of Habeas Corpus. Harris v. Nelson 364 U.S. 286, 292.

## CONCLUSION

For the foregoing reasons, the petitioner, Anthony Leo, respectfully requests that this Court find that the present circumstances pose a sufficient threat of great, immediate and irreparable injury as to warrant the intervention in the petitioner's state court proceedings. If this honorable court does not wish to take this extreme measure, the petitioner asks that the court immediately remand the matter back to the state court for a new bail hearing consistent with the rules of 18 USC § 3142 and set new bond amount that is **not** in violation of the 8th Amendment of the U.S. Constitution, or this honorable court exercise its own authority to set bond on a state prisoner pending adjudication of the claims asserted in the petition. See accompanying Motion for Bail. If the court denies both of these remedies, then the petitioner respectfully requests that Judge Tauro find the need to expedite the hearing and adjudication of this petition. 1/

> Respectfully Submitted
> by the petitioner,
>
> *Anthony Leo*
> Anthony Leo

November 19, 2004

---

1/ The petitioner also requests that this court decide this matter summarily and Ex Parte, as Federal law allows. 28 USC § 2251