UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY LEO,<br><br>　　　Petitioner<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS,<br><br>　　　Respondent | Civil Action No. 04-11006-JLT |

## MOTION TO GRANT BAIL

　　Now comes the petitioner, Anthony Leo, Pro Se, and respectfully requests this honorable court exercise its inherent power to grant bail to a state prisoner, before whom a petition for Habeas Corpus is pending.

　　The prior history of this matter is fully set forth in the accompanying Motion and Memorandum to STAY the pending state court proceedings." Extraordinary Circumstances" exist to warrant this court to grant its own bail in this matter, or order the state court to rehear petitioner's bail argument and conform its decision with the statutory provisions of 18 USC § 3142; and the 8th Amendment of the U.S. Constitutions protections against "Excessive Bail".

### Argument

　　In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending the hearing and decision on his application for Writ of Habeas Corpus. See In re Wainwright, 518 F2d 173, 174. After petitioner seeks bail in the state courts, District Court should "proceed to hear and determine the cause, including any application for bail pending the

courts final disposition of the matter"; In re Shuttleworth 369 U.S. 35. Bail should be awarded because if denied, irreparable harm would already be done before the Writ of Habeas Corpus could be heard; Boyer v. City of Orlando 402 F2d 966. See also Hilton v. Braunskill 481 U.S. 770; Slough v. Yeager 449 F2d 755; Johnston v. Marsh 227 F2d 528. Marino v. Vasquez 812 F2d at 509.

Where pretrial bail is challenged as excessive, **relief must** be speedy if it is to be effective. Federal law has "unequivocally" provided that persons arrested for NON capital offenses shall be admitted to bail, since the traditional right of the accused to freedom before conviction permits "UNHAMPERED" preparation of the defenses and serves to prevent infliction of punishment prior to conviction, as the presumption of innocence secured only after centuries of struggle, would lose its meaning unless such right to bail before trial were preserved. Stack v. Boyle 342 U.S. 1, 3.

## Conclusion

Fore the foregoing reasons, the petitioner respectfully request that this honorable court grant a hearing to release the petitioner on bond, grant the petitioner's motion to STAY his state court proceedings or expeditiously hear and decide the Writ of Habeas Corpus. Not granting one of these requests will severely threaten the ability of the petitioner to have his petition heard. The right of access to the courts is founded in the "due process" clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental Constitutional rights.

Respectfully Submitted,

*Anthony Leo*
Anthony Leo, Pro Se

November 19, 2004

Certificate of Service

I, Anthony Leo, hereby certify that a true copy of the above document was served upon the respondent, Maura D. McLaughlin, A.A.G. Comm. of Mass, by depositing the copy in the institution depository for pick up and delivery be first class mail, postage prepaid, as follows:

>Attorney Generals Office
>Comm. Of Massachusetts
>Criminal Bureau
>Attn: Maura McLaughlin
>1 Ashburton Place
>Boston, MA 02108

Dated: November 19, 2004

*Anthony Leo*