UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY LEO, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-11006-JLT |
| COMMONWEALTH OF MASSACHUSETTS, | ) ) ) | |
| Respondent. | ) ) ) | |

**OPPOSITION TO MOTION FOR BAIL
AND MOTION FOR STAY**

**Introduction**

The respondent, the Commonwealth of Massachusetts, hereby opposes the motion for bail filed by the petitioner, Anthony Leo. As grounds for this opposition, the respondent states that (1) the petitioner cannot receive relief on these motions, since he has only a mixed habeas petition before this Court, and a petitioner is not entitled to relief on a mixed petition; (2) the motion for a stay should be denied, since under the doctrine of *Younger v. Harris,* 401 U.S. 37 (1971), this Court should abstain from interference in state court proceedings unless the petitioner shows that there are extraordinary circumstances, in which he will suffer "great and irreparable harm"; (3) the motion for bail should be denied, since the petitioner has a bail review pending in his state court case in only nine (9) days' time, and thus this Court should permit the state court to evaluate whether the previously-set bail amount is still appropriate before this Court steps into the state court process; and (4) even if this Court were to examine the merits of the petitioner's motion for bail, the motion should not be granted because the petitioner has not

shown that the state court's decision was contrary to, or an unreasonable application of, established Supreme Court precedent, as he must to receive relief under the habeas statute.

**Argument**

1.  **This Court Should Not Grant the Relief Sought in the Petitioner's Motions Because His Petition for a Writ of Habeas Corpus Is a Mixed Petition and Is Not Properly Before this Court.**

As is noted in the Background section, above, the petitioner's petition for a writ of habeas corpus contains claims under the Sixth, Eighth, and Fourteenth Amendments.[1] While the petitioner's Eighth Amendment Excessive Bail claim and his Sixth Amendment Speedy Trial claim may be exhausted, the Sixth Amendment ineffective assistance of counsel claim and the Fourteenth Amendment Due Process Claim have not been exhausted. *See* Memorandum in Support of Respondent's Motion to Dismiss, filed July 20, 2004, pp. 7-8; Respondent's Supplemental Memorandum Regarding Effect of State Court Decision on Motion to Dismiss, filed October 15, 2004, pp. 1-3. Since two of the four claims in the petition have not been exhausted, the petition is a "mixed petition," which is not properly before this Court. *See id.; see*

---

[1] In his petition for a writ of habeas corpus, the petitioner claims that (1) his Eighth Amendment rights have been violated by the imposition of excessive bail; (2) he was denied procedural due process rights, under the Fourteenth Amendment, in connection with the bail proceedings; (3) his right to the assistance of counsel under the Sixth Amendment has been violated by the ineffective assistance of counsel; and (4) his right to a speedy trial under the Sixth Amendment has been violated by the length of his detention.

The petitioner has clarified, in his Supplemental Brief in Support of Ground Four of his petition (dated October 5, 2004), that he does not seek dismissal of the state court criminal case against him. See Petitioner's Supplemental Brief in Support of Ground Four of the Petition, Conclusion Section. As long as the petitioner seeks only a trial date, and not dismissal of the charges against him, he has stated the sort of speedy trial claim under the Sixth Amendment which may be cognizable on pre-trial habeas review. Braden *v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491-93, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *In re Justices of the Superior Court*, 218 F.3d 11, 18 n.5 (1st Cir. 2000).

*also* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This Court should instruct the petitioner that he may either amend his petition so that only those claims which have been exhausted in state court are presented to the federal court, or that he may accept dismissal of his entire petition without prejudice so that he can return to state court and exhaust his remedies in the state system. Until the petitioner elects one of these two paths, this Court should not grant relief to the petitioner in connection with his mixed habeas petition.

2.  <u>The Motion for a Stay Should Be Denied Because the Doctrine of *Younger v. Harris* Mandates That this Court Should Not Disrupt State Court Proceedings Absent Extraordinary Circumstances.</u>

In the case of *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts are precluded from enjoining state court criminal proceedings unless there are "extraordinary circumstances." *Younger,* 401 U.S. at 44-47. In order to receive an injunction on pending state court proceedings, a petitioner must show not only that he[2] will be irreparably injured by the state court proceedings, but also that the injury is "both great and immediate." *Id.* at 46, *quoting Fenner v. Boykin*, 271 U.S. 240 (1926). Injuries which are <u>not</u> irreparable include "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution." *Younger*, 401 U.S. at 46.

In this case, the petitioner has not shown that he will suffer great and irreparable injury if he is not granted a stay of the state court proceedings. Rather, to the contrary, the petitioner's filings indicate that he will suffer no harm at all if the state court proceedings go forward: his bail issue will be revisited (see Section 3, below), and his case will proceed to trial, which will

---

[2] The make pronoun is used throughout this memorandum since the petitioner in the instant case is male.

allow him to exhaust his ineffective assistance of counsel and due process claims. Since the petitioner has failed to meet the standard necessary for a federal court to enjoin state court proceedings, his motion for a stay of the state court proceedings should be denied.

3. <u>This Court Should Not Grant Bail or a Stay Where the Petitioner Is Scheduled to Receive a Bail Review in State Court in Only Nine Days.</u>

Even if this Court were to find that the petitioner were entitled to seek relief on the petition currently before the Court, this Court should not grant the motion for bail at this time because the petitioner is scheduled to receive a bail review hearing on December 17, 2004. *See* Calendar Events Sheet from *Commonwealth v. Anthony M. Leo,* Worcester County Superior Court Criminal Action No. 2002-00830, item no. 40, attached hereto as Exhibit A. In fewer than ten (10) days, the petitioner is scheduled to receive a review of his bail status in the court which has jurisdiction over his criminal case. *See id.* Accordingly, this Court should withhold any decision on the motion for bail until after the state court has had the opportunity to review the bail status. *See Stack v. Boyle,* 342 U.S. 1, 6 (1951)(federal habeas court should refrain from action where there is an "adequate remedy available in the criminal proceeding").

4. <u>This Court Should Not Grant Bail Because the Petitioner Has Not Shown That the State Court's Decision Regarding Bail Was Either Contrary To, or an Unreasonable Application Of, Established Supreme Court Precedent, as He Must to Receive Habeas Relief.</u>

Finally, even if this Court were inclined to reach the merits of the petitioner's Excessive Bail habeas claim, this claim would necessarily fail because the petitioner cannot show that the decision of the Massachusetts Supreme Judicial Court ("the SJC") was either contrary to, or an unreasonable application of, federal law as established by the precedent of the Supreme Court. *See* 28 U.S.C. §2254(d)(1-2); *see also Tyler v. Cain*, 533 U.S. 656, 660 (2001). In addition,

under AEDPA, state court determinations of factual issues "shall be presumed to be correct" unless the petitioner rebuts this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Coombs v. State of Maine*, 202 F.3d 14,18 (1st Cir 2000). Absent such a showing, the petitioner may not receive federal habeas relief.

It is undisputed that "the Government may permissibly detain a person suspected of committing a crime prior to a formal adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 534 (1979), *quoting Gerstein v. Pugh,* 420 U.S. 103, 111-114 (1975). It is further unquestionable that "the Government has a substantial interest in ensuring that persons accused of crimes are available for trials and, ultimately, for service of their sentences, [and] that confinement of such persons pending trial is a legitimate means of furthering that interest." *Id., citing Stack v. Boyle,* 342 U.S. 1, 4 (1951).

Here, the SJC, in reviewing the single justice's review of the Superior Court's decision not to lower the petitioner's bail, properly determined that the bail was not excessive based on the petitioner's risk of evading trial by means of suicide. *See Leo v. Commonwealth*, 442 Mass. 1025 (2004). Before the single justice, and the SJC as a whole, the petitioner argued that he was no longer a flight risk through suicide because, while on a course of treatment and medication during his pre-trial incarceration, he had been found to no longer pose an imminent risk of harm to himself or others. *See id*. The single justice of the SJC found this evidence insufficient to constitute grounds to reduce the bail, because

> despite [the petitioner's] reported success in addressing his depression while in custody, 'that [was] no indicator, at least not on the [] materials [before the single justice], that the treatment and medications could realistically be continued on the outside in the absence of that custodial setting. Whether he would commit suicide or whether he would engage in some other desperate measure to avoid capture or avoid facing up to these charges, it is still a very significant flight risk that is

presented here.'

*Id.* The SJC held that the single justice had not erred in "the record supports the single justice's conclusion that [the petitioner] failed to present any information . . . to ensure that he would continue to follow his treatment regiment if released." *Id.* The SJC also found the petitioner's other arguments to be waived and/or unavailing.

The petitioner does not, and cannot, point to any Supreme Court case which shows that the SJC's decision was contrary to, or an unreasonable application of, established federal law. Since the petitioner cannot make out any such claim, his habeas petition should be dismissed. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also McCambridge v. Hall*, 303 F.3d 24, 36-37 (1st Cir. 2002)(en banc)("'some increment of incorrectness beyond error is required' . . . The increment need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgment of the federal court"),

## **Conclusion**

For the foregoing reasons, the respondent, Commonwealth of Massachusetts, respectfully requests that this Court deny the motion for bail and the motion for a stay of the state court proceedings.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923


Dated: December 9, 2004



**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon the petitioner, Anthony M. Leo, on December 9, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, as follows: Anthony M. Leo, Old Colony Correctional Center, One Administration Road, Bridgewater, Massachusetts, 02324.


/s/ Maura D. McLaughlin
Maura D. McLaughlin