UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY M. LEO,
   Petitioner,


   v.                                      CIVIL ACTION NO.
                                                 04-11006-JLT

COMMONWEALTH OF MASSACHUSETTS,
   Respondent.


**REPORT AND RECOMMENDATION RE:
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
(DOCKET ENTRY # 11); MOTION TO GRANT BAIL
(DOCKET ENTRY # 32); MOTION TO STAY
STATE COURT PROCEEDINGS
(DOCKET ENTRY # 30)**

**December 15, 2004**


**BOWLER, Ch.U.S.M.J.**

On July 20, 2004, respondent Commonwealth of Massachusetts ("respondent") filed a motion to dismiss (Docket Entry # 11) the above styled petition for a writ of habeas corpus filed by petitioner Anthony M. Leo ("petitioner"), an inmate at the Worcester County House of Correction in West Boylston, Massachusetts. As reflected on the form petition that petitioner filed (Docket Entry # 4), petitioner seeks habeas relief under 28 U.S.C. § 2254 ("section 2254").

Even though petitioner is a pretrial detainee as opposed to "a person in custody pursuant to a *judgment* of a State," 28 U.S.C. § 2254(a) (emphasis added), neither party raises the issue that section 2254 does not apply to these proceedings. It is

nevertheless well settled that, "Section 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges." Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999). Section 2241 of Title 28 of the United States Code, however, "is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment--for example, a defendant in pre-trial detention or awaiting extradition." Stow v. Murashige, 2004 WL 2626546 at * 4 (9th Cir. Nov. 19, 2004). Inasmuch as petitioner is proceeding pro se, this court will construe the petition as seeking relief under 28 U.S.C. § 2241 ("section 2241"). See, e.g., Fisher v. Rose, 757 F.2d 789, 792 n.2 (6th Cir. 1985) (noting that initial petition was filed under section 2254 but nonetheless construing petition as seeking relief under 2241).

Petitioner, who is awaiting trial in the Massachusetts Superior Court Department (Worcester County) ("the trial court"), was indicted on four counts of aggravated rape, two counts of breaking and entering in the daytime to commit a felony and two counts of larceny from a building. The petition raises the following four grounds: (1) a violation of Eighth Amendment rights by the imposition of excessive bail (ground one); (2) a violation of procedural due process under the Fourteenth Amendment with respect to the bail proceedings (ground two); (3) a violation of the Sixth Amendment by the ineffectiveness of counsel (ground three); and (4) a violation of the Due Process

2

Clause of the Fifth Amendment because of the length of the pretrial detention (ground four).

In seeking dismissal, respondent first contends this court should decline to address the Eighth Amendment excessive bail claim while the appeal of this claim is pending before the Massachusetts Supreme Judicial Court ("SJC").  This argument is moot inasmuch as the SJC decided the appeal on September 17, 2004, by affirming the single justice's decision to deny the petition to reduce the bail.  Thereafter, this court directed respondent to brief the effect of the SJC's decision on the arguments made in the motion to dismiss.  (Docket Entry # 23). Respondent complied by filing a brief in October 2004 asserting that the petition is "mixed" because the Sixth and Fourteenth Amendment claims (grounds two and three) remain unexhausted.[1] (Docket Entry # 28).  Respondent identifies the exhausted claims as "the excessive bail and speedy trial claims."[2]  (Docket Entry # 28, p. 2).

In addition to the exhaustion argument, respondent argues that the Sixth and Fourteenth Amendment claims are premature because, with few exceptions, federal habeas relief is not available to defendants seeking pretrial review of constitutional claims.  Respondent asserts that these claims should be dismissed

_____

[1] Respondent fully briefed the failure to exhaust grounds two and three in the memorandum in support of the motion. (Docket Entry # 12).

[2] Respondent, therefore, does not assert that the speedy trial claim is unexhausted.

without prejudice because of the policy that federal courts should not intrude upon ongoing state court criminal proceedings. As discussed <u>infra</u>, respondent is correct with respect to the Sixth Amendment claim, <u>see</u> <u>In Re Justices of the Superior Court Department</u>, 218 F.3d 11, 16 & 19 (1st Cir. 2000) (recognizing congressional policy, subject to exceptions of double jeopardy and "certain speedy trial claims," that "state courts be allowed to conduct state proceedings free from interference by the federal courts"), and incorrect with respect to the Fourteenth Amendment claim.

BACKGROUND

Petitioner's arraignment took place on June 17, 2002.  After petitioner pled not guilty, an associate justice of the trial court set bail in the amount of $5,000,000, with surety, or $50,000 cash, without prejudice.  <u>See</u> Mass. Gen. L. ch. 276, § 57.  Petitioner requested a review of the bail and a hearing took place on July 18, 2002, before a different associate justice of the trial court.  At the hearing, petitioner's counsel suggested reducing the bail to $200,000, with surety, or $20,000 cash.  The associate justice refused the request because petitioner presented a suicide risk and, thus, a flight risk.

On May 22, 2003, petitioner filed a motion to revisit the issue of bail on the basis that he no longer presented an imminent risk of harm to himself or to others.  The motion attached redacted progress notes from a social worker who

4

interviewed petitioner at the Massachusetts Correctional
Institute in Concord, Massachusetts on February 4 and 21, 2003.
Her notes describe petitioner as, "No imminent risk of harm to
self/others." (Docket Entry # 14, Ex. 2, R. 24 & 25). A third
associate justice of the trial court denied the motion with the
notation, "Denied--declined to act--no change in circumstances."
(Docket Entry # 14, Ex. 2, R. 22).

On June 4, 2003, petitioner filed a petition to a single
justice of the SJC to review the bail and reduce it to $50,000
cash. See Commesso v. Commonwealth, 339 N.E.2d 917, 920-922
(Mass. 1975) (explaining procedure to appeal bail determinations
under Mass. Gen. L. ch. 276, § 58, to single justice and,
thereafter, to full court under Mass. Gen. ch. 211, §§ 3, 5 & 6).
The brief objected to the bail proceedings on the basis that the
proceedings violated state law, Mass. Gen. L. ch. 276, § 58
("section 58"),[3] and the Eighth Amendment's prohibition against
excessive bail. The paragraph devoted to the Eighth Amendment

---

[3] It is axiomatic that mere errors of state law that do not
rise to the level of a constitutional error "may not be corrected
on federal habeas." Gilmore v. Taylor, 508 U.S. 333, 348-349
(1993) (O'Connor, J. concurring); Sawyer v. Smith, 497 U.S. 227,
239 (1990) ("availability of a claim under state law does not of
itself establish that a claim was available under the United
States Constitution"); accord Restrepo v. DiPaolo, 1 F.Supp.2d
103, 107 (D.Mass. 1998) ("[e]rrors of state law do not provide a
basis for habeas relief"). Section 2241(c)(3) jurisdictionally
limits federal habeas relief to state convictions "in violation
of the Constitution or laws or treaties of the United States."
28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a); 1 James S.
Liebman & Randy Hertz, Federal Habeas Corpus Practice and
Procedure § 9.1 (2001) ("jurisdictional prerequisite[] for
federal habeas corpus review" requires a claim that custody was
imposed "'in violation of the Constitution or laws or treaties of
the United States'").

claim that bail was excessive contained, in a parenthetical, a citation to the Fourteenth Amendment.  The citation appeared solely for the principle that the Eighth Amendment applies to the states through the Fourteenth Amendment.[4]  The brief fails to contain an argument that the process for establishing bail violated procedural due process under the Fourteenth Amendment.

At the July 18, 2003 hearing before the single justice, petitioner's counsel described petitioner as being successfully treated for major depression with medication, "doing quite well" and "receiving treatment since he got into the system."[5]  (Docket Entry # 16, Ex. 3, p. 6).  After hearing arguments from both sides, the single justice determined that she could not "fault the Superior Court judges for being of the view" that the reported success in addressing petitioner's depression in custody could not realistically be "continued on the outside in the

---

[4]  The relevant language reads as follows:

Additionally, "[t]he Eighth Amendment to the United States Constitution states:  'excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'  Similarly, art. 26 of the Massachusetts Declaration of Rights provides, in pertinent part:  '[n]o magistrate or court of law, shall demand excessive bail or sureties, impose excessive fines, or inflict cruel or unusual punishments.'"  Torres v. Commissioner of Correction, 427 Mass. 611, 614 n.4 (1998); see, Robinson v. California, 370 U.S. 660 (1962) (The Eighth Amendment is applicable to the States by the U.S. Constitution, Fourteenth Amendment).

(Docket Entry # 16, Ex. 1).

[5]  During oral argument, the Commonwealth noted that, "Obviously the bail was set with the implicit or explicit intent that he would not be released."  (Docket Entry # 16, Ex. 3, p. 15).

absence of [the custodial] setting." (Docket Entry # 16, Ex. 3, p. 17; Docket Entry # 24). The single justice thus concluded that petitioner remained "a very significant flight risk." (Docket Entry # 16, Ex. 3, p. 17; Docket Entry # 24).

Petitioner appealed to the full court. In addition to raising state law arguments under section 58, the amended brief fairly and recognizably presented a procedural due process claim under the Fourteenth Amendment regarding the bail proceedings. Instead of simply referring to the Fourteenth Amendment in a parenthetical for an unrelated principle, the amended brief quotes the Fourteenth Amendment in a separate paragraph and complains about procedural irregularities including the absence of an evidentiary hearing and an explanation of the reasons for setting the bail. Similar to the substance of the second claim in the present petition, the amended brief also cites 18 U.S.C. § 3142 ("section 3142") and includes a federal case, United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986), that construes section 3142 in the context of due process. See United States v. Winsor, 785 F.2d at 757 (refusal to allow the defendant to probe validity of arrest and likelihood of success on suppression motion did not "render the hearing violative of due process").

The SJC considered the appeal on the briefs. In a September 17, 2004, two page opinion, the SJC affirmed the single justice's denial. The decision on the bail claim reads, in pertinent part, as follows:

> As for his claim that the bail amount is excessive because it was designed to guarantee his pretrial detention, he

7

waived that claim by failing to raise it before the single justice. In any event, the amount of bail was not excessive merely because Leo could not post it. Cf. Querubin v. Commonwealth, 440 Mass. 108, 113-120 (2003) (judge may order defendant held without bail where no conditions of release would ensure defendant's presence at trial). See United States v. Mantecon-Zayas, 949 F.2d 548, 550 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 388-389 (1st Cir. 1985); Cresta v. Eisenstadt, 302 F.Supp. 399, 401 (D.Mass. 1969).

(Docket Entry # 24). Petitioner is presently scheduled for a bail review hearing in the trial court on December 17, 2004.

I.  MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (DOCKET ENTRY # 11)

Respondent seeks dismissal of the petition on the basis that pretrial federal habeas review is premature as to the due process and ineffective assistance of counsel claims. Respondent additionally submits that exhaustion of state court remedies is required for both these claims and, consequently, the petition is "mixed."

DISCUSSION

A.  Pretrial Consideration of Claims

Section 2241 undoubtedly establishes pretrial jurisdiction for this court to consider federal habeas claims prior to a state court criminal trial. The separation of powers and federalism doctrines, however, embody a "'fundamental policy against federal interference with state criminal proceedings.'" In Re Justices of the Superior Court Department, 218 F.3d at 16. A federal court should therefore "abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved

8

either by trial on the merits in the state courts or by other state procedures available to the petitioner." Atkins v. People of the State of Michigan, 644 F.2d 543, 546 (6th Cir. 1981).

"[N]otable exceptions" in the First Circuit concern "double jeopardy and *certain* speedy trial claims." In Re Justices of the Superior Court Department, 218 F.3d at 19 (emphasis added). Petitioner's speedy trial claim does not ask this court to dismiss the indictments.[6] Instead, ground four asserts that petitioner is being held unconstitutionally "with no trial date forthcoming." (Docket Entry # 4, ¶ 12(D)). As such, the claim falls within the subset of speedy trial claims which, upon exhaustion of state court remedies, warrant pretrial consideration. See In Re Justices of the Superior Court Department, 218 F.3d at 19 (pretrial federal habeas consideration permissible for double jeopardy and certain speedy trial claims); Atkins v. People of the State of Michigan, 644 F.2d at 547 (explaining that distinction among speedy trial claims "turns upon the type of relief sought," to wit, dismissal versus forcing state to go to trial, with latter type being subject to pretrial habeas consideration upon exhaustion of state court remedies); Hirsch v. Smitley, 66 F.Supp.2d at 987 ("'special circumstances'" exist subjecting speedy trial considerations to pretrial federal habeas relief "only where the petitioner is seeking to force a

---

[6] More specifically, petitioner states that he "has never asked this Honorable Court, as the respondent has asserted, (wrongly) to dismiss the indictments pending against him in state court." (Docket Entry # 27, p. 5).

trial; they are not a basis for dismissing a pending state criminal charge outright").

The issue of whether the bail claims under the Eighth and Fourteenth Amendments in grounds one and two warrant pretrial federal habeas consideration is an issue of first impression in the First Circuit. See In Re Justices of the Superior Court Department, 218 F.3d at 17-18 (describing double jeopardy and speedy trial claims as the "only two exceptions to date"). The first bail claim in ground one implicates the Eighth Amendment's prohibition against excessive bail which applies to the states through the Fourteenth Amendment. See Harmelin v. Michigan, 501 U.S. 957, 962 (1991) (excessive bail claim under Eighth Amendment applies to "States by virtue of the Fourteenth Amendment"). Such claims, if exhausted, may be considered prior to trial by a federal habeas court.[7] See, e.g., Pilkinton v. Circuit Court of Howell County, Missouri, 324 F.2d 45, 46 (8th Cir. 1963); Simon v. Woodson, 454 F.2d 161, 165-166 (5th Cir. 1972).

The second bail claim in ground two implicates the Fourteenth Amendment's procedural mandates. See, e.g., Atkins v. People of the State of Michigan, 644 F.2d at 549 ("if bail is denied, the denial must not violate the procedural standards developed from the due process clause"); Puertas v. Michigan Department of Corrections, 88 F.Supp.2d 775, 779 (E.D.Mich. 2000) ("cases throughout the federal courts hold that once a state has

---

[7] This is particularly true where, as here, respondent does not seek dismissal of ground one under the foregoing basis.

10

made provision for bond pending appeal, the arbitrary denial of
such bond violates the Fourteenth Amendment"); <u>Love v. Ficano</u>, 19
F.Supp.2d 754, 764 (E.D.Mich. 1998).  If exhausted, such claims
may also be considered prior to the conclusion of the state court
trial.  <u>See</u>, <u>e.g.</u>, <u>Atkins v. People of the State of Michigan</u>, 644
F.2d at 549.  As reasoned by the Sixth Circuit in <u>Atkins</u>, "The
issue of whether the right to bail has been denied is collateral
to and independent of the merits of the case pending against the
detainee, and it is a right that, if not asserted immediately at
the time it is infringed, is irremediably lost." <u>Atkins v.
People of the State of Michigan</u>, 644 F.2d at 549.  If a
petitioner provides the state with the first opportunity to
confront the issue of unconstitutional bail, "then a petition to
the federal courts prior to trial does not violate the values of
federalism." <u>Atkins v. People of the State of Michigan</u>, 644 F.2d
at 549.

     It is true that the First Circuit in the <u>In Re Justices</u> case
considered and rejected pretrial consideration of a due process
claim.  The claim at issue in that case, however, involved the
trial proceedings, to wit, that state court prosecutors were
"impermissibly 'interested'" because of an unlawful bias.  <u>In Re
Justices of the Superior Court Department</u>, 218 F.3d at 14.  The
case at bar involves a procedural due process claim that applies
only to the bail proceedings.  Considering the claim will not
prevent or prohibit the state from proceeding with petitioner's
prosecution.  <u>Cf.</u> <u>In Re Justices of the Superior Court</u>

Department, 218 F.3d at 17 (writ that asked for discharge from custody because of prosecution's alleged bias would be "tantamount to an injunction requiring the defendants' release and prohibiting the state from proceeding with the current prosecution").

Stated otherwise, whether the bail proceedings contravene procedural due process under the federal constitution can be addressed without undue disruption or interference in the ongoing state court proceeding.  The reasoning in Atkins is, again, equally applicable to the case at bar:

> The present case in a narrow sense involves questions of due process, which usually may not be considered by way of pretrial habeas corpus.  The due process questions, however, exist here only in connection with the right to bail pending trial *a right that must be defended immediately if it is to be protected at all*.  Accordingly, we may consider this portion of Atkins' petition at this time, provided he has exhausted available state remedies.

Atkins v. People of the State of Michigan, 644 F.2d at 549-550 (citation omitted; emphasis added).  If petitioner exhausts state court remedies, consideration of the bail claim in ground two is permissible[8] and, indeed, one court in this district has considered a bail claim prior to trial.  See, e.g., Cresta v. Eisenstadt, 302 F.Supp. 399 (D.Mass. 1969).

Finally, pretrial habeas consideration of the Sixth Amendment claim in ground three does implicate concerns of federalism and separation of powers.  Several attorneys have represented petitioner during the course of the state court

---

[8]  As discussed infra, exhaustion of state court remedies is required prior to such consideration.

proceedings.  The petition, however, does not attack the
representation of petitioner's current, newly appointed counsel.
The Sixth Amendment claim can be adequately addressed after
trial, appeal and exhaustion of state court remedies.
Consideration at this juncture would derail the state court
prosecution.  See generally In Re Justices of the Superior Court
Department, 218 F.3d at 16-19; Braden v. 30th Judicial Circuit
Court of Kentucky, 410 U.S. 484, 493 (1973) (emphasizing that
"nothing we have said would permit the derailment of a pending
state proceeding by an attempt to litigate constitutional
defenses").

In sum, with proper exhaustion of state court remedies, this
court may consider the first, second and fourth grounds for
relief but not the third ground for relief.[9]  The latter, Sixth
Amendment claim is subject to dismissal as premature on grounds
of federalism and the general prohibition against federal
interference in ongoing state court criminal proceedings.[10]

B.  Exhaustion of State Court Remedies

---

[9]  Respondent does not seek dismissal of grounds one and
four for failure to exhaust state court remedies.

[10]  The dismissal of the Sixth Amendment claim as premature
obviates the need to address respondent's alternative basis to
dismiss the claim as unexhausted.  Likewise, because of the
dismissal of both the Sixth and Fourteenth Amendment claims,
respondent's request that this court give petitioner the option
of either dismissing the petition without prejudice in its
entirety or dismissing the unexhausted Sixth and Fourteenth
Amendment claims and proceeding with the exhausted claims is
moot.

Unlike the statutory exhaustion requirement applicable to section 2254 petitions, exhaustion is "'not explicitly required by § 2241(c)(3).'" Hirsch v. Smitley, 66 F.Supp.2d at 986. Applying principles of federalism and comity, courts nonetheless impose an exhaustion requirement upon section 2241 petitions through decisional law. Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975) ("exhaustion requirement has developed through decisional law, applying principles of federalism," to section 2241 petitions); Hirsch v. Smitley, 66 F.Supp.2d at 986 ("'interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions'"); see also Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) ("habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254'").

Federal courts therefore abstain from the exercise of section 2241 "jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases). The exhaustion doctrine mandates that the petitioner exhaust "whatever procedures are available to him under state law" before proceeding to a federal habeas forum. Gully v. Kunzman, 592 F.2d 283, 287 (6th Cir. 1979); see Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 490 (finding exhaustion where the defendant "exhausted all available state court remedies for consideration of [the] constitutional

14

claim").  Only in "'special circumstances' will a habeas
petitioner be able to show that he has exhausted his state court
remedies prior to trial."  Neville v. Cavanagh, 611 F.2d 673, 675
(7th Cir. 1979) ("only in 'special circumstances' will a habeas
petitioner be able to show that he has exhausted his state
remedies prior to trial"); accord Braden v. 30th Judicial Circuit
Court of Kentucky, 410 U.S. at 489 (noting, in context of
discussing exhaustion, that "federal habeas corpus does not lie,
absent 'special circumstances,' to adjudicate the merits of an
affirmative defense to a state criminal charge prior to a
judgment of conviction by a state court").

The exhaustion requirement applies to the bail claims.  See
Atkins v. People of the State of Michigan, 644 F.2d at 549 (bail
claim under due process clause may be vindicated prior to trial
but "the petitioner must demonstrate that state remedies have
been exhausted").  Turning to the due process claim, the brief
before the single justice did not fairly and recognizably present
a procedural due process claim under the Fourteenth Amendment.
See generally Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)
(interpreting exhaustion requirement under section 2254 and
explaining that the petitioner should "fairly and recognizably"
present a federal constitutional claim "'in such a way as to make
it probable that a reasonable jurist would have been alerted to
the existence of the federal question'"); Adelson v. DiPaola, 131
F.3d 259, 262-263 (1st Cir. 1997) ("we have regularly held . . .
that the mere incantation of constitutional buzzwords,

15

unaccompanied by any federal constitutional analysis, does not" constitute fair presentment); see also Nadworny v. Fair, 872 F.2d 1093, 1097 (1st Cir. 1989). Although the amended brief before the full court raised the claim, the SJC refused to consider it on the grounds of waiver.

The waiver doctrine is firmly established and regularly followed. Furthermore, the SJC's alternative holding addressing the claim on the merits[11] does not work a waiver of the procedural default. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989).

A long standing rule bars federal courts from reviewing state court decisions that rest on "independent and adequate state ground[s]." Trest v. Cain, 522 U.S. 87, 118 (1997); see also Torres v. Dubois, 174 F.3d 43, 45-46 (1st Cir. 1999). Stated otherwise, federal habeas review is generally precluded "when a state court has reached its decision on the basis of an

---

[11] Although the SJC described the bail claim in the singular, it is evident that the court considered the merits of both the substantive claim that bail was excessive and the procedural due process claim that the lower court failed to explain its reasons or hold an evidentiary hearing. The pages cited in the primary case that the SJC cited to deny the claim on the merits, Querubin v. Commonwealth, 440 Mass. 108, 113-120, 795 N.E.2d 534, 540-545 (Mass. 2003), dealt with both substantive and procedural due process claims. The procedural due process claims in Querubin are also similar to those raised by petitioner. See Querubin v. Commonwealth, 440 Mass. at 116-120, 795 N.E.2d at 542-545 (finding no procedural due process violation in failure to conduct evidentiary hearing). The second case cited by the full court, United States v. Mantecon-Zayas, 949 F.2d 548, 550 (1st Cir. 1990), addressed the procedural requirement under section 3142 of providing reasons for requiring the defendant to meet an unattainable financial condition. Petitioner made a similar argument to the SJC in the amended brief.

adequate and independent state-law ground." Burks v. DuBois, 55
F.3d 712, 716 (1st Cir. 1995).  Independent and adequate state
grounds exist where "the state court declined to hear [the
federal claims] because the prisoner failed to meet a state
procedural requirement." Brewer v. Marshall, 119 F.3d 993, 999
(1st Cir. 1997).  In such a case, "[c]onsiderations of comity and
federalism bar the federal court's review." Brewer v. Marshall,
119 F.3d at 999.

Petitioner can avoid dismissal by demonstrating there was
"cause" for the default and "actual prejudice as a result of the
alleged violation of federal law." Coleman v. Thompson, 501 U.S.
722, 750 (1991); see McAtee v. Cowan, 250 F.3d 506, 509 (7th
Cir. 2001) (applying this procedural bar to section 2241
petition); Carmona v. United States Bureau of Prisons, 243 F.3d
629, 634 (2d Cir. 2001); Sustache-Rivera v. United States, 221
F.3d 8, 17 (1st Cir. 2000) ("cause and prejudice standard applies
equally to habeas actions brought under § 2241"); Moscato v.
Federal Bureau of Prisons, 98 F.3d 757, 761 (3rd Cir. 1996).  The
"habeas petitioner has the burden of proving both cause and
prejudice." Burks v. DuBois, 55 F.3d at 716.

As to cause, ordinarily the petitioner must "show that some
objective factor external to the defense impeded counsel's
efforts to comply with the State's procedural rule."[12]  Murray v.

---

[12]  For example, two such objective impediments consist of
"showing that the factual or legal basis for the claim was not
reasonably available to counsel or that some interference by
officials made compliance impracticable." Murray v. Carrier, 477
U.S. at 488 (citations and internal quotation marks omitted).

17

<u>Carrier</u>, 477 U.S. 478, 488 (1986); <u>accord</u> <u>Burks v. DuBois</u>, 55
F.3d at 716-717 (citing <u>Murray v. Carrier</u>, 477 U.S. at 488);
<u>Magee v. Harshbarger</u>, 16 F.3d 469, 471 (1st Cir. 1994) (quoting
<u>Murray v. Carrier</u>, 477 U.S. at 488).  Furthermore, the cause and
prejudice standard applies to a section 2241 petition.  <u>See</u>
<u>generally</u> <u>Roberts v. Callahan</u>, 321 F.3d 994, 997-998 (10th Cir.)
(section 2241 petition citing <u>Murray</u> as requiring showing of
actual prejudice to avoid waiver), <u>cert.</u> <u>denied</u>, 540 U.S. 973
(2003); <u>Stewart v. Gilmore</u>, 1997 WL 695656 at * 8 (N.D.Ill. Nov.
5, 1997) (assuming petition was properly filed under section 2241
and dismissing it on the basis of the petitioner's failure to
demonstrate cause and prejudice under <u>Murray</u> standard).

 No external or objective factor prevented petitioner from
providing a more specific and coherent explanation of the
procedural due process argument to the single justice.  Morever,
appellate counsel's failure to include the procedural due process
claim did not rise to the level of deficient performance within
the meaning of the Sixth Amendment.[13]  The claim was not "a clear

---

  [13] The standard set forth in <u>Strickland v. Washington</u>, 466
U.S. 668 (1984), "requires showing that counsel made errors so
serious that counsel was not functioning as the counsel
guaranteed the defendant by the Sixth Amendment."  <u>Phoenix v.</u>
<u>Matesanz</u>, 233 F.3d 77, 81 (1st Cir. 2000) (quoting <u>Williams v.</u>
<u>Taylor</u>, 529 U.S. at 390).  "To establish ineffectiveness, a
'defendant must show that counsel's representation fell below an
objective standard of reasonableness.'"  <u>Phoenix v. Matesanz</u>, 233
F.3d at 81 (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 390-391
(2000), quoting <u>Strickland</u>, 466 U.S. at 688).  "'[T]he proper
measure of attorney performance'" is "'reasonableness under
prevailing professional norms.'"  <u>Wiggins v. Smith</u>, 539 U.S. 510,
521 (2003).  Counsel "'is strongly presumed to have rendered
adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment.'"  <u>Lopez-Nieves v.</u>

18

winner" and may have detracted from the more viable claim. <u>Cf.</u>
<u>Prou v. United States</u>, 199 F.3d 37, 48 (1st Cir. 1999) (finding
performance constitutionally deficient inasmuch as omitted claim
was "clear winner" and explaining that attorney renders
ineffective assistance where he fails to "raise an important,
obvious defense without any imaginable strategic or tactical
reasons for the omission"); <u>see also</u> <u>Epsom v. Hall</u>, 330 F.3d 49,
54 (1st Cir. 2003) (affirming habeas dismissal inasmuch as trial
counsel had "plausible strategy").  Inasmuch as petitioner fails
to show cause, this court need not address the prejudice prong.
<u>See</u> <u>Magee v. Harshbarger</u>, 16 F.3d at 472 (declining to address
prejudice prong "[b]ecause the cause and prejudice requirement is
conjunctive").

Finally, even assuming <u>arguendo</u> that the actual innocence
exception applies notwithstanding the absence of a conviction,
<u>see</u> <u>generally</u> <u>Gunter v. Maloney</u>, 291 F.3d 74, 83 (1st Cir. 2002);
<u>Burks v. DuBois</u>, 55 F.3d at 717, petitioner is not entitled to
habeas relief.  The due process claim is therefore subject to
dismissal.

Hence, the remaining claims in the petition consist of the
excessive bail claim (ground one) and the speedy trial claim
(ground four).  Respondent requests 21 days to respond to the
merits of the exhausted claims.  (Docket Entry # 12, n.1 & 2;
Docket Entry # 28).  Respondent is therefore afforded up to and

---

<u>United States</u>, 917 F.2d 645, 649 (1st Cir. 1990) (quoting
<u>Strickland</u>, 466 U.S. at 690).

including January 3, 2005, to respond to the first and fourth grounds for relief.[14]

II.    MOTION TO GRANT BAIL (DOCKET ENTRY # 32); MOTION TO STAY STATE COURT PROCEEDINGS (DOCKET ENTRY # 30)

Petitioner asks this court to stay the ongoing state proceedings and/or order his release on bail.[15]  (Docket Entry ## 30 & 32).  In addition to other arguments, respondent objects on the basis that Younger v. Harris, 401 U.S. 37 (1971) ("Younger"), requires this court to abstain from interfering with the ongoing state court proceeding.  (Docket Entry # 35).[16]  Respondent further contends that the imminency of the December 17, 2004 bail review hearing cautions against this court deciding bail and/or staying the state court proceedings at this juncture.  Respondent is correct.

Section 2251 of Title 28 of the United States Code is one of the few statutes authorizing a federal court to stay a state

---

[14]    In opposing the motions for a stay and for bail, respondent submits that the SJC's decision with respect to the excessive bail claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent. Respondent should separately brief the merits of the excessive bail claim on or before January 3, 2005, and address the issue of whether this deferential standard applies to a section 2241 petition.

[15]    Petitioner's reliance on cases involving stays of executions is precarious because, to state the obvious, petitioner is not convicted of a capital offense and awaiting execution.

[16]    In the interest of fairness, this court will consider respondent's opposition even though filed one day after the December 8, 2004 deadline.

court proceeding.  Schillaci v. Peyton, 328 F.Supp.2d 1103, 1104
(D.Haw. 2004).  The Anti-Injunction Act, 28 U.S.C. § 2283
("section 2283"), therefore does not apply to habeas petitions.
Notwithstanding the inapplicability of section 2283, "principles
of equity, comity, and federalism" continue to "restrain a
federal court when asked to enjoin a state court proceeding."
Mitchum v. Foster, 407 U.S. 225, 243 (1972) (citing  Younger).
Simply put, Younger prescribes a federal court from "interfering
with pending state criminal prosecutions in the absence of
exceptional circumstances demonstrating great and immediate
irreparable injury."  Doe v. Donovan, 747 F.2d 42, 44 (1st Cir.
1984).

    The Younger doctrine is grounded upon "the basic doctrine of
equity jurisprudence that courts of equity should not act, and
particularly should not act to restrain a criminal prosecution,
when the moving party has an adequate remedy at law and will not
suffer irreparable injury if denied equitable relief."  Younger
v. Harris, 401 U.S. at 43-44.  It is also grounded upon
principles of comity and federalism.  Younger v. Harris, 401 U.S.
at 44.

    At this point in time, petitioner has an adequate remedy in
the form of the forthcoming bail review hearing scheduled for
December 17, 2004.  Accordingly, this court will abstain from
issuing a stay or allowing bail at this point in time.  Denying
the motions without prejudice will allow petitioner to refile the
motions promptly after the December 17, 2004 hearing yet still

avoid unduly interfering with the state court proceedings.[17]  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. at 44 (federalism embodies concept wherein the national government "will not unduly interfere with the legitimate activities of the States").


<u>CONCLUSION</u>

In accordance with the foregoing discussion, this court **RECOMMENDS**[18] that the motion to dismiss (Docket Entry # 11) be **ALLOWED** to the extent of dismissing grounds two and three in the petition.  This court further **RECOMMENDS**[19] that the motion to stay (Docket Entry # 30) and the motion for bail (Docket Entry # 32) be **DENIED** without prejudice.  The deadline for respondent to file a substantive response to grounds one and four is January 3, 2005.[20]

---

[17]  This court expresses no opinion on the merits of a future motion to stay except to note that the underlying merits of the excessive bail claim presents a difficult hurdle for petitioner.  The speedy trial claim has not yet been fully briefed.

[18]  Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  <u>United States v. Escoboza Vega</u>, 678 F.2d 376, 378-379 (1st Cir. 1982); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

[19]  See the previous footnote.

[20]  See footnote number 14.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
Chief United States Magistrate Judge