UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY LEO, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 04-11006-JLT |
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| Respondent. | ) | |

**OPPOSITION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Pursuant to Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, the respondent, the Commonwealth of Massachusetts, respectfully submits the following objections to the Report and Recommendation re: Motion to Dismiss Petition for Writ of Habeas Corpus; Motion to Grant Bail; and Motion to Stay State Court Proceedings.

**Objection No. 1: Since the Petition Contains Unexhausted Claims, this Court Should Not Entertain Further Proceedings on the "Mixed" Petition.**

The respondent objects to the Magistrate Judge's report and recommendation to the extent that it grants the motion to dismiss only in part rather than in whole. As grounds for this objection, the respondent states that the habeas petition should have been dismissed in its entirety since it contains unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied,* 513 U.S. 1129 (1995).

The Magistrate Judge's report and recommendation recognizes that the petitioner's

Fourteenth Amendment claim was not properly brought to the Massachusetts Supreme Judicial Court. *See Report and Recommendation*, pp. 13-19. Where, as here, a petition contains both exhausted and unexhausted claims, the Magistrate Judge should have required the petitioner to either (1) elect to drop his unexhausted claims and proceed only on his exhausted claims or (2) to accept dismissal of his petition, so that he could return to state court to exhaust his unexhausted claims.[1] *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 75 (1st Cir. 2002), *citing Rose*, 455 U.S. at 510.

In addition to having an unexhausted Fourteenth Amendment due process claim, the petition also contains an unexhausted speedy trial claim. *See Petition, Ground 4*. There is no suggestion either in the record or in the petition in this case that the petitioner has ever raised a speedy trial claim in the state court, let alone brought his constitutional claim on this issue to the Massachusetts Supreme Judicial Court. *Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819-20 (1st Cir. 1988)( in Massachusetts, a claim is not exhausted unless it is presented to the Massachusetts Supreme Judicial Court). While it is true that the respondent did not separately seek dismissal of the speedy trial claim on the grounds of exhaustion, the respondent has consistently pointed out that the petitioner's speedy trial is neither clearly articulated in his petition (it was not clear

---

[1] In footnote 10 of the Report and Recommendation, the Magistrate Judge states that the argument that the petitioner should be required to choose whether to accept dismissal of his petition or to proceed on his unexhausted claims is rendered moot by her other rulings. The respondent submits that this solution, while practical, does not comport with the Supreme Court's dictates with respect to mixed petitions. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 75 (1st Cir. 2002), *citing Rose*, 455 U.S. at 510. Moreover, since the speedy trial claim is unexhausted, the requirement that the petitioner decide what to do about his mixed petition is not moot at this point.

whether he sought dismissal or a trial date) nor has he briefed the issue in his memorandum.[2]  *See Respondent's* Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus, n.2 & 3.  A review of the record shows that the petitioner has never presented a speedy trial claim in state court.  Accordingly, since the petition contains both exhausted and unexhausted claims, the motion to dismiss should have been granted in its entirety.  *See Rose,* 455 U.S. at 510.

> **Objection No. 2:  The Respondent Objects to the Report and Recommendation to the Extent That it Suggests That Due Process Claims under the Fourteenth Amendment Are Generally Cognizable on Pre-trial Habeas Review.**

The respondent respectfully objects to the Magistrate Judge's report and recommendation to the extent that the report and recommendation suggests that Due Process claims under the Fourteenth Amendment are to be recognized on pre-trial habeas petitions.  To the extent that the report and recommendation indicates that the petitioner's excessive bail claim sounds under both the Eighth and Fourteenth Amendments, the respondent does not have any objection, since excessive bail claims may be cognizable on pre-trial habeas review.  However, to the extent that the report and recommendation may be construed to read that Due Process claims under the Fourteenth Amendment are generally appropriate for habeas review prior to trial, the respondent objects, since the Supreme Court has not added Due Process claims to the few exceptions it has

---

[2] The undersigned acknowledges that at one point she inaccurately referred to the speedy trial claim as being exhausted in Respondent's Supplemental Memorandum Regarding Effect of State Court Decision on Motion to Dismiss, dated October 15, 2004.  *See* Docket Entry No. 28, p. 2.  However, this misstatement on counsel's part does not waive the respondent's right to raise the defense of exhaustion as to the speedy trial claim.  *See Lurie v. Wittner*, 228 F.3d 113, 123 (2d Cir. 2000)(holding, in context of a claim under Section 2254, that a state's waiver of the exhaustion defense is disfavored); *Payne v. Thompson*, 853 F.Supp. 932 (E.D. Va. 1994), *aff'd* 94 F.3d 642 (4th Cir. 1996), *cert. denied* 519 U.S. 977 (exhaustion requirement is to be strictly construed).

carved from the general rule that habeas claims are not viable before the conclusion of state court proceedings.  *See In Re Justices of the Superior Court Department*, 218 F.3d 11, 19 (1st Cir. 2000)

                    Respectfully submitted,

                    THOMAS F. REILLY
                    ATTORNEY GENERAL

                    /s/  Maura D. McLaughlin
                    Maura D. McLaughlin
                    Assistant Attorney General
                    Criminal Bureau
                    One Ashburton Place
                    Boston, Massachusetts 02108
                    (617) 727-2200 ext. 2857
                    BBO No. 634923

Dated: December 27, 2004

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the petitioner, Anthony M. Leo, on December 27, 2004, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, as follows: Anthony M. Leo, Worcester County Correctional Facility, 5 Paul X. Tivnan Drive, West Boylston, Massachusetts 01583.

                    /s/  Maura D. McLaughlin
                    Maura D. McLaughlin