United States District Court
District of Massachusetts

Anthony Leo
Petitioner

v.                              Civil Action No. 04-11006 J.L.T.

Com. of Massachusetts
respondent

## Petitioners Objections to Magistrates Report and Recommendations

The petitioner, Anthony Leo, respectfully submits this brief objecting to Chief Mag. Judge Bowlers report and recommendation dismissing grounds two and three of his petition for Writ of Habeas Corpus.

The petitioner objects to the Mag. Judges findings that grounds two and three are not properly exhausted. On pg 15 of the report, Bowler, Ch.M.J., finds the Due Process claim (14th Amend) was not properly, in a fair and recognizable way, presented to the Single Justice, even though it was cited in the written brief.

As the petitioner has explained to this court in his earlier briefs, he had specifically requested to his appointed counsel to include a seperate and specific 14th Amend. claim in his brief and during his oral arguement.

Counsel was also asked to produce a copy of the brief "BEFORE" the hearing so that Mr. Leo could be sure that it was adequate. Attorney Goggins honored "NONE" of these requests. Mr. Leo was not made aware of the fatal flaws until after the Single Justice ruled, because he was "NOT" allowed to be present at the hearing. Mr. Goggins violated the Rules of Professional Conduct by failing to abide by his clients specific requests, failed to inquire into, or fully (competently) understand the factual and legal elements of his clients issues, and he did not adequately prepare to represent his client at the Single Justice hearing on July 18, 2003. Due to this conduct, Mr. Leo's appeal failed. An appeal to the full court of the S.J.C. was filed, and during its preparation Attorney Goggins withdrew representing Mr. Leo, and "NO" new counsel was appointed by the court to assist Mr. Leo with his appeal. This abandonment of counsel, during his pre-trial appeal, is the basis for the 6th Amend. violations that the petitioner brings in ground 3 of his habeas corpus petition.

    After waiting months for new counsel to be appointed to resume handling his appeal, Mr. Leo was forced to prosecute the appeal Pro Se, or risk losing it permanently by mootness.

    Being aware of the major flaw in attorney Goggins brief, and having "NO" attorney, Mr. Leo petitioned the Mass. S.J.C. on 3-22-04 to Amend his brief being presented to the full court. This request was <u>allowed</u> by the court and Mr. Leo amended the brief to present the 14th Amend

-2-

claim in a "clearer" manner.

On Sept 17, 2004 the Mass. S.J.C. ruled, affirming the Single Justices denial, and refusing to hear the 14th Amend and 6th Amend. claims because they were not "Fairly" presented to the Single Justice. The petitioner claims this was wrong of the S.J.C. since he asked, and was "Allowed" to amend his brief by the court.

If the petitioner essentially complies with a state procedural rule, or made a "Reasonable and Good Faith Effort" to do so, there is NO justification for Federal abstention and most Federal courts will not find a default. Trevino v. Texas 503 U.S. 562, 566-67.

On pg. 16 of the Magistrates report, footnote 11 states that the S.J.C. did acknowledge the Procedural Due Process claim and cited a very similiar case, Querubin v. Com. 795 NE.2d 534, 540-45, and a federal case, U.S. v. Montecon-Zayas 949 F.2d 548. In Querubin, the Mass. S.J.C. cited multiple federal cases and decides the case on federal law. As such, it is not an independent state law ruling. Querubin also lost his Due Process claim because he waived them when offered an evidentiary hearing and refused. Mr. Leo did "NO" such thing.

As to the independent state procedural rule that the S.J.C. relied upon to bar hearing the petitioners 14th amend. claim, the courts own prior rulings prove this rule can, and has been overlooked. See Barber v. Com, 230 NE.2d 817; Hadfield v. Com 439 NE.2d 279;

-3-

C+C Bookshops v. Com. 446 N.E.2d 711; Com v. O'Brien 736 NE2d 841.

In Barber v. Com., the S.J.C. states that in "appropriate" cases it could, and should act at whatever stage in the proceedings it becomes necassary to protect the rights of the appellee. see also Corey v. Com 301 NE2d 450

When exercising its supervisory powers the S.J.C. is not limited to correcting errors, but may be guided by "whatever" is needed to ensure that matters are decided fairly and expeditiously. Com v. O'Brien 736 NE2d 841

If "ANY" reason possibly exists that the state court may apply exception to its procedural defense rule, Federal courts in habeas cases should not apply state procedural bar to find that exhaustion is futile. Meadows v. Legursky; 904 F.2d 903.

Furthermore, a violation of the 8th Amendment in setting Excessive Bail, and the 14th Amendments Due Process requirements are intracately interwoven. The procedures for setting "ANY" bail are of themselves procedural due process. Just by setting of an excessive bail these procedures have been violated. A claim is "Fairly" presented if the petitioner has described the "operative" facts and legal theory on which the claims are based. State prisoners will "NOT" be denied access to the federal courts because they failed to "Cite Book and Verse" on federal Constitutional law; Picard v. Connor 404 U.S. at 277-78.

The petitioner also asks this honorable

— 4 —

court to consider that bail issues must be heard as soon as possible, or risk being lost forever. To require the petitioner to bring his claims through the full state appellate process would take a year or more, and would probably be "MOOT" before they were finally decided. As such, the petitioner states that circumstances exist that render the state appellate process ineffective to protect the rights of the applicant and that the exhaustion rule should be excused. <u>28 U.S.C. § 2254 (b)(1)</u>

    For the aforementioned reasons this honorable court should find that the petitioner has exhausted both claims in grounds 2 and 3 of his petition. (1)

## Objection to Findings as to Ground 3 of the Petition

    The 6th amendment violation that the petitioner is presenting to this court "DO NOT" stem from his lack of assistance from his "TRIAL" counsel, but only his complete denial of PRE-TRIAL appellate counsel, to which he has a Constitutional right to. Because the bail appeal is completely seperate from the trial issues, and cannot be brought during "Post-Trial" appeals, it must be heard before trial.

    The petitioner presented his claim to the state court as soon as possible. The violation occured "AFTER" the Single Justice hearing, but "Before" the full court appeal.

—5—

There was NO other way to effectively present this violation to the state court, and as such was "Fairly" presented.

In Powell v. Alabama, 287 U.S. 45, 69, the court found that an unrepresented defendant "lacks both the skill and knowledge" to adequately prepare his defense, even though he may have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. We need not wait for counsels presence, or the articulation of a specific harm before we may remedy the ongoing denial of counsel at any stage of a case. Because the petitioner is seeking redress of his fundamental Constitutional right that effects the manner in which his appeal was prosecuted, it is enough that he has shown a violation of that right that may have resulted in irrepairable harm; Luckey v. Harris 860 F.2d 1012, 1017.

The duty to provide counsel falls squarely on the state, and the burden of a systemic lapse is not to be borne by the defendant. As such, the S.J.C. should have heard the amended brief, (6th + 14th claims) and ruled on them. Denying them as they did was a miscarriage of Justice.

The petitioner also objects to the Magistrates findings on pg.18 of her report that counsels failure to include the Due Process claim may have been deficient performance, but did not rise to a 6th amend. violation. The 14th amend. claim was not a "clear winner".

—6—

The 14th amendment claim in this case was the most important of them all. Due to this violation the "Excessive Bail" was set in the first place. Failing to raise this claim was so negligent as to constitute "ineffective assistance" see Prou v. U.S. 199 F3d 37, 48 and Epson v. Hall 330 F.3d 49, 54.

The Magistrate was wrong in finding "NO Cause and Prejudice" was present. Due to this deficient performance by Attorney Goggins, Mr. Leo was provided ineffective assistance under "Strickland v. Washington, 466 U.S. 668; and as such "Cause + Prejudice" has been shown, thus federal review should proceed.

Finally, on pg 4 of the Magistrates report she states that the current bail is $50,000.00 Cash. This is incorrect, the cash demand is $500,000.00. It is also important to state that on Dec. 17th, 2004 the state court again denied to hear the petitioners bail petition and continued it again. It was heard on Dec 21, 2004 but NO decision has yet been given.

— Conclusion —

In accordance with the foregoing discussion, both claims in grounds 2 and 3 of the petition should be found exhausted, and the "WHOLE" petition should be allowed to proceed.

Respectfully Submitted,
Anthony Leo, Pro Se
5 Paul X. Tivnan Dr.
W. Boylston, Ma. 01583

Dated: 12-24-04

—7—

1/ Arguements which were not made in the state courts, but which were merely "supportive" claims put in issue, did "NOT" present new claims precluding consideration by Federal habeas court; <u>Sullivan v. Scafati 428 F.2d 1023 (1st Cir)</u>

As long as the appropriate state court had juristiction and fair opportunity to address the claim, the fact that the state court failed to address the claim explicitly does "NOT" render it unexhausted. THE STATE COURT MAY NOT THWART THE EXHAUSTION REQUIREMENT BY REFUSING TO RULE, OR BY RULING INCONCLUSIVELY; <u>Carter v. Estelle 677 F.2d 427, 449</u>.

Requiring exhaustion would also cause this petitioner "Irreperable Injury" to his rights. Undue delay in the Massachusetts courts will risk mooting the petitioners federal claims before he reaches the federal courts. see <u>Jackson v. Duckworth 112 F.3d 878, 881</u>. also <u>Chitwood v. Dowd 889 F.2d 781, 785</u>. Id. <u>Chitwood</u> has continued to make a "Good Faith EFFORT" to bring his claims to the proper forum, and has faced roadblocks at every turn. As such exhaustion has been met. pg. 785