UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY LEO, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 04-11006-JLT |
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| Respondent. | ) | |

**RESPONDENT'S MEMORANDUM OF LAW
IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS**

**Introduction**

The Commonwealth of Massachusetts, the respondent in the above-captioned action, submits the following memorandum in opposition to the petition for a writ of habeas corpus filed by Anthony M. Leo (hereinafter, "the petitioner"). As grounds for this opposition, and as is set forth more fully herein, the respondent states that the petition should be denied because the petitioner has not shown that his bail is excessive, in violation of the Eighth Amendment, and has not set forth a meritorious Sixth Amendment speedy trial claim.

**Background**

I.    State Court Proceedings

    A.    *Excessive Bail Claim*

On June 13, 2002, the petitioner was indicted by a Worcester County Grand Jury for four (4) counts of aggravated rape, two (2) counts of breaking and entering in the daytime to commit a felony, and two (2) counts of larceny from a building. *See* Docket Sheet for *Commonwealth v.*

*Anthony Leo*, Worcester Superior Court Criminal Action No. 2002-00830, attached to the Supplemental Answer, filed herewith, as Exhibit 1.  On June 17, 2002, the petitioner pleaded not guilty to the charges against him.  *Id.*  That same day, bail was set for the petitioner in the amount of $5,000,000 surety or $500,000 cash.  *Id.*

The petitioner made numerous motions to reduce his bail in the Superior Court and before a single justice of the Massachusetts Supreme Judicial Court ("the SJC").  (The specifics of the petitioner's bail motions are set forth in the text of the SJC decision set forth below.)  On July 28, 2003, the petitioner filed an appeal in the SJC on the issue of whether the Superior Court and the single justice of the SJC acted correctly in refusing to lower his bail.  *See* Docket Sheet for *Anthony Leo v. Commonwealth*, SJC-09074, attached to Supplemental Answer as Exhibit 4.

On September 17, 2004, the SJC issued a decision denying the petitioner's appeal of his bail claim.  *See Anthony Leo v. Commonwealth,* 442 Mass. 1025 (2004).  In this decision, the SJC explained:

> [The petitioner] was indicted on several charges of aggravated rape, breaking and entering, and larceny.  At his arraignment, a judge in the Superior Court set bail in the amount of $5,000,000, with surety, or $500,000 cash, without prejudice.  *See* G.L. c. 276, § 57.  The following month, a hearing was held before a second judge on [the petitioner's] request to reduce his bail to $200,000 with surety or $20,000 cash.  The judge refused to reduce the bail on the sole basis that [the petitioner] presented a suicide risk, and thus presented a flight risk.  Several months later, [the petitioner] again sought a reduction in his bail in the Superior Court, this time to $50,000 cash, on the ground that he no longer posed a suicide risk.  He submitted "progress notes" from a social worker who apparently interviewed him while he was in custody, and who concluded that he presented "[n]o imminent risk of harm to self/others."  A third judge in the Superior Court denied the motion, concluding: "Denied -- declined to act -- no change in circumstances."
>
> Thereafter, [the petitioner] filed his petition in the county court seeking a reduction in his bail to $50,000 cash.  Again he argued that, based on the same

2

> social worker's progress notes, that he was no longer a suicide risk.[1] He further claimed that, because he no longer posed a suicide risk, his bail was excessive. At the hearing before the single justice, [the petitioner] asserted that he was successfully being treated for major depression while in custody, and that his mother was willing to post $50,000 bail on his behalf. The single justice concluded that the lower court had not erred in declining to reduce the bail, *see Commesso v. Commonwealth*, 369 Mass. 368, 373-74 (1975), because, despite [the petitioner's] reported success in addressing his depression while in custody, "that [was] no indicator, at least not on the materials [before the single justice], that the treatment and medication could realistically be continued on the outside in the absence of that [custodial] setting. Whether he would commit suicide or whether he would engage in some other desperate measure to avoid capture or avoid facing up to these charges, it is still a very significant flight risk that is presented here."
>
> On appeal, [the petitioner] claims that (1) $500,000 cash bail is unwarranted because, based on the social worker's progress notes, he demonstrated that he was no longer a suicide risk, and (2) the bail amount is unconstitutionally excessive because it was effectively designed to ensure his pretrial detention. . . . There was no abuse of discretion or error of law here. A review of the record supports the single justice's conclusion that [the petitioner] failed to present any information to her to ensure that he would continue to follow his treatment regime if released. [] As for his claim that the bail amount is excessive because it was designed to guarantee his pretrial detention, he waived that claim by failing to raise it before the single justice.

*Anthony Leo v. Commonwealth*, 442 Mass. at 1025-26.

On December 2, 2004, the petitioner moved again for a reduction in bail, citing a change in circumstances. *See* Updated Docket Sheet for *Anthony Leo v. Commonwealth*, SJC-09074, attached hereto as Exhibit A, Entry No. 63. On December 21, 2004, a Justice of the Superior Court denied the motion, finding that there had been no change in circumstances. *See id.,* Entry No. 64.

---

[1] Notably, during the hearing before the single justice of the SJC on June 18, 2003, counsel for the petitioner acknowledged that the petitioner had attempted suicide shortly after the allegations in his criminal case came to light and was in the midst of that attempt when the police apprehended him. *See* Petitioner's Appendix of Additional State Court Records and Transcripts of Prior Bail Hearings, Exhibit 4, p. 7 (previously filed with this Court).

B.     *Speedy Trial Claim*

The petitioner was indicted on criminal charges on June 13, 2002, and was arraigned on those charges on July 17, 2002. *See Affidavit of Joseph J. Reilly, III, Esq.,* attached hereto as Exhibit B (hereinafter, "Reilly Aff."), ¶ 4. On July 18, 2002, the petitioner was ordered to provide a sample for DNA testing. *Id.* In December, 2002, the Commonwealth received the results of the DNA testing. *Id.* The Assistant District Attorney responsible for the prosecution of the criminal case promptly provided the DNA information to the petitioner's counsel. *Id.*

By February 14, 2003, the Commonwealth had fully complied with all discovery obligations with respect to the criminal case. *Reilly Aff.*, ¶ 5. Since that time, the Commonwealth has been ready to proceed to trial. *Id.* By contrast, the Commonwealth had never received any reciprocal discovery from the petitioner's attorneys. *Id.*

The record in this case shows no evidence that the petitioner has ever made a speedy trial claim in state court. *See* Updated Docket Sheet, Exhibit A; *see also Reilly Aff.,* ¶ 2. The record does show, however, that the petitioner has filed numerous motions since the commencement of his criminal case. *See* Updated Docket Sheet, Exhibit A; *see also Reilly Aff.*, ¶ 6. These motions have been a cause of delay of the criminal case. *Reilly Aff.,* ¶ 6.

The criminal trial has also been delayed by the fact that the petitioner has been represented by five (5) different attorneys in Superior Court. *Reilly Aff.,* ¶ 7. The petitioner has not, as far as can be ascertained from the record, objected to the removal of any of these attorneys as counsel. *Id.*, ¶¶ 7-8. Indeed, even when Superior Court justices have cautioned the petitioner that allowing his attorney to withdraw would delay the criminal case, the defendant has assented to his attorney's withdrawal. *Id.*, ¶ 8.

The Commonwealth has acted promptly and in good faith to fulfill its obligations with respect to the prosecution of this case. *Reilly Aff.,* ¶ 3. The delay in setting a trial date in the petitioner's criminal case is not due to any act or omission on the part of the Commonwealth. *Id.*

II.     The Instant Habeas Petition

Petitioner filed the instant habeas petition on May 11, 2004. On July 20, 2004, the respondent moved to dismiss the petition on the grounds that certain claims in the petition were unexhausted and that certain claims were not ripe for habeas review while the case was in its pre-trial posture in the state court.

On December 15, 2004, Magistrate Judge Marianne Bowler issued a report and recommendation in which she recommended that the petitioner be allowed to proceed on his speedy trial and excessive bail claims, but not his claims of ineffective assistance of counsel and violation of the due process clause of the Fourteenth Amendment. *See* Report and Recommendation re: Motion to Dismiss Petition for Writ of Habeas Corpus; Motion to Grant Bail; and Motion to Stay State Court Proceedings, dated December 15, 2004. In accordance with the Magistrate Judge's Report and Recommendation, the respondent submits this memorandum on Counts One and Four of the petition.

**Argument**

**I.     The Petitioner's Eighth Amendment Excessive Bail Claim Should Be Denied.**

In the case of *Gonzalez v. Justices of the Municipal Court of Boston, et al.,* 382 F.3d 1(1st Cir. 2004), the Court of Appeals for the First Circuit indicated that it was "inclined to believe" that habeas cases brought under Section 2241, as opposed to Section 2254, required the

5

federal court to conduct a *de novo* review of legal issues raised by the petition.[2]  *See Gonzalez*, 382 F.3d at 6-7.  Even in Section 2241 cases, however, the reviewing habeas court must defer to the state court's finding of fact.  *See id., citing Sumner v. Mata,* 455 U.S. 591, 591-92 (1982)(per curiam). Here, applying the Supreme Court's holdings on Eighth Amendment excessive bail claims to the facts determined by the SJC, it is clear that the petitioner has not stated a cognizable excessive bail claim.

> A.  The Claim That Bail Is Excessive Because it Is Effectively Designed to Hold the Petitioner in Detention Before Trial must Fail Because it Was Waived at the State Court Level.

Review of the petitioner's claim that his bail is excessive since it is effectively designed to secure his pretrial detention is precluded by the procedural default rule.  *See Brewer v. Marshall*, 119 F.3d 993, 999 (1st Cir. 1997), *cert. denied,* 522 U.S. 1151 (1998).  The SJC clearly found that this claim had been waived by the petitioner's failure to raise it before the single justice of the SJC.  *See Leo v. Commonwealth,* 442 Mass. at 1026.  Accordingly, the SJC's decision is based on an independent state law ground which is separate from the constitutional challenge, and this decision should not be reviewed by this Court.  The Supreme Court has held that in the interests of comity and federalism, a habeas court should "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Boutwell v. Bissonnette*, 66 F.Supp.2d 243, 245 (D. Mass. 1999), *quoting Coleman v. Thompson*,

---

[2] In the Magistrate Judge's Report and Recommendation, dated December 15, 2004, the Magistrate Judge ordered the Commonwealth to "address the issue of whether [the] deferential standard [applied to Section 2254 claims] applies to a Section 2241 petition." *See* Report and Recommendation, p. 20, n. 14.

501 U.S. 722, 729 (1991).  Such independent and adequate state grounds exist where, as here, "the state court declined to hear [the federal claims] because the prisoner failed to meet a state procedural requirement." *Simpson v. Matesanz*, 175 F.3d 200, 206 (1st Cir. 1999), *cert. denied*, 528 U.S. 1082 (2000), *quoting Brewer,* 119 F.3d at 999; *see also Burks v. Dubois*, 55 F.3d 712, 716 (1st Cir. 1995).

To overcome this procedural default to permit federal habeas review, the petitioner must demonstrate either (1) cause and prejudice for the default, or (2) a failure to review the claim will result in a "fundamental miscarriage of justice," *i.e.*, the conviction of an innocent person. *Coleman v. Thompson*, 501 U.S. at 750.  In this case, the petitioner cannot demonstrate either.  The petitioner's simple failure to raise to raise the argument that his bail was excessive because it was designed to effect his pretrial detention does not establish cause to excuse this procedural default.  *See Murray v. Carrier*, 477 U.S. at 486 (counsel's failure to recognize a claim or failure to raise a recognized claim does not constitute "cause"); *Engle v. Isaac*, 456 U.S. at 134 (counsel's alleged unawareness of objection not sufficient to constitute "cause").  Moreover, declining to review this claim will not cause the conviction of an innocent person.  Accordingly, the petitioner's claim that bail was set in such a way as to guarantee his pretrial detention is barred by the rule of procedural default.

      B.      The Petitioner's Claim His Bail Is Excessive Because He Is Not a Flight Risk Must Be Denied.

The petitioner's claim that the Commonwealth may not hold him based on a suicide risk must also fail.  The Supreme Court has clearly held that "the Government may permissibly detain a person suspected of committing a crime prior to a formal adjudication of guilt." *Bell v. Wolfish***,** 441 U.S. 520, 534 (1979), *quoting Gerstein v. Pugh,* 420 U.S. 103, 111-114 (1975).  It

is further unquestionable that "the Government has a substantial interest in ensuring that persons accused of crimes are available for trials and, ultimately, for service of their sentences, [and] that confinement of such persons pending trial is a legitimate means of furthering that interest." *Id., citing Stack v. Boyle,* 342 U.S. 1, 4 (1951).  An accused who is found to pose a risk of avoiding trial by means of suicide may reasonably be seen as a flight risk. *See United States v. Hanhardt*, 173 F.Supp.2d 801, 804-07 (N.D. Ill 2001); *United States v. Tropiano*, 296 F.Supp. 284, 286 (D. Conn. 1968).

Here, the record indisputably shows that the state court has determined that the petitioner poses a risk of evading trial through suicide. *See Leo v. Commonwealth*, 442 Mass. 1025 (2004). Before at least one justice of the Superior Court, the single justice of the SJC, and the SJC as a whole, the petitioner argued that he was no longer a flight risk through suicide because, while on a course of treatment and medication during his pre-trial incarceration, he had been found to no longer pose an imminent risk of harm to himself or others.  *See id.*  The single justice of the SJC found this evidence insufficient to constitute grounds to reduce the bail, because

> despite [the petitioner's] reported success in addressing his depression while in custody, 'that [was] no indicator, at least not on the [] materials [before the single justice], that the treatment and medications could realistically be continued on the outside in the absence of that custodial setting.  Whether he would commit suicide or whether he would engage in some other desperate measure to avoid capture or avoid facing up to these charges, it is still a very significant flight risk that is presented here.'

*Id.* The SJC held that the single justice had not erred because "the record supports the single justice's conclusion that [the petitioner] failed to present any information . . . to ensure that he would continue to follow his treatment regiment if released." *Id.*   Moreover, since the time of the SJC's decision, another state court justice of the Superior Court has declined to lower the

petitioner's bail, finding that there has been no change in the petitioner's circumstances. *See* Updated Docket Sheet, Exhibit A. Accordingly, the state court has clearly made the factual determination that the petitioner poses a substantial risk of flight via suicide. In light of the state court's factual determination that the petitioner is a flight risk, it cannot be disputed that there is a right to hold him in order to secure his presence at trial, and the petitioner's excessive bail claim must be denied.

**II.     The Petitioner's Sixth Amendment Speedy Trial Claim Should Be Denied.**

    A.     The Speedy Trial Claim Should Be Denied Because it Was Not Exhausted in State Court.

Federal courts require that claims in petitions under Section 2241, like those in petitions under Section 2254, be exhausted in the state's highest court. *See Moore v. DeYoung*, 515 F.2d 437, 442 (3rd Cir. 1975); *Hirsch v. Smitley*, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999). In the instant case, the petitioner has not exhausted his speedy trial claims. *See generally, Petition; see also Rose v. Lundy,* 455 U.S. 509, 518-19 (1982)*; Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied,* 513 U.S. 1129 (1995)*.* There is no suggestion either in the record or in the petition in this case that the petitioner has ever raised a speedy trial claim in the state court, let alone brought his constitutional claim on this issue to the Massachusetts Supreme Judicial Court. *Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819-20 (1st Cir. 1988)( in Massachusetts, a claim is not exhausted unless it is presented to the Massachusetts Supreme Judicial Court). It is the petitioner's heavy burden to demonstrate that his any federal errors in the state court proceedings were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989).

    B.     The Petitioner Cannot Show That the Commonwealth Has Violated His Right to a

Speedy Trial.

The Sixth Amendment to the United States Constitution guarantees, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend VI.  The Supreme Court has identified four factors that courts should consider in determining whether a defendant has been denied a speedy trial in violation of the Sixth Amendment.  *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).  Courts must balance: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant.  *Id.*  Put differently, the Supreme Court has stated that it is necessary for courts to balance "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result."  *Doggett v. United States*, 505 U.S. 647, 651 (1992), *citing Barker*, 407 U.S. at 530.  None of the enumerated factors alone is sufficient to establish a violation of the Sixth Amendment; "[r]ather, they are related factors and must be considered together with such other circumstances as may be relevant."  *Barker*, 407 U.S. at 533.

In the instant case, the petitioner's speedy trial claim must fail because, even assuming that there was an uncommonly long delay in the criminal proceedings, the record shows that the petitioner, rather than the government, bears the responsibility for the delay.  While the petitioner seeks to place the blame on the Commonwealth by arguing that the Commonwealth has inadequate appointed counsel to represent him, he cannot dispute that he has requested the removal of one of his attorneys and has never opposed the withdrawal of the others, even when

he has been cautioned that changing counsel would slow down his trial.[3] *See Reilly Aff.*, ¶¶ 7-8. Moreover, as the criminal court docket shows, the petitioner has never asserted a right to a speedy trial. *See* Updated Docket Sheet, Exhibit A; *see also Reilly Aff.,* ¶ 2. Finally, the petitioner cannot show that he has suffered any prejudice as a result of the delay in the proceedings, since part of the reason for the delay is the need to litigate and resolve the numerous motions filed by the petitioner. *See Reilly Aff.,* ¶ 6. Accordingly, the petitioner's speedy trial claim must fail. *See Barker,* 407 U.S. at 530.

## Conclusion

For the foregoing reasons, the respondent respectfully requests that this Court deny the petition for a writ of habeas and dismiss the petitioner's complaint in its entirety.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: January 3, 2005

---

[3] Even assuming, however, that this argument were grounded in fact, there would still be no basis for a claim that the prosecution was slowing down the trial proceedings.

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the petitioner, Anthony M. Leo, on January 3, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, as follows: Anthony M. Leo, Worcester County Correctional Facility, 5 Paul X. Tivnan Drive, West Boylston, Massachusetts 01583.

                                                /s/  Maura D. McLaughlin
                                                Maura D. McLaughlin