UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY LEO,<br><br>        Petitioner,<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 04-11006-JLT<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JOSEPH J. REILLY, III, ESQ.

Commonwealth of Massachusetts
Worcester, ss.

     1.    I am currently employed as an Assistant District Attorney in the Office of the District Attorney for Middle District (covering almost the entirety of Worcester County). In this capacity, I am the Assistant District Attorney responsible for the prosecution of Anthony Leo (the defendant) in Worcester Superior Court Criminal Case No. WOCR2002-00830. I am familiar with the facts and circumstances of this criminal prosecution.

     2.    Since the inception of this criminal proceeding, the defendant has never, to the best of my knowledge, made motion for speedy trial (or for a trial date) in state court.

     3.    The Commonwealth has acted promptly and in good faith to fulfill its obligations with respect to the prosecution of this case. The delay in setting a trial date in the defendant's case is not due to any act or omission on the part of the

Commonwealth, but instead is due to the fact that the defendant has been represented by numerous attorneys and has filed numerous motions in this case.

4. The relevant facts regarding the pre-trial proceedings in this case are as follows: the defendant was indicted on criminal charges on June 13, 2002. On June 17, 2002, he was arraigned on those charges in Worcester Superior Court. On July 18, 2002, the defendant was ordered to provide a sample for purposes of DNA testing. In early December 2002, the Commonwealth received the results of the DNA testing in this case. I promptly provided this information to defense counsel.

5. By February 14, 2003, the Commonwealth had fully complied with all discovery obligations with respect to the criminal case. Since that time, the Commonwealth has been ready to proceed to trial. By contrast, I have never received any reciprocal discovery from the defendant's attorneys.

6. As the docket sheet in the criminal case reflects, the defendant has filed numerous motions since the beginning of this case. These motions have been a cause of delay of the criminal court proceedings.

7. The criminal trial has also been delayed by the fact that the defendant has been represented by five (5) different attorneys in Superior Court. The first attorney to represent the defendant in Superior Court was removed from the case after he and the defendant both moved for his removal.

8. Each of the other attorneys who have represented the defendant in Superior Court (prior to the defendant's current counsel) has moved to withdraw from representation of the defendant. To the best of my knowledge, the defendant has not objected to the withdrawal of any of these attorneys. Indeed, on every occasion on which a Superior Court judge reminded the defendant that allowing his attorney to

withdraw could delay the criminal case, the defendant has indicated that he assented to his attorney's withdrawal, regardless of the delay.[1]

Signed under the penalties of perjury,

Joseph J. Reilly, III

Dated: December 17, 2004

On this 17 day of Dec. , 2004, the
undersigned notary public personally appeared
Joseph J Reilly III, proved to me
through satisfactory evidence of identification,
which were personal knowledge to be
the person whose name is signed on the
preceding or attached document in my presence.

Sandra L. Hautanen
Notary Public
My Commission Expires:
January 7, 2011

_____

[1] The transcripts of the hearings on the motions to withdraw have not, to the best of my knowledge, been prepared and are not available at this time.