UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY LEO, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>COMMONWEALTH OF )<br>MASSACHUSETTS, )<br>)<br>Respondent )<br>)<br>_____) | Civil Action No. 04-11006-JLT |

### EFFECTS OF THE STATE COURT DECISION TO PETITIONER'S MOTION TO REVISIT BAIL ON HIS PETITION FOR HABEAS CORPUS

Now comes the petitioner, Anthony Leo, and respectfully submits this brief discussing the effects of the recent Massachusetts State Court ruling to his Motion to Revisit Bail on his Petition for Habeas Corpus pending before this honorable court.

Background

On December 2, 2004, the petitioner, Anthony Leo, filed a motion to revisit the issue of bail pursuant to M.G.L. c276 §58 under "changed circumstances". Also included in this motion were claimed violations of the petitioner's Constitutional rights under the 5th, 6th, 8th, and 14th amendments of the U.S.Constitution and 18 U.S.C. § 3142; Federal Bail Reform Act.

The District Attorney handling this case asked for two weeks to review the motion and memorandum and prepare a response and oral argument. As such, the matter was continued to December 17, 2004.

On December 17, 2004, the court again was not prepared to hear the petitioner's motion and continued the hearing to December 21, 2004.

On this date oral arguments were heard from both parties by Hillman, J.. The prosecution delivered NO written opposition to the petitioner's motion and during it's oral argument presented NO evidence whatsoever that Mr. Leo posed a risk of flight. No evidence was presented that Mr. Leo posed a risk of suicide, which the Massachusetts S.J.C. determined was the SOLE reason for not lowering the petitioner's bail.

Mr. Leo informed Hillman, J. that he had been successfully treated for his mental illness (Major Depression) the cause of his prior suicidal behavior (32 months ago), and he had documents from the psychiatrist, psychologist and two separate licensed social workers stating that he posed "NO risk of harm to himself or others" and that "he did NOT need to be in a institutional setting any longer". Mr. Leo also argued that by following the guidelines of the Massachusetts Bail statute and federal bail statute, he posed NO risk of flight and the government had not met its burden of Preponderance of the Evidence" to justify a flight risk.

Hillman, J. delivered a ruling seven days later that fails to answer any of the petitioner's claims. Hillman, J. ignored all the cited case law the petitioner submitted and gave NO written findings of any kind to justify his decision. This is exactly the type of behavior the state court judges have engaged in over and over. Again, the petitioner asks this honorable court to view the state courts behavior as unusual and causes fears that the state judges may undermine or be hostile to the federal laws and the petitioner's rights. The state court system will not fairly address the petitioner's claims NO matter what or where he raises them.

The petitioner states that, again, he has presented his claimed violations of his U.S. Constitutional rights to the state courts and as such, has made a "Good Faith" effort and has reasonably tried to exhaust his claims. The petitioner also prays this honorable court take into consideration that Mr. Leo has done all of this work Pro Se. To require the petitioner to continue his state court appeal would force him to wait months for his appointed attorney to file, prepare, argue, etc…this matter. The public defenders in Massachusetts are currently burden with extremely large caseloads and as such cannot devote the time the petitioner's issues demand. This long delay will risk "mooting" the entire petitioner's claims and cause him "irreparable injury" if not heard soon. Furthermore, the state would be allowed to violate the petitioner's federal rights and evade review by delaying the Exhaustion Process and mooting the issues, thus denying the petitioner's rights to habeas corpus relief entirely. This should not be allowed.

Furthermore, the petitioner asks this honorable court to hear and grant his motions to stay the state court proceedings and to grant its own bail until such time the state court revises its bail demand to comport with the statutory protections from Excessive Bail and Due Process/Equal Protection. Bowler, Ch. U.S.M.J. decided in her report and recommendation to wait until after the December 21, 2004 state court hearing. The state

court refused to act and as such these motions should be granted to protect the petitioner's Constitutional rights.

## Conclusion

For the above stated reasons, the petitioner, Anthony Leo, asks this honorable court to find his 5th, 6th, 8th, and 14th amendment claims exhausted and allow the whole petition to proceed.

Furthermore, until this matter is heard and fully decided, the petitioner prays this honorable court will exercise its inherent power to stay the state proceedings and grant a fair and just bail until such time the state court agrees to grant Mr. Leo a bail hearing that conforms with the 14th amendments, Due Process clause and the 8th amendment Excessive Bail protection. See also 18 U.S.C.A. §3142; Bail Reform Act.

Respectfully Submitted,

*/s/ Anthony Leo*
Anthony Leo
5 Paul X Tivnan Drive
West Boylston, MA 01583

January 12, 2005



## Certificate of Service

I, Anthony Leo, hereby certify that a true copy of the above document was served upon the respondent, Maura D. McLaughlin, A.A.G. Comm. of Mass, by depositing the copy in the institution depository for pick up and delivery be first class mail, postage prepaid, as follows:

                                                Attorney Generals Office
                                                Comm. Of Massachusetts
                                                Criminal Bureau
                                                Attn: Maura McLaughlin
                                                1 Ashburton Place
                                                Boston, MA 02108