COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                    WORCESTER SUPERIOR COURT
                                 DOCKET NO: 02-0830

COMMONWEALTH OF MASSACHUSETTS  )
     Plaintiff               )
                               )
     v.                      )
                               )
     ANTHONY LEO             )
     Defendant               )

MOTION TO REVISIT THE ISSUE OF BAIL PURSUANT to
M.G.L. c. 276, §58, sixth paragraph under Changed
Circumstances.

Now comes the Defendant, Anthony Leo, and requests this honorable court revisit the issue of bail due to factors not previously known, that now constitute 5th, 6th, 8th and 14th amendment violations of the U.S. Constitution and arts. 1,10,12 and 26 of the Massachusetts Declaration of Rights, and as reasons and support thereof states the following:

A.) That on 7/18/2002 Kern J. presiding, the Court denied Defendant's request to lower bail from $500,000 cash to $50,000 cash "[b]ased on "Flight Risk Only"(potential suicide), from hearsay statements by the D.A. See attached transcript of 7/18/02 bail hearing.

B.) That Defendant has been detained without a trial since 4/22/02, (31 months) which is far beyond the theoretical maximum under Speedy Trial Act, thus giving rise to Due Process, concerns. 5th Amendment of U.S. Constitution.

C. That since 4/22/02 the Defendant has had six (6) different attorneys appointed to his defense. This Court has allowed five (5) attorneys to withdraw from Mr. Leo's case at their own request. This constant changing of counsel is depriving the Defendant of his right to Effective Assistance of Counsel under Art. 12 of the Massachusetts Declaration of Rights and the <u>6th Amendment of U.S. Constitution.</u>

D.) That in setting bail at $500,000 cash, not considering "Any" other condition or combination of conditions, or giving any "Written Reasons" as to why "Only" this unusually high bail was necessary to secure Mr. Leo's appearance and by relying on "hearsay" statements by the D.A., Kern J. could not have found "a Preponderance of the Evidence"(reliable facts) to justify this bail amount. In doing so, Kern J. deprived the defendant of substantive Due Process analysis called for by U.S.C.18 § 3141 et seq; Federal Bail Reform Act and U.S.C.A. Constitutional Amendment 14.

E.) In setting a financial amount that Kern, J. knew was unattainable and guaranteed to secure the defendant's continued limitless pre-trial detention, she violated Mr. Leo's Constitutional Rights against Excessive Bail. See U.S.C.18 § 3141.

For the foregoing reasons, and as set forth more fully in the accompanying memorandum of law, this petition should be granted. Relief from these multiple Constitutional violations should be granted by releasing

the defendant on personal recognizance or lowering his bail to an attainable amount. This should be done so he may secure his freedom "BEFORE" trial to pursue his rights to bring an effective defense. At this point, the continued passing of this defendant's defense from lawyer to lawyer has irreparably damaged this petitioners' substantive right to assistance of counsel because the "harm" caused from such inaction over a period of time is cumulative.

    Wherefore, the petitioner, Anthony Leo, respectfully request that this court grant the relief requested in this petition.

                                                Respectfully Submitted,

                                                */s/ Anthony Leo*
                                                Anthony M. Leo

                                                Pro Se

Dated: _____, 2005

Certificate of Service

I hereby certify that a true copy of the above document was served upon the A.D.A. of Worcester County, by depositing the copy in the mail for collection and delivery by first class mail, postage pre-paid as follows, Joseph J. Reilly III, Worcester County D.A.'s office, 2 Main Street, Room 220, Worcester, MA 01608


_____
Anthony M. Leo