COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                                    WORCESTER SUPERIOR COURT
                                                 DOCKET NO: 02-0830


COMMONWEALTH OF MASSACHUSETTS  )
        Plaintiff              )
                               )
        v.                     )
                               )
        ANTHONY LEO            )
        Defendant              )


MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REVISIT BAIL
PURSUANT to M.G.L. c. 276, §58 - Changed Circumstances


Introduction

The Petitioner, Anthony Leo, respectfully submits this memorandum of law in support of his motion to Revisit Bail due to Changed Circumstances and ERRORS of law. The current bail requirement set on 7/18/02 by Kern, J. in Worcester Superior Court and subsequent detention caused by said order is currently violating several constitutionally protected rights of the defendant, and thus must be addressed as soon as possible. As of now, this court of the Commonwealth of Massachusetts is violating Mr. Leo's $5^{th}, 6^{th}, 8^{th}$ and 14th Amendment rights under the U.S.Constitution and Arts. 1,10,12 and 26 of the Mass. Bill of Rights.


Arguments

A.)     On 7/18/02 during a bail hearing pursuant to M.G.L. c. 276 §58, Kern,J. erroneously relied on "hearsay" statements by D.A. to determine that the Defendant would kill himself if he was allowed to secure his freedom. See Transcripts of 7/18/02 bail hearing accompanying

<u>this motion</u>. In doing so, Kern, J. never considered any other factors to be considered listed in M.G.L. c. 276 s.58 or The Bail Reform Act U.S.C.18 §3142, as she is required to do, and only after finding a Preponderance of the Evidence of reliable "facts" setting the "least restrictive" conditions or combination of conditions to secure defendants appearance, and if none will accomplish this, a financial demand can then be fixed, obeying the prohibition of setting Excessive Bail. 18U.S.C.§3142(b); also <u>U.S. v. Salerno 481 U.S. 739; Amie v. Com. 611 NE2d 204</u>. If Kern, J. had any concerns that the defendant was harmful to himself or others she was required under M.G.L. 123 §12 to have him evaluated by mental health professionals and to make sure the defendant did, in fact, pose a risk of suicide. The "hearsay" statement by the D.A., who is not an expert on mental health, was not reliable enough, on its own to meet a Preponderance standard needed in judging Flight risk. <u>See U.S. v Patriarca 948 F2d 789, 793 (1st Cir 1991)</u>. Furthermore, Massachusetts has never ruled whether using a suicide attempt in deciding bail issues is legal, or what statute it falls under, c.276 §58 or 58A.

 Mr. Leo has been diagnosed with Major Depression. Does using mental diseases to place citizens in jail violate the "American with Disabilities Act?" Major depression is a recognized disease that can be a lifelong issue. Psychiatric treatment is all one can do to fight this illness. Mr. Leo has done everything medically possible to treat his depression issues and to continue to deprive him of his freedom due to his disease is a form of discrimination violating his equal protection rights.

B.) <u>5th Amendment Violation; Length of Pre-Trial Detention</u>. Due Process Rights

The <u>Speedy Trial Act</u> deadlines, limit the length of pretrial detention. As a result of excludable time provisions, however, defendants in "complex" or <u>unusual cases</u> (such as this one) may indeed be detained far beyond the theoretical maximum under the <u>Speedy Trial Act</u>, thus giving rise to Due Process Concerns. The Supreme Court has left open the possibility that detention could become so long that it would violate the defendant's due process rights. <u>See U.S. v Salerno 481 U.S. 739; also U.S. v Tortora 922 F2d 880, 889(1st Cir)</u>

The only reason this detention has gone on for so long (31 months) can be attributed to the Court allowing five (5) attorneys to withdraw from this case. With the appointment of the sixth attorney, who will need several months be come familiar with the case and do the required work, this case might possibly be ready for trial within 6-12 months, adding another 6-12 months on to the 31 months the defendant has already been detained (37-43 months). For the reason's set forth, in <u>Lavallee v Justices of Hampden Sup. Court, 812 NE2d 895</u>, the Commonwealth of Massachusetts low pay rates, lack of counsel for indigent defendants etc., has deprived Mr. Leo of adequate and effective assistance of counsel to prepare for trial, and continues to add to the pre-trial detention of the Defendant. The continued passing of the defendant's case to new counsel every 6 months has irreparably damaged the petitioner's substantive rights to the assistance of counsel. The "HARM" caused by this inaction, the time it takes new

counsel to prepare and become familiar with the case, is cumulative over time. Soon this harm may become so great, that a fair trial will be impossible. U.S. v Reason 549 F2d 309; Wood v Zahradnick, 475 F.Supp 556, 559 Proffitt v U.S. 582 F2d 854, 858. Comm, v Fuller 475 NE2d 381, Art. 12; does not require defendant to provide actual prejudice once he has shown that counsel was burdened by actual conflict of interest, it provides greater protection than Sixth Amend. Com. v. Hodge 434 NE2d 1246. See also Com v. Roberio 700 NE 830; Com v. Trapp 668NE2d 327 at 359 and Com. v. Doucette 462 NE2d 1084.

Because the petitioner is seeking redress for the ongoing violations of his fundamental Constitutional rights that affect the manner in which the criminal case against him will proceed and be defended, it is enough that they have shown a violation of that right that "May" likely cause harm (irremediable) if not corrected. Luckey v. Harris 860 F2d 1012, 1017; Strickland v. Washington, 466 U.S. 668 at 685.


C.) Six (6) different attorneys were appointed to handle this case and this court has repeatedly allowed these same appointed attorneys to withdraw over and over. Every time new counsel is appointed it means that this new counsel will need 3-6 months to familiarize himself with this case. Any progress made by former counsel is gone and valuable time is lost forever. The case has become full of more and more confusing information. Too date not one person involved with this case has been interviewed or deposed and facts and

memories have become hazy. In 31 months almost nothing in my defense has been done. Out of the five appointed attorneys only two have been to the prison and each of those only once. Specific Defenses and trial strategies have never been discussed. Failure to investigate the possibility of the Insanity defense, where "facts known to, or accessible to, trial counsel raised a serious doubt as to defendants mental condition" constitutes ineffective assistance of counsel Com. v. Roberio Supra at 830. Critical stage opportunities may pass without a defendant's knowledge, and even if they can be revisited, the opportunity to fully develop them as fully had counsel been effective, may be impaired. Their are a myraid of responsibilities that counsel may be required to undertake that MUST be completed long before trial if the defendant is to benefit meaning from his right to counsel under Act 12. See Lavallee v. Just of Hampden Sup. Court 812 NE2d 903. For these reasons the petitioners ability to get a fair trial is severely in question.

D. & E.) When Kern, J. did not follow any of the provision of the Bail Reform Act or M.G.L c.276 §58 governing bail hearings, she violated the defendants right to Procedural Due Process, 14 Amend U.S. Constitution. Kern, J. never considered defendant's family ties, financial means, employment record, reputation, length of residence in community, lack of defaults, etc…. She relied on possibly erroneous "hearsay" statements from D.A. and never requested a mental health evaluation, as was within her power and required of her by M.G.L c.123 § 12, and would have

given her a much more reliable record to assess the defendant's alleged suicide risk, which is not even a consideration under c.276 §58. A preponderance of evidence was never relied upon to set this current completely <u>unreasonable</u> bail and violates Mr. Leo's right to protection from demand of Excessive bail. This amendment declaring that Excessive Bail shall not be required means that a defendant may not be capriciously held by demanding bail in such an amount that there is in fact a denial of bail, or detention without bail without informed reasons thereof. <u>Carlisle v. Landon 342 U.S. 524 U.S. v. Motlow 10 F2d 657. 8th Amend. U.S. v. Salerno 481 U.S. 739 Section 3142 (c)(2) if U.S.C.18</u> precludes a judicial officer from setting a financial condition that results in the pre-trial detention of the person. This provision does not require bail to be set at a figure that the defendant can "<u>readily</u>" post: "the court must be able to induce a defendant to go through great lengths to raise the funds without violating the condition in <u>Section 3142 (c)</u>. Even if the defendant "CANNOT" afford the bail amount, the condition may not plainly run afoul of the statute. <u>U.S. v. Mantecon-Zayas, 949 F2d 548, 550 (1st cir)</u>. However, courts of appeals have held that if the defendant informs the trial court that he cannot make the bail, the trial court "MUST," explain its reason for determining that the particular requirement is an "<u>indispensable</u>" component, reasonably necessary to secure appearance. See <u>Mantecon-Zayas at 548, 551</u>.

How does the demand of $500,000.00 cash stop someone from committing suicide? Kern, J. had only one reason for this unattainable cash demand- Guaranteed detention.

If Kern, J.'s reasoning was that by holding the defendant in jail, that would or could stop defendant from committing suicide, her reasoning is severely flawed because many depressed or mentally unstable people commit suicide or are murdered in jails and prisons. Prisons are not the dumping grounds for people with mental illnesses and they do not have the proper facilities or resources to properly monitor suicidal inmates. As such, this bail is again unconstitutional and does not follow within the protections of Due process of Excessive bail. "Bail in an amount engineered purposefully to guarantee continued confinement is excessive" Wagenmann v. Adams 829 F2d 196 (1st cir). Furthermore, setting a monetary amount to guarantee a poor man's imprisonment, when a rich man could buy his freedom is another form of discrimination- Pannell v. U.S. 320 F2d 698.

## CONCLUSION

For the foregoing reasons, the petitioner, Anthony Leo respectfully request that this court revisit the Issue of Bail and hold a new hearing to address the multiple claims of constitution violations that this petitioner claims. Also to lower cash amount demanded for bail, or set personal recognizance in accordance with the Mass. SJC's decision in Lavallee 812 NE2d 895 (2004) with the other appropriate conditions, i.e. stay on medication, live with mother, no drugs or alcohol, psych counseling and pretrial probation and allow the petitioner the ability to secure his freedom and participate with counsel to prepare his defense for

trial and to protect him from being unconstitutionally punished before he has even had a chance to face a jury of his peers. The petitioner also asks this honorable court to hear this petition <u>on</u> or before his next scheduled court date of Nov. 5th, 2004, so that these unconstitutional detention and ineffective assistance to counsel claims can be remedied as soon as possible. They have already continued far too long.

Respectfully Submitted,

Anthony Leo

Dated_____2004

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the A.D.A. of Worcester County, by depositing the copy in the mail for collection and delivery by first class mail, postage pre-paid as follows, Joseph J. Reilly III, Worcester County D.A.'s office, 2 Main Street, Room 220, Worcester, MA 01608

_____
Anthony M. Leo