FILED
IN CLERKS OFFICE

2005 JAN 25  P 3: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY LEO,                )
                           )
        Petitioner         )
                           )
        v.                 )
                           )        Civil Action No. 04-11006-JLT
COMMONWEALTH OF            )
MASSACHUSETTS ,            )
                           )
        Respondent         )
                           )
                           )

PETITIONERS OBJECTION TO RESPONDENTS MEMORANDUM IN OPPOSITION TO WRIT OF HABEAS CORPUS AND ACCOMPAYING AFFIDAVIT BY JOSEPH J. REILLY III, ESQ.

INTRODUCTION

The petitioner, Anthony Leo, submits the following brief objecting to the numerous misleading and or false statements made by respondent and also to the distortion of the state court proceedings the respondent presents to this honorable court.

OBJECTIONS TO STATEMENTS IN RESPONDENTS MEMORANDUM

1.      Pg2: Petitioner has not made numerous motions to reduce his bail in the Superior Court. Until December 21, 2004, the petitioner had filed only one motion to reduce his bail in Superior Court.  As of now, January 19, 2005 he has filed two (second motion on December 21, 2004).

1

2.      Pg2: Respondent fails to inform this court that the third Superior Court Judge Sweeney, J. concluded: "NO CHANGE IN CURCUMSTANCES" because she refused to believe that suicide risk was the reason for the $500,000 cash demand in the first place. As such, the proof that the defendant posed no suicide risk made NO difference to her. On September 17, 2004, the Massachusetts Supreme Judicial Court found "The sole reason for bail demand was the risk of flight by suicide, thus proving Sweeney, J. wrong.

3.      3.PG 3: Footnote #1 – petitioner's suicide attempt occurred BEFORE the allegations in his criminal case came to light, NOT AFTER. The petitioner's attorney also informed the court that the defendant had shown suicidal behavior in the past. During these times there were NO criminal acts committed or any evasion of prosecution (flight). This information is very important and proves this behavior was not an attempt to escape prosecution. Mr. Leo suffers from an illness that when untreated causes suicidal behavior. Using this illness to deny his freedom is discrimination. See Americans with Disabilities Act; Title II.

If petitioner's former counsel (Attorney John Goggins) did acknowledge this allegation, he was incorrect, as he was on many issues. Respondent is distorting what is actually said on Pg 7 of transcript.

As stated in petitioner's prior memorandum, the single justice and the Massachusetts S.J.C.'s decision are wholly unreasonable, were made without any supporting facts or evidence, and go against U.S. Supreme Court, Federal Court and its own precedents, case law and statutory law. The state court also placed the burden on the defendant to prove he would not commit suicide when the D.A. never proved he would. Any doubt to flight risk are to be determined in the defendant's favor. U.S. v. Motamedi; 767 F.2d 1403, 1406-07.

5.      The decision given by Hillman, J. on December 21, 2004 to the petitioner's motion was an abuse of discretion and error of law. In fact, it was complete denial to even decide the merits of petitioner's claims. See previous ruling on this motion.

## B. SPEEDY TRIAL CLAIMS

6. Pg 4: Commonwealth of Massachusetts has not complied fully with its discovery obligations with respect to the criminal case. Separate issue to be raised at later time.

7. Pg 4: The Commonwealth has never received any reciprocal discovery from the petitioner's attorneys because there is none to turn over. In the three years that I have been incarcerated almost nothing has been done by defense counsel to prepare for trial. The petitioner has continually complained about this lack of preparation to state judges and has been ignored every time. Failure to provide "effective assistance" of counsel to indigent defendants falls squarely on the state and cannot be borne by the defendant. See Lavallee v. Justices in Hampton Sup. CT_812 NE.2nd 895 at 911.

8. Pg 4: The record shows only thirteen motions have been filed by the defense. Four motions to withdraw; three for funds for experts the petitioner has never spoken to; One Discovery motion, One Suppression motion, two to Revisit Bail and one for transcripts. See respondents updated docket sheet Exhibit A. The respondent would like this honorable court to believe that these motions have taken three years to decide. In reality, the state court spent no more than 5-10 hours to decide all of these motions.

9. Pg 4: Petitioner has orally objected to three past attorneys motions to withdraw. He has argued that this action has prejudiced his defense and should not been allowed.   Superior Court Judges ignored this. Petitioner has been trying to obtain these transcripts since April 12, 2004 and has still not received them. They will prove respondents and D.A. Reilly's statements to be false.

10. Pg 5: Delay in setting trial date is due to ineffective assistance by appointed counsel and is the Commonwealth's fault. Allowing petitioner to post a reasonable bail would

allow him to prepare for trial, speak to his experts and attorneys, ready witnesses, etc. and let twelve of his peers decide his guilt or innocence, not a judge or D.A. before his trial has even begun.

## II. HABEAS PETITION

11. Pg 6: This honorable court should conduct a "De Novo" review of the legal issues because the state courts have never made any findings based on "FACTS". The Massachusetts S.J.C. decision goes against all findings by the U.S. Supreme Court on 8th Amendments violations. 28 U.S.C. § 2254 (D) (8) and Blackburn v. Alabama 361 U.S. 199,208-209, U.S. v. Salerno, 481 U.S. 739 and Stack v. Boyle, 342 U.S. 1,5

12. Excessive Bail, by definition, is a bail set deliberately unattainable to secure detention. State Court cannot "play dumb" to avoid deciding constitutional violations. Paragraph A claims and the Massachusetts Supreme Judicial Court decision are wholly unreasonable and without merit. See Carlisle v. Landon 342 U.S. 524 (Stack v. Boyle).

13. Pg7;(B) Petitioner has never claimed that the Commonwealth may not use risk of suicide as a "Flight Risk". The petitioner challenges the way (Due Process) the Commonwealth came to determine this risk. Massachusetts has never ruled on this issue has no provisional safeguards or standards, such as (Dangerousness) or the Federal Bail Reform Act provides. NO facts, doctors' evaluations or evidence of any kind was presented to prove petitioner was, or three years later, still is suicidal and will commit such act if released. The Commonwealth never met its burden of the preponderance of the evidence to prove flight risk or suicide risk. Petitioner was denied "Procedural Due Process". U.S. v Hanhardt 173 F. Supp 2d 801 and U.S. v. Tropiano 296 F. Supp 284 decide issues irrelevant to petitioner's. Lack of case law on petitioner's claims shows the unusualness of these violations and the need to address them.

4

14. The state record shows, indisputably, that the state courts made determinations with NO evidence or factual basis.

15. Petitioner is detained in a prison, not a hospital, and as such cannot get more evidence to present to the court. Only a judge can order an evaluation by a doctor on petitioner's risk of suicide. Even though state judges knew this, and were relying on unreliable information, they never exercised their power to answer the questions. This was an abuse of discretion. A judge cannot even civilly commit a person without doctor's evaluations and proof. Furthermore, pursuant to M.G.L. c 123, a committed suicidal person is reviewed every six months for release, and must be released once doctors state he is no longer suicidal or needs to be hospitalized. Mr. Leo has been denied all of these rights that are given to other similarly situated individuals and as such violated his equal Protection rights. See Foucha v. Louisiana 504 U.S. 71. Also Thompson v Com 438 NE2d 33; Com v. Nassar 406 NE2d 1286 and U.S. V. DeBellis 649 F.2d 1; Pino v. Higgins 75 F3d 1461 1467-68.

16. It is impossible for petitioner, from inside prison, to prove to the court that he will continue his treatment regimen. Petitioner has "voluntarily" followed this regimen for three years and WANTS to continue it anywhere he is. The petitioner also states that his family, who know him best, would not post his bail and allow him to live with them if they believed he would hurt himself. If the state judges wanted more proof, it was in their power to get it. They chose not to. Initial burden to prove flight risk is on the Commonwealth. Defendant does not need to prove he is NOT a flight risk. Commonwealth never met its burden. U.S. v. Jackson 823 F2d

17. Never, in the seven times the petitioner's bail has been reviewed has the state court explained how ONLY the demand of $500,000 cash will guarantee the petitioner will not commit suicide. Court must explain this. See U.S. v. Mantecon-Zayas 949 F2d 548 and 18 U.S.C.A. § 3142 (c) (e). Judge MUST choose the least restrictive conditions to assure

5

(reasonably) appearance. §3142 ( c) (2) precludes the judge from demanding a "financial condition that results in the pretrial detention of this person."

## II. SIXTH AMENDMENT CLAIMS

18. Pg9: Again the respondent has confused the 5th amendment claim with the 6th amendment claim. The petitioner has never and still is not making a "Speedy Trial Claim". What the petitioner is claiming is that what "might" have been a valid regulatory measure (high bail) has transformed into punishment by its length (3 years) see U.S. v. Gallo 653 F. Supp 320,399; U.S. v. Melendez-Carion, 790 F2d at 1008. These 5th amendment violations are not specifically "Speedy Trial" claims as the respondent thinks. Petitioner set forth a more detailed argument in his brief addressing merits of ground 4 of his petition. Docket #27. This claim only relates to the bail argument and sets forth reasons why the current bail demand should be lowered.

19. Pg10; We do not need to "assume" the current three year delay is uncommonly long and the record shows that the continued withdrawal by appointed counsel, the negligence of the state judges to inquire into this matter and the lack of pre-trial preparation by appointed counsel has caused this delay. As discussed earlier, the systematic failures still fall squarely on the Commonwealth, not the indigent defendant in prison.

20. The petitioner has been severely prejudiced by this long delay and he cannot even determine the extent yet because counsel has still not even investigated his defense. The petitioner refuses to tell the prosecution the specifics of his defense at this time but a Motion to Dismiss for Prejudicial Delay" will be filed in the state courts once the extent of the damage is fully assessed. See Avery v. Alabama 308 U.S. 444, 446; Kimmelman v. Morrison 477 U.S. 365, 377; Com v. Roberio 700 NE2d 830; Com v. Trapp 668 NE2d 327.

CONCLUSION

For the foregoing reasons, the petitioner prays that this honorable court finds that the petitioner has done everything in his power to "fairly present" all his claims to the state courts and as such has fulfilled his exhaustion requirement. If this court finds a claim unexhausted, the petitioner asks this court to allow the petition to be "amended" to bring only the exhausted claims, or grant the petitioner 's motion to "Stay" (paper #30 31, of docket) the state court proceedings while he presents the unexhausted claims to the Single Justice and the full court of the Massachusetts Supreme Judicial Court prosecuting this state appeal will take the petitioner 3- 9 months.

Furthermore, the petitioner also asks this honorable court to grant the accompanying motion pursuant to rule 8 of the rules governing Habeas corpus proceedings, to hold an evidentiary hearing to, once and for all, ascertain the "facts" in this case. The state court record fails to find ANY facts to adequately decide this case. If this honorable court would hold an evidentiary hearing and allow both sides to be present, and give 10-20 minutes each of oral arguments, this court would completely understand the facts and history of this case and be in a much better position to make its decision.

Respectfully Submitted

*Anthony M. Leo*

Anthony Leo. Pro Se
5 Paul X Tivnan Drive
West Boylston, MA 01583

January 24, 2005

7

Certificate of Service

I, Anthony Leo, hereby certify that a true copy of the above document was served upon the respondent, Maura D. McLaughlin, A.A.G. Comm. of Mass, by depositing the copy in the institution depository for pick up and delivery be first class mail, postage prepaid, as follows:

Attorney Generals Office

Comm. Of Massachusetts

Criminal Bureau

Attn: Maura McLaughlin

1 Ashburton Place

Boston, MA 02108