UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY LEO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11006-JLT |
| | ) | |
| COMMONWEALTH OF | ) | |
| MASSACHUSETTS, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S MEMORANDUM OF LAW
IN OPPOSITION TO PETITIONER'S MOTION
TO REVISIT THE ISSUE OF BAIL AND TO HOLD AN EVIDENTIARY HEARING**

**Introduction**

The Commonwealth of Massachusetts, the respondent in the above-captioned action,

submits the following memorandum in opposition to the motion to revisit the issue of bail

(docket entry # 43) and the motion to hold an evidentiary hearing (docket entry # 47) filed by

Anthony M. Leo (hereinafter, "the petitioner").  As grounds for this opposition, and as is set

forth more fully herein, the respondent states that the motion to revisit the issue of bail should be

denied because the petitioner has not exhausted the claims in his motion in the state court.

Moreover, to the extent that the motion relies on the earlier claim brought to the Massachusetts

Supreme Judicial Court ("the SJC") that his bail was excessive because it was designed to effect

his pretrial detention, the motion must fail because the SJC has held that this claim was waived,

and thus relief in federal court is barred by the procedural default rule.  Furthermore, the motion

should be denied because the state court has properly determined that the bail which has been set

is necessary because the plaintiff presents a risk of committing suicide and therefore rendering himself unavailable for trial.  The motion for an evidentiary hearing should also be denied because the petitioner has not exhausted his claim of "changed circumstances" in the state court.

**Background**

On June 13, 2002, the petitioner was indicted by a Worcester County Grand Jury for four (4) counts of aggravated rape, two (2) counts of breaking and entering in the daytime to commit a felony, and two (2) counts of larceny from a building.  *See* Docket Sheet for *Commonwealth v. Anthony Leo*, Worcester Superior Court Criminal Action No. 2002-00830, attached to the Supplemental Answer, previously filed, as Exhibit 1.  On June 17, 2002, the petitioner pleaded not guilty to the charges against him.  *Id.*  That same day, bail was set for the petitioner in the amount of $5,000,000 surety or $500,000 cash.  *Id.*

The petitioner made numerous motions to reduce his bail in the Superior Court and before a single justice of the SJC.  The petitioner, through counsel, received a hearing before the single justice of the SJC on June 18, 2003, on his arguments regarding his claim for a reduction in bail.  *See* Petitioner's Appendix of Additional State Court Records and Transcripts of Prior Bail Hearings, previously filed, Exhibit 4.  (Certain additional specifics of the petitioner's bail motions are set forth in the text of the SJC decision set forth below.)   The single justice, after the hearing, denied the petitioner's request for a reduction in the amount of his bail.  On July 28, 2003, the petitioner filed an appeal in the SJC on the issue of whether the Superior Court and the single justice of the SJC acted correctly in refusing to lower his bail.  *See* Updated Docket Sheet for *Anthony Leo v. Commonwealth*, SJC-09074, attached hereto as Exhibit A.

On September 17, 2004, the SJC issued a decision denying the petitioner's appeal of his

bail claim.  *See Anthony Leo v. Commonwealth,* 442 Mass. 1025 (2004).  In this decision, the

SJC explained:

> [The petitioner] was indicted on several charges of aggravated rape, breaking and
> entering, and larceny.  At his arraignment, a judge in the Superior Court set bail in
> the amount of $5,000,000, with surety, or $500,000 cash, without prejudice.  *See*
> G.L. c. 276, § 57.  The following month, a hearing was held before a second
> judge on [the petitioner's] request to reduce his bail to $200,000 with surety or
> $20,000 cash.  The judge refused to reduce the bail on the sole basis that [the
> petitioner] presented a suicide risk, and thus presented a flight risk.  Several
> months later, [the petitioner] again sought a reduction in his bail in the Superior
> Court, this time to $50,000 cash, on the ground that he no longer posed a suicide
> risk.  He submitted "progress notes" from a social worker who apparently
> interviewed him while he was in custody, and who concluded that he presented
> "[n]o imminent risk of harm to self/others."  A third judge in the Superior Court
> denied the motion, concluding: "Denied -- declined to act -- no change in
> circumstances."
>
> Thereafter, [the petitioner] filed his petition in the county court seeking a
> reduction in his bail to $50,000 cash.  Again he argued that, based on the same
> social worker's progress notes, that he was no longer a suicide risk.[1]  He further
> claimed that, because he no longer posed a suicide risk, his bail was excessive.
> At the hearing before the single justice, [the petitioner] asserted that he was
> successfully being treated for major depression while in custody, and that his
> mother was willing to post $50,000 bail on his behalf.  The single justice
> concluded that the lower court had not erred in declining to reduce the bail, *see*
> *Commesso v. Commonwealth,* 369 Mass. 368, 373-74 (1975), because, despite
> [the petitioner's] reported success in addressing his depression while in custody,
> "that [was] no indicator, at least not on the materials [before the single justice],
> that the treatment and medication could realistically be continued on the outside
> in the absence of that [custodial] setting.  Whether he would commit suicide or
> whether he would engage in some other desperate measure to avoid capture or
> avoid facing up to these charges, it is still a very significant flight risk that is
> presented here."
>
> On appeal, [the petitioner] claims that (1) $500,000 cash bail is unwarranted

---

[1] Notably, during the hearing before the single justice of the SJC on June 18, 2003,
counsel for the petitioner acknowledged that the petitioner had attempted suicide shortly after the
allegations in his criminal case came to light and was in the midst of that attempt when the police
apprehended him. *See* Petitioner's Appendix of Additional State Court Records and Transcripts
of Prior Bail Hearings, Exhibit 4, p. 7 (previously filed with this Court).

because, based on the social worker's progress notes, he demonstrated that he was
no longer a suicide risk, and (2) the bail amount is unconstitutionally excessive
because it was effectively designed to ensure his pretrial detention. . . . There was
no abuse of discretion or error of law here.  A review of the record supports the
single justice's conclusion that [the petitioner] failed to present any information to
her to ensure that he would continue to follow his treatment regime if released. []
As for his claim that the bail amount is excessive because it was designed to
guarantee his pretrial detention, he waived that claim by failing to raise it before
the single justice.

*Anthony Leo v. Commonwealth*, 442 Mass. at 1025-26.

On December 2, 2004, the petitioner moved again for a reduction in bail, citing a change

in circumstances. *See* Updated Docket Sheet for *Anthony Leo v. Commonwealth*, SJC-09074,

attached hereto as Exhibit A, Paper No. 30.  On December 21, 2004, a Justice of the Superior

Court denied the motion, finding that there had been no change in circumstances. *See id.*

## Argument

I.      **The Petitioner's Motion to Revisit the Issue of Whether His Bail Is Excessive in
Violation of the Eighth Amendment Should Be Denied.**

A.      The Motion to Revisit Bail must Be Denied Because the Claim Was Never
Exhausted in the State Court.

Federal courts require that claims in petitions under Section 2241, like those in petitions

under Section 2254, be exhausted in the state's highest court.  *See Moore v. DeYoung*, 515 F.2d

437, 442 (3rd Cir. 1975); *Hirsch v. Smitley*, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999).  Here, the

petitioner has not exhausted the claims which he raises in his motion to revisit bail. *See Rose v.*

*Lundy,* 455 U.S. 509, 518-19 (1982)*; Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert.*

*denied,* 513 U.S. 1129 (1995).

On December 2, 2004, the petitioner moved, in state court, to revisit the issue of bail,

citing "changed circumstances." *See* Motion to Revisit the Issue of Bail Pursuant to M.G.L. c.

276, § 58, sixth paragraph under changed circumstances, attached hereto as Exhibit B.  He also

asserted, in his memorandum in support of his motion, that his motion was based upon alleged

"errors of law."  *See* Memorandum of Law in Support of Motion to Revisit Bail Pursuant to

M.G.L. c. 276, § 58 -- Changed Circumstances, attached hereto as Exhibit C.  On December 21,

2004, the Superior Court (Hillman, J.) denied this motion, finding that there had been no change

in circumstances. *See* Exhibit D hereto.  There is no suggestion either in the record or in the

motion before this Court that the petitioner took any appeal from the denial of his motion.[2] *See,*

*e.g.,* Exhibit A.  The petitioner has not, therefore, presented either his factual assertions of

alleged changed circumstances, or his legal arguments about claimed "errors of law" to the SJC.

*Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819-20 (1st Cir. 1988)(in Massachusetts, a claim is

not exhausted unless it is presented to the Massachusetts Supreme Judicial Court).  In order to

present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of

*both* the factual and legal underpinnings of the claim," *Scarpa*, 38 F.3d at 6 (emphasis added),

and the theory that the petitioner advances in his habeas petition must be the same as that relied

upon in state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987).  It is the petitioner's heavy

burden to demonstrate that any federal errors in the state court proceedings were fairly presented

to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). Since the

petitioner does not and cannot show that he has presented the factual and legal underpinnings of

---

[2] Undersigned counsel has reviewed the Superior Court docket and has conducted a search of the Massachusetts Appellate Court databases in order to determine if the petitioner has appealed from the denial of his December, 2004, motion.  Counsel's searches have not disclosed any evidence of an appeal from the motion.  It should be noted, however, that it is the petitioner's burden to prove that his claim is exhausted, and not the respondent's burden to prove the negative. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989).

his most recent arguments regarding bail to the SJC, this Court should deny his motion to revisit

bail.

> B.      The Petitioner's Motion to Revisit Bail Must Be Denied Because The Claim That
>         Bail Is Excessive Because it Is Effectively Designed to Hold the Petitioner in
>         <u>Detention Before Trial Must Fail Because it Was Waived at the State Court</u>
>         <u>Level.</u>

To the extent that the petitioner's motion relates to the bail claim which has been

addressed by the SJC (and not to his subsequent, unexhausted claim), the motion must be denied

because review of the petitioner's claim, namely that his bail is excessive since it is effectively

designed to secure his pretrial detention, is precluded by the procedural default rule.  *See Brewer*

*v. Marshall*, 119 F.3d 993, 999 (1st Cir. 1997), *cert. denied,* 522 U.S. 1151 (1998).  The SJC

clearly found that this claim had been waived by the petitioner's failure to raise it before the

single justice of the SJC.  *See Leo v. Commonwealth,* 442 Mass. at 1026 (the SJC held that "[a]s

for [the petitioner's] claim that the bail amount is excessive because it was designed to guarantee

his pretrial detention, he waived that claim by failing to raise it before the single justice").

Accordingly, the SJC's decision is based on an independent state law ground which is separate

from the constitutional challenge, and this decision should not be reviewed by this Court.

The Supreme Court has held that in the interests of comity and federalism, a habeas court

should "not review a question of federal law decided by a state court if the decision of that court

rests on a state law ground that is independent of the federal question and adequate to support the

judgment."  *Boutwell v. Bissonnette*, 66 F.Supp.2d 243, 245 (D. Mass. 1999), *quoting Coleman*

*v. Thompson*, 501 U.S. 722, 729 (1991).  Such independent and adequate state grounds exist

where, as here, "the state court declined to hear [the federal claims] because the prisoner failed to

meet a state procedural requirement." *Simpson v. Matesanz*, 175 F.3d 200, 206 (1st Cir. 1999),

*cert. denied*, 528 U.S. 1082 (2000), *quoting Brewer,* 119 F.3d at 999; *see also Burks v. Dubois*, 55 F.3d 712, 716 (1st Cir. 1995).

To overcome this procedural default to permit federal habeas review, the petitioner must demonstrate either (1) cause and prejudice for the default, or (2) a failure to review the claim will result in a "fundamental miscarriage of justice," *i.e.*, the conviction of an innocent person. *Coleman v. Thompson*, 501 U.S. at 750.  In this case, the petitioner cannot demonstrate either. The petitioner's simple failure to raise to raise the argument that his bail was excessive because it was designed to effect his pretrial detention does not establish cause to excuse this procedural default.  *See Murray v. Carrier*, 477 U.S. at 486 (counsel's failure to recognize a claim or failure to raise a recognized claim does not constitute "cause"); *Engle v. Isaac*, 456 U.S. at 134 (counsel's alleged unawareness of objection not sufficient to constitute "cause").  Moreover, declining to review this claim will not cause the conviction of an innocent person.  Accordingly, the petitioner's claim that bail was set in such a way as to guarantee his pretrial detention is barred by the rule of procedural default.

      C.      The Petitioner's Motion to Revisit the Issue of Bail Must Be Denied to the Extent it Rests on His Assertion That His Bail Is Excessive Because He Is Not a Flight Risk.

The petitioner's motion to revisit the issue of bail based on a claim that the Commonwealth may not hold him based on a suicide risk must also fail.  The Supreme Court has clearly held that "the Government may permissibly detain a person suspected of committing a crime prior to a formal adjudication of guilt." *Bell v. Wolfish***,** 441 U.S. 520, 534 (1979), *quoting Gerstein v. Pugh,* 420 U.S. 103, 111-114 (1975).  It is further unquestionable that "the Government has a substantial interest in ensuring that persons accused of crimes are available for

trials and, ultimately, for service of their sentences, [and] that confinement of such persons pending trial is a legitimate means of furthering that interest." *Id., citing Stack v. Boyle,* 342 U.S. 1, 4 (1951). An accused who is found to pose a risk of avoiding trial by means of suicide may reasonably be seen as a flight risk. *See United States v. Hanhardt,* 173 F.Supp.2d 801, 804-07 (N.D. Ill 2001); *United States v. Tropiano*, 296 F.Supp. 284, 286 (D. Conn. 1968).

Here, the record indisputably shows that the state court has determined that the petitioner poses a risk of evading trial through suicide. *See Leo v. Commonwealth*, 442 Mass. 1025 (2004). Before at least one justice of the Superior Court, the single justice of the SJC, and the SJC as a whole, the petitioner argued that he was no longer a flight risk through suicide because, while on a course of treatment and medication during his pre-trial incarceration, he had been found to no longer pose an imminent risk of harm to himself or others. *See id.* The single justice of the SJC found this evidence insufficient to constitute grounds to reduce the bail, because

> despite [the petitioner's] reported success in addressing his depression while in custody, 'that [was] no indicator, at least not on the [] materials [before the single justice], that the treatment and medications could realistically be continued on the outside in the absence of that custodial setting. Whether he would commit suicide or whether he would engage in some other desperate measure to avoid capture or avoid facing up to these charges, it is still a very significant flight risk that is presented here.'

*Id.* The SJC held that the single justice had not erred because "the record supports the single justice's conclusion that [the petitioner] failed to present any information . . . to ensure that he would continue to follow his treatment regiment if released." *Id.* Moreover, since the time of the SJC's decision, another state court justice of the Superior Court has declined to lower the petitioner's bail, finding that there has been no change in the petitioner's circumstances. *See* Updated Docket Sheet, Exhibit A. Accordingly, the state court has clearly made the factual

8

determination that the petitioner poses a substantial risk of flight via suicide.[3]  In light of the

state court's factual determination that the petitioner is a flight risk, it cannot be disputed that

there is a right to hold him in order to secure his presence at trial, and the petitioner's excessive

bail claim must be denied.

**II.    The Petitioner's Motion for an Evidentiary Hearing Should Be Denied Because the Petitioner's Claims Are Not Exhausted.**

Since the petitioner has failed to present the claims underlying his motion to revisit bail

to the SJC, this Court should not hold an evidentiary hearing on the claims.  The purpose of the

exhaustion requirement[4] is to ensure that state courts have the first opportunity to correct any

own constitutional errors made in their proceedings.  *Rose*, 455 U.S. at 518 (exhaustion

requirement enables federal courts to accord appropriate respect to the sovereignty of the states

and promotes comity by "minimiz[ing] friction between our federal and state systems of

justice").  *See also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S.

241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured

by the Constitution").  Here, the petitioner's request to further develop the factual record is

appropriately accomplished by moving for reconsideration of the Superior Court's determination

---

[3]  In the case of *Gonzalez v. Justices of the Municipal Court of Boston, et al.,* 382 F.3d 1(1st Cir. 2004), the Court of Appeals for the First Circuit indicated that it was "inclined to believe" that habeas cases brought under Section 2241, as opposed to Section 2254, required the federal court to conduct a *de novo* review of legal issues raised by the petition.  *See Gonzalez*, 382 F.3d at 6-7.  Even in Section 2241 cases, however, the reviewing habeas court must defer to the state court's finding of fact.  *See id., citing Sumner v. Mata,* 455 U.S. 591, 591-92 (1982)(per curiam).

[4] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  *See also Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 819 (1st Cir. 1988).

on the motion to revisit bail[5] or by making an appeal to the Massachusetts Appeals Court (and then the SJC) asserting that the denial of an evidentiary hearing was a violation of his constitutional rights.  Unless and until the petitioner exhausts the possibilities of receiving additional factfinding in the state court, this Court should not grant a federal court evidentiary hearing.[6]

### Conclusion

For the foregoing reasons, the respondent respectfully requests that this Court deny the petition for a writ of habeas and dismiss the petitioner's complaint in its entirety.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/  Maura D. McLaughlin
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: April 26, 2005

---

[5] Indeed, since the request for a new hearing on the bail issue does not appear in the motion itself and only appears in the last paragraph of the memorandum it is entirely possible that the Superior Court did not register the motion as seeking a hearing rather than just a reduction in bail.

[6] While it is true that the petitioner did not receive an evidentiary hearing on his previous petition to the single justice of the SJC, the single justice did hear from his counsel at length and explored the factual arguments which the petitioner advanced at that time.  *See* Petitioner's Appendix of Additional State Court Records and Transcripts of Prior Bail Hearings, previously filed, Exhibit 4.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Anthony M. Leo, on April 26, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, as follows: Anthony M. Leo, Worcester County Correctional Facility, 5 Paul X. Tivnan Drive, West Boylston, Massachusetts 01583.

/s/  Maura D. McLaughlin
Maura D. McLaughlin