FILED
IN CLERKS OFFICE

2005 APR 27  P 12: 03

U S DISTRICT COURT
DIST OF MASS

# EXHIBIT A

# Commonwealth of Massachusetts
# WORCESTER SUPERIOR COURT
## Case Summary
## Criminal Docket

## Commonwealth v Leo, Anthony M

Details for Docket: WOCR2002-00830

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | WOCR2002-00830 | **Caption:** | Commonwealth v Leo, Anthony M |
| **Entry Date:** | 06/13/2002 | **Case Status:** | Crim 1 (204 Worcester) |
| **Status Date:** | 06/26/2003 | **Session:** | Active |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 06/17/2002 | **Jury Trial:** | NO |

## Parties Involved

3 Parties Involved in Docket: WOCR2002-00830

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Leo | **First Name:** | Anthony M |
| **Address:** | 5 Paul Tivnan Road | **Address:** | |
| **City:** | West Boylston | **State:** | MA |
| **Zip Code:** | 01583 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Police agency |
| **Last Name:** | Worcester Police Department | **First Name:** | |
| **Address:** | | **Address:** | |

**City:**                                      **State:**

**Zip Code:**                                  **Zip Ext:**

**Telephone:**

---

# Attorneys Involved

6 Attorneys Involved for Docket: WOCR2002-00830

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Cronin | **First Name:** | Daniel W |
| **Address:** | PO Box 676 | **Address:** | 31 Turkey Hill Road |
| **City:** | Lunenburg | **State:** | MA |
| **Zip Code:** | 01462 | **Zip Ext:** | |
| **Telephone:** | 978-582-0700 | **Tel Ext:** | |
| **Fascimile:** | 978-582-9997 | **Representing:** | Leo, Anthony M (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | WORC02 |
|---|---|---|---|
| **Last Name:** | Reilly III | **First Name:** | Joseph J |
| **Address:** | 2 Main Street | **Address:** | Courthouse Room 220 |
| **City:** | Worcester | **State:** | MA |
| **Zip Code:** | 01608 | **Zip Ext:** | 1176 |
| **Telephone:** | 508-792-0214 | **Tel Ext:** | |
| **Fascimile:** | 508-831-9899 | **Representing:** | Commonwealth, (Plaintiff) |

| **Attorney Involved:** | | **Firm Name:** | MA154 |
|---|---|---|---|
| **Last Name:** | Roemer | **First Name:** | John |
| **Address:** | 340 Main Street | **Address:** | Room 724 |
| **City:** | Worcester | **State:** | MA |
| **Zip Code:** | 01608 | **Zip Ext:** | 1601 |
| **Telephone:** | 508-791-9288 | **Tel Ext:** | |
| **Fascimile:** | 508-753-7662 | **Representing:** | Leo, Anthony M (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | FISH03 |
|---|---|---|---|
| **Last Name:** | Goggins | **First Name:** | John M |
| **Address:** | 47 Harvard Street | **Address:** | |

| | | | | |
|---|---|---|---|---|
| **City:** | Worcester | | **State:** | MA |
| **Zip Code:** | 01609 | | **Zip Ext:** | 2876 |
| **Telephone:** | 508-791-3466 | | **Tel Ext:** | 5088 |
| **Fascimile:** | | | **Representing:** | Leo, Anthony M (Defendant) |

| | | | | |
|---|---|---|---|---|
| **Attorney Involved:** | | | **Firm Name:** | GLIC01 |
| **Last Name:** | Gribouski | | **First Name:** | James J |
| **Address:** | 11 Harvard Street | | **Address:** | PO Box 2917 |
| **City:** | Worcester | | **State:** | MA |
| **Zip Code:** | 01613 | | **Zip Ext:** | 2917 |
| **Telephone:** | 508-756-6206 | | **Tel Ext:** | |
| **Fascimile:** | 508-831-0443 | | **Representing:** | Leo, Anthony M (Defendant) |

| | | | | |
|---|---|---|---|---|
| **Attorney Involved:** | | | **Firm Name:** | |
| **Last Name:** | LoConto | | **First Name:** | Christopher P |
| **Address:** | 56 William Street | | **Address:** | |
| **City:** | Worcester | | **State:** | MA |
| **Zip Code:** | 01609 | | **Zip Ext:** | |
| **Telephone:** | 508-795-1300 | | **Tel Ext:** | |
| **Fascimile:** | 508-791-7300 | | **Representing:** | Leo, Anthony M (Defendant) |

## Calendar Events

47 Calendar Events for Docket: WOCR2002-00830

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 06/17/2002 | 09:00 | Arraignment | 1 | Event held as scheduled |
| 2 | 07/16/2002 | 09:00 | Conference: Pre-Trial | 1 | Event not held--joint request |
| 3 | 07/18/2002 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 4 | 10/21/2002 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 5 | 11/14/2002 | 09:00 | Hearing: Non-evidentiary-Counsel | 1 | Event held as scheduled |
| 6 | 11/22/2002 | 09:00 | Conference: Status Review | 1 | Event rescheduled by court pric date |
| 7 | 12/09/2002 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 8 | 12/19/2002 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 9 | 01/10/2003 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |

| 10 | 02/10/2003 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 11 | 02/19/2003 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 12 | 03/20/2003 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 13 | 05/22/2003 | 09:00 | Bail: Review | 1 | Event held as scheduled |
| 14 | 06/04/2003 | 09:00 | Conference: Pre-Trial | 1 | Event rescheduled by court pric date |
| 15 | 06/23/2003 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 16 | 07/17/2003 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 17 | 08/28/2003 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 18 | 09/12/2003 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 19 | 10/30/2003 | 09:00 | Hearing: Non-evidentiary-Counsel | 2 | Event held as scheduled |
| 20 | 10/31/2003 | 09:00 | Hearing: Motion | 1 | Event held as scheduled |
| 21 | 11/10/2003 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event rescheduled by court pric date |
| 22 | 12/10/2003 | 09:00 | Hearing: Motion | 1 | Event held as scheduled |
| 23 | 12/16/2003 | 09:00 | Hearing: Motion | 1 | Event held as scheduled |
| 24 | 01/15/2004 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 25 | 01/15/2004 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 26 | 02/26/2004 | 09:00 | Hearing: Non-evidentiary-Counsel | 1 | Event held as scheduled |
| 27 | 02/26/2004 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event canceled not re-schedule |
| 28 | 04/07/2004 | 09:00 | TRIAL: by jury | 1 | Event canceled not re-schedule |
| 29 | 04/12/2004 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 30 | 04/13/2004 | 09:00 | Hearing: Non-evidentiary-Counsel | 1 | Event held as scheduled |
| 31 | 05/14/2004 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 32 | 06/11/2004 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 33 | 07/23/2004 | 09:00 | Conference: Pre-Trial | 1 | Event held as scheduled |
| 34 | 09/16/2004 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event not reached by Court |
| 35 | 10/01/2004 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event rescheduled by court pric date |
| 36 | 10/07/2004 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event canceled not re-schedule |
| 37 | 10/07/2004 | 09:00 | Hearing: Non-evidentiary-Counsel | 1 | Event held as scheduled |
| 38 | 11/05/2004 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event not held--req of Defenda |
| 39 | 12/02/2004 | 09:00 | Hearing: Evidentiary-suppression | 1 | Event continues over multiple d |
| 40 | 12/17/2004 | 09:00 | Bail: Review | 1 | Event not held--joint request |
| 41 | 12/21/2004 | 09:00 | Bail: Review | 1 | Event moved to another sessior |

| 42 | 12/21/2004 | 09:00 | Bail: Review | 2 | Event held as scheduled |
| 43 | 02/03/2005 | 14:00 | Hearing: Evidentiary-suppression | 1 | Event held as scheduled |
| 44 | 02/18/2005 | 09:00 | Status: Motion review/assignment | 1 | Event held as scheduled |
| 45 | 03/02/2005 | 09:00 | Conference: Status Review | 1 | Event held as scheduled |
| 46 | 04/06/2005 | 09:00 | Conference: Status Review | 1 | Event rescheduled by court prior date |
| 47 | 05/06/2005 | 09:00 | Conference: Status Review | 1 | |

## Full Docket Entries

118 Docket Entries for Docket: WOCR2002-00830

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 06/13/2002 | 1 | Indictment returned |
| 06/17/2002 | | Deft arraigned before Court (Donohue,J) |
| 06/17/2002 | | Committee for Public Counsel Services appointed |
| 06/17/2002 | | Legal counsel fee assessed: $100.00 |
| 06/17/2002 | | RE Offense 1:Plea of not guilty |
| 06/17/2002 | | RE Offense 2:Plea of not guilty |
| 06/17/2002 | | RE Offense 3:Plea of not guilty |
| 06/17/2002 | | RE Offense 4:Plea of not guilty |
| 06/17/2002 | | RE Offense 5:Plea of not guilty |
| 06/17/2002 | | RE Offense 6:Plea of not guilty |
| 06/17/2002 | | RE Offense 7:Plea of not guilty |
| 06/17/2002 | | RE Offense 8:Plea of not guilty |
| 06/17/2002 | | Bail set: $5,000,000.00 with surety or $500,000.00 without prejudice |
| 06/17/2002 | | (Donohue,J) |
| 07/18/2002 | 3 | ORDERED: that the Defendant submit to the taking of a specimen |
| 07/18/2002 | 3 | consisting of a sample of whole blood from his person for the purpose |
| 07/18/2002 | 3 | of comparative analysis by the Department of State Police Crime |
| 07/18/2002 | 3 | Laboratory or Cellmark Diagnostics. It is further ordered that the |
| 07/18/2002 | 3 | above-described procedure by performed in a forensically acceptable |
| 07/18/2002 | 3 | manner by an individual certified in the DNA collection kits. (Leila |
| 07/18/2002 | 3 | Kern, Justice) |
| 07/18/2002 | 2 | Motion by Commonwealth: For Blood Sample - ALLOWED (Kern,J) |
| 07/18/2002 | | After hearing same bail (Kern,J) |
| 09/09/2002 | 4 | Motion by Deft: to Dismiss Appointed Counsel and to Appoint New |
| 09/09/2002 | 4 | Counsel |
| 11/04/2002 | 5 | Motion by Deft: for Disclosure of Follow-Up Investigations |

| | | |
|---|---|---|
| 11/14/2002 | | RE: Paper #4:Motion by Deft: to dismiss appointed counsel and to |
| 11/14/2002 | | appoint new counsel; After hearing, no action taken given court's |
| 11/14/2002 | | allowance of counsel's motion to withdraw on 11/14/02. (John |
| 11/14/2002 | | S.McCann, J.) |
| 11/14/2002 | 6 | Withdrawal of appearance requested by John Roemer by written motion |
| 11/14/2002 | 6 | with accompanying affidavit filed in court. |
| 11/14/2002 | | Motion (P#6) allowed (John S. McCann, Justice). Parties notified in |
| 11/14/2002 | | open court. |
| 11/14/2002 | | Appointment of Counsel John M Goggins |
| 03/20/2003 | 7 | Motion by Deft: for funds for a forensic psychiatric evaluaton filed |
| 03/20/2003 | 7 | in court. Allowed by the Court.John S. McCann, Justice. |
| 03/28/2003 | 8 | Deft files motion for funds - Allowed (Goggins,J) |
| 04/03/2003 | 9 | Court Reporter Rattigan, Linda is hereby notified to prepare one copy |
| 04/03/2003 | 9 | of the transcript of the evidence of July 18, 2003. |
| 04/22/2003 | | Transcript of testimony received volumes # 1 Bail hearing from court |
| 04/22/2003 | | reporter, Rattigan, Linda |
| 05/22/2003 | 10 | Motion by Deft: To Revisit the Issue of Bail - DENIED - Declined to |
| 05/22/2003 | 10 | Act - No Change in Circumstances (Sweeney,J) - copy sent 5/22/03 |
| 05/22/2003 | 12 | Motion by Deft: Motion For Funds - ALLOWED (Sweeney,J) |
| 05/22/2003 | 11 | NOTICE of APPEAL FILED by Anthony M Leo |
| 06/19/2003 | 13 | Notice of Docket Entry from Supreme Judicial Court for Suffolk |
| 06/19/2003 | 13 | county - Your are hereby notified that on June 18, 2003, the |
| 06/19/2003 | 13 | following was entered on the docket of SJ-2003-0258 JUDGMENT: |
| 06/19/2003 | 13 | denying relief under c211 s3 after a hearing (Sosman,J) (See Judgment) |
| 06/26/2003 | 14 | Notice of Entry of appeal received from the Supreme Judicial Court |
| 08/01/2003 | 15 | Deft files Motion for funds (pharmacologist and toxicologist |
| 08/01/2003 | 15 | evaluation) |
| 08/01/2003 | | Motion (P#15) allowed in an amount not to exceed $1500.00 at the |
| 08/01/2003 | | authorized CPCS rate (Ralph D. Gants, Justice). |
| 10/31/2003 | 16 | Motion by Deft: for Funds and Affidavit , filed in Court and |
| 10/31/2003 | 16 | IMPOUNDED by the Court (McCann, J) |
| 10/31/2003 | 17 | Motion by Deft: to Impound Motion for Funds and Affidavit in Support, |
| 10/31/2003 | 17 | filed in Court |
| 10/31/2003 | | Motion (P#17) allowed (John S. McCann, Justice). Counsel present |
| 12/10/2003 | 18 | Motion by Deft: to Impound |
| 12/16/2003 | 19 | Motion by Deft: NEW MOTION TO IMPOUND |
| 12/16/2003 | 20 | Motion by Deft: MOTION FOR FUNDS FOR A FORENSIC PSYCHIATRIST |
| 12/16/2003 | 20 | (IMPOUNDED) |
| 12/16/2003 | | Hearing on (P#19 & 20) motion to impound and motion for funds held, |
| 12/16/2003 | | matter taken under advisement (Fahey,J.) |
| 12/16/2003 | | Motion (P#19) allowed, After hearing and consideration, this motion |

| | | |
|---|---|---|
| 12/16/2003 | | to impound is allowed, good cause hearing been shown (Elizabeth M. |
| 12/16/2003 | | Fahey, Justice). Copies mailed December 16, 2003 |
| 12/16/2003 | | Motion (P#20) allowed up to $2,800.00 ie up to $350.00 per hour up to |
| 12/16/2003 | | eight hours (Elizabeth M. Fahey, Justice). Copies mailed December 16, |
| 12/16/2003 | | 2003 |
| 12/16/2003 | | Papers #18,19,20 are impounded in locked cabinet |
| 01/15/2004 | 21 | Motion by Deft: Motion to continue for a status conference |
| 02/12/2004 | 22 | Deft files motion to suppress evidence obtained from warrantless |
| 02/12/2004 | 22 | search with memorandum in support of |
| 02/12/2004 | 23 | Deft files motion to suppress evidence obtained with invalid search |
| 02/12/2004 | 23 | warrant and affidavit in support of |
| 02/26/2004 | 24 | Withdrawal of appearance filed by John M Goggins with affidavitt in |
| 02/26/2004 | 24 | support of - Allowed after hearing (Agnes,J) |
| 02/26/2004 | | Appointment of Counsel Daniel W Cronin, pursuant to Rule 53 |
| 04/12/2004 | 25 | Withdrawal of appearance requested by Daniel W Cronin |
| 04/12/2004 | | Motion (P#25) denied w/o prejudice (Jeffrey A. Locke, Justice). |
| 04/12/2004 | 26 | Remand order to Worcester House of Correction |
| 04/13/2004 | | Motion (P#25) allowed after hearing (Jeffrey A. Locke, Justice). |
| 04/13/2004 | | Copies mailed April 14, 2004 |
| 04/13/2004 | 27 | Appearance of Deft's Atty: James J Gribouski |
| 06/11/2004 | 28 | Defendant's files in court Motion to Impound Motion for funds for a |
| 06/11/2004 | 28 | forensic psychiatrist with supporting affidavit. |
| 06/11/2004 | | Motion (P#28) allowed without prejudice (Isaac Borenstein, Justice). |
| 06/11/2004 | | Counsel present June 11, 2004 |
| 06/11/2004 | 29 | Motion by Deft: filed in court. Motion for funds for forensic |
| 06/11/2004 | 29 | psychiatrist and supporting affidavit. |
| 06/11/2004 | | Motion (P#29) allowed (Isaac Borenstein, Justice). Copies mailed June |
| 06/11/2004 | | 11, 2004 |
| 10/07/2004 | 30 | Motion to Withdraw of appearance requested by James J Gribouski - |
| 10/07/2004 | 30 | ALLOWED (Fishman,J.) |
| 10/07/2004 | | Appointment of Counsel Christopher P LoConto, pursuant to Rule 53 |
| 12/02/2004 | | Defendant's oral motion for transcript |
| 12/02/2004 | | Motion allowed (Timothy S. Hillman, Justice). |
| 12/02/2004 | 31 | ORDERED: for Court Reporter Claire Pender to prepare transcript of |
| 12/02/2004 | 31 | proceeding of 12/2/04 (Timothy S. Hillman, Justice) |
| 12/02/2004 | 32 | Deft files motion to revisit the issue of bail pursuant to M.G.L.c. |
| 12/02/2004 | 32 | 276, s 58, sixth paragraph under changed circumstances |
| 12/02/2004 | 32 | Deft files motion for funds for an investigator - Allowed (Fecteau,J) |
| 12/21/2004 | | Motion (P#32) denied (Hillman., Justice). There being no change in |
| 12/21/2004 | | the defendant's circumstances, the within motion is denied (copies |
| 12/21/2004 | | mailed) |

| 02/03/2005 | | Hearing on Motion to suppress held, matter taken under advisement |
| 02/03/2005 | | (Hillman,J.) |
| 02/03/2005 | 34 | Commonwealth files opposition and memorandun of law in response to |
| 02/03/2005 | 34 | defendant's motion to suppress evidence |
| 02/10/2005 | 33 | ORDERED: Findngs of fact, rulings of law , and order on defendant's |
| 02/10/2005 | 33 | motion to suppppress evidence - It is ordered that the defendant's |
| 02/10/2005 | 33 | motion to suppress are denied (Hillman,J.) - copies given in hand |
| 02/10/2005 | 33 | 2/18/05 |
| 03/02/2005 | 35 | Notice of Interlocutory Appeal/ Request to Stay Proceeding filed by |
| 03/02/2005 | 35 | Anthony M Leo |

## Charges

8 Charges for Docket: WOCR2002-00830

| No. | Charge Description: | Indictment: | Status: |
|-----|---------------------|-------------|---------|
| 1 | LARCENY FROM BUILDING c266 s20 | | Plea of not guilt |
| 2 | RAPE, AGGRAVATED c265 s22(a) | | Plea of not guilt |
| 3 | RAPE, AGGRAVATED c265 s22(a) | | Plea of not guilt |
| 4 | RAPE, AGGRAVATED c265 s22(a) | | Plea of not guilt |
| 5 | B&E DAYTIME FOR FELONY, PERSON IN FEAR c266 s17 | | Plea of not guilt |
| 6 | LARCENY FROM BUILDING c266 s20 | | Plea of not guilt |
| 7 | RAPE, AGGRAVATED c265 s22(a) | | Plea of not guilt |
| 8 | B&E DAYTIME FOR FELONY c266 s18 | | Plea of not guilt |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

WORCESTER SUPERIOR COURT
DOCKET NO: 02-0830

COMMONWEALTH OF MASSACHUSETTS )
      Plaintiff )
          )
      v. )
          )
    ANTHONY LEO )
      Defendant )

## MOTION TO REVISIT THE ISSUE OF BAIL PURSUANT to M.G.L. c. 276, §58, sixth paragraph under Changed Circumstances.

Now comes the Defendant, Anthony Leo, and requests this honorable court revisit the issue of bail due to factors not previously known, that now constitute 5th, 6th, 8th and 14th amendment violations of the U.S. Constitution and arts. 1,10,12 and 26 of the Massachusetts Declaration of Rights, and as reasons and support thereof states the following:

A.) That on 7/18/2002 Kern J. presiding, the Court denied Defendant's request to lower bail from $500,000 cash to $50,000 cash "[b]ased on "Flight Risk Only"(potential suicide), from hearsay statements by the D.A. See attached transcript of 7/18/02 bail hearing.

B.) That Defendant has been detained without a trial since 4/22/02, (31 months) which is far beyond the theoretical maximum under Speedy Trial Act, thus giving rise to Due Process, concerns. 5th Amendment of U.S. Constitution.

C. That since 4/22/02 the Defendant has had six (6)
different attorneys appointed to his defense. This Court
has allowed five (5) attorneys to withdraw from Mr.
Leo's case at their own request. This constant changing
of counsel is depriving the Defendant of his right to
Effective Assistance of Counsel under Art. 12 of the
Massachusetts Declaration of Rights and the 6th
Amendment of U.S. Constitution.

D.) That in setting bail at $500,000 cash, not
considering "Any" other condition or combination of
conditions, or giving any "Written Reasons" as to why
"Only" this unusually high bail was necessary to secure
Mr. Leo's appearance and by relying on "hearsay"
statements by the D.A., Kern J. could not have found "a
Preponderance of the Evidence"(reliable facts) to
justify this bail amount. In doing so, Kern J. deprived
the defendant of substantive Due Process analysis called
for by U.S.C.18 §3141 et seq; Federal Bail Reform Act
and U.S.C.A. Constitutional Amendment 14.

E.) In setting a financial amount that Kern, J.
knew was unattainable and guaranteed to secure the
defendant's continued limitless pre-trial detention, she
violated Mr. Leo's Constitutional Rights against
Excessive Bail. See U.S.C.18 §3141.

For the foregoing reasons, and as set forth more
fully in the accompanying memorandum of law, this
petition should be granted.  Relief from these multiple
Constitutional violations should be granted by releasing

the defendant on personal recognizance or lowering his bail to an attainable amount. This should be done so he may secure his freedom "BEFORE" trial to pursue his rights to bring an effective defense. At this point, the continued passing of this defendant's defense from lawyer to lawyer has irreparably damaged this petitioners' substantive right to assistance of counsel because the "harm" caused from such inaction over a period of time is cumulative.

Wherefore, the petitioner, Anthony Leo, respectfully request that this court grant the relief requested in this petition.

Respectfully
Submitted,

*Anthony Leo*

Anthony M. Leo

Pro Se

Dated: _____ , 2005

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the A.D.A. of Worcester County, by depositing the copy in the mail for collection and delivery by first class mail, postage pre-paid as follows, Joseph J. Reilly III, Worcester County D.A.'s office, 2 Main Street, Room 220, Worcester, MA 01608


_____
Anthony M. Leo

# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                    WORCESTER SUPERIOR COURT
                                 DOCKET NO: 02-0830


COMMONWEALTH OF MASSACHUSETTS    )
            Plaintiff            )
                                 )
            v.                   )
                                 )
      ANTHONY LEO                )
       Defendant                 )


<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REVISIT BAIL</u>
<u>PURSUANT to M.G.L. c. 276, §58 – Changed Circumstances</u>


<u>Introduction</u>

    The Petitioner, Anthony Leo, respectfully submits
this memorandum of law in support of his motion to
Revisit Bail due to Changed Circumstances and ERRORS of
law.  The current bail requirement set on 7/18/02 by
Kern, J. in Worcester Superior Court and subsequent
detention caused by said order is currently violating
several constitutionally protected rights of the
defendant, and thus must be addressed as soon as
possible. As of now, this court of the Commonwealth of
Massachusetts is violating Mr. Leo's $5^{th}, 6^{th}, 8^{th}$ and 14th
Amendment rights under the U.S.Constitution and Arts.
1,10,12 and 26 of the Mass. Bill of Rights.


<u>Arguments</u>

A.)    On 7/18/02 during a bail hearing pursuant to
M.G.L. c. 276 §58, Kern,J. erroneously relied on "hearsay"
statements by D.A. to determine that the Defendant would kill
himself if he was allowed to secure his freedom. <u>See</u>
<u>Transcripts of 7/18/02 bail hearing accompanying</u>

this motion. In doing so, Kern, J. never considered any other factors to be considered listed in M.G.L. c. 276 s.58 or The Bail Reform Act U.S.C.18 § 3142, as she is required to do, and only after finding a Preponderance of the Evidence of reliable "facts" setting the "least restrictive" conditions or combination of conditions to secure defendants appearance, and if none will accomplish this, a financial demand can then be fixed, obeying the prohibition of setting Excessive Bail. 18U.S.C.§ 3142(b); also U.S. v. Salerno 481 U.S. 739; Amie v. Com. 611 NE2d 204. If Kern, J. had any concerns that the defendant was harmful to himself or others she was required under M.G.L. 123 §12 to have him evaluated by mental health professionals and to make sure the defendant did, in fact, pose a risk of suicide. The "hearsay" statement by the D.A., who is not an expert on mental health, was not reliable enough, on its own to meet a Preponderance standard needed in judging Flight risk. See U.S. v Patriarca 948 F2d 789, 793 (1st Cir 1991). Furthermore, Massachusetts has never ruled whether using a suicide attempt in deciding bail issues is legal, or what statute it falls under, c.276 §58 or 58A.

Mr. Leo has been diagnosed with Major Depression. Does using mental diseases to place citizens in jail violate the "American with Disabilities Act?" Major depression is a recognized disease that can be a lifelong issue. Psychiatric treatment is all one can do to fight this illness. Mr. Leo has done everything medically possible to treat his depression issues and to continue to deprive him of his freedom due to his disease is a form of discrimination violating his equal protection rights.

B.) 5th Amendment Violation; Length of Pre-Trial
Detention. Due Process Rights

The Speedy Trial Act deadlines, limit the length of
pretrial detention. As a result of excludable time
provisions, however, defendants in "complex" or unusual
cases (such as this one) may indeed be detained far
beyond the theoretical maximum under the Speedy Trial
Act, thus giving rise to Due Process Concerns.  The
Supreme Court has left open the possibility that
detention could become so long that it would violate the
defendant's due process rights. See U.S. v Salerno 481
U.S. 739; also U.S. v Tortora 922 F2d 880, 889(1st Cir)

The only reason this detention has gone on for so
long (31 months) can be attributed to the Court
allowing five (5) attorneys to withdraw from this case.
With the appointment of the sixth attorney, who will
need several months be come familiar with the case and
do the required work, this case might possibly be ready
for trial within 6-12 months, adding another 6-12
months on to the 31 months the defendant has already
been detained (37-43 months). For the reason's set
forth, in Lavallee v Justices of Hampden Sup. Court, 812
NE2d 895, the Commonwealth of Massachusetts low pay
rates, lack of counsel for indigent defendants etc., has
deprived Mr. Leo of adequate and effective assistance of
counsel to prepare for trial, and continues to add to
the  pre-trial detention of the Defendant.  The
continued passing of the defendant's case to new counsel
every 6 months has irreparably damaged the petitioner's
substantive rights to the assistance of counsel.  The
"HARM" caused by this inaction, the time it takes new

counsel to prepare and become familiar with the case, is cumulative over time. Soon this harm may become so great, that a fair trial will be impossible. U.S. v Reason 549 F2d 309; Wood v Zahradnick, 475 F.Supp 556, 559 Proffitt v U.S. 582 F2d 854, 858. Comm, v Fuller 475 NE2d 381, Art. 12; does not require defendant to provide actual prejudice once he has shown that counsel was burdened by actual conflict of interest, it provides greater protection than Sixth Amend. Com. v. Hodge 434 NE2d 1246. See also Com v. Roberio 700 NE 830; Com v. Trapp 668NE2d 327 at 359 and Com. v. Doucette 462 NE2d 1084.

Because the petitioner is seeking redress for the ongoing violations of his fundamental Constitutional rights that affect the manner in which the criminal case against him will proceed and be defended, it is enough that they have shown a violation of that right that "May" likely cause harm (irremediable) if not corrected. Luckey v. Harris 860 F2d 1012, 1017; Strickland v. Washington, 466 U.S. 668 at 685.


C.) Six (6) different attorneys were appointed to handle this case and this court has repeatedly allowed these same appointed attorneys to withdraw over and over. Every time new counsel is appointed it means that this new counsel will need 3-6 months to familiarize himself with this case. Any progress made by former counsel is gone and valuable time is lost forever. The case has become full of more and more confusing information. Too date not one person involved with this case has been interviewed or deposed and facts and

memories have become hazy.  In 31 months almost nothing
in my defense has been done.  Out of the five appointed
attorneys only two have been to the prison and each of
those only once. Specific Defenses and trial strategies
have never been discussed. Failure to investigate the
possibility of the Insanity defense, where "facts known
to, or accessible to, trial counsel raised a serious
doubt as to defendants mental condition" constitutes
ineffective assistance of counsel Com. v. Roberio Supra
at 830.  Critical stage opportunities may pass without a
defendant's knowledge, and even if they can be
revisited, the opportunity to fully develop them as
fully had counsel been effective, may be impaired.
Their are a myraid of responsibilities that counsel may
be required to undertake that MUST be completed long
before trial if the defendant is to benefit meaning from
his right to counsel under Act 12. See Lavallee v. Just
of Hampden Sup. Court 812 NE2d 903. For these reasons
the petitioners ability to get a fair trial is severely
in question.

D. & E.) When Kern, J. did not follow any of the
provision of the Bail Reform Act or M.G.L c.276 §58
governing bail hearings, she violated the defendants
right to Procedural Due Process, 14 Amend U.S.
Constitution.  Kern, J. never considered defendant's
family ties, financial means, employment record,
reputation, length of residence in community, lack of
defaults, etc…. She relied on possibly erroneous
"hearsay" statements from D.A. and never requested a
mental health evaluation, as was within her power and
required of her by M.G.L c.123 § 12, and would have

given her a much more reliable record to assess the
defendant's alleged suicide risk, which is not even a
consideration under c.276 §58.  A preponderance of
evidence was never relied upon to set this current
completely unreasonable bail and violates Mr. Leo's
right to protection from demand of Excessive bail.  This
amendment declaring that Excessive Bail shall not be
required means that a defendant may not be capriciously
held by demanding bail in such an amount that there is
in fact a denial of bail, or detention without bail
without informed reasons thereof.  Carlisle v. Landon
342 U.S. 524 U.S. v. Motlow 10 F2d 657.  8th Amend. U.S.
v. Salerno 481 U.S. 739 Section 3142 (c)(2) if U.S.C.18
precludes a judicial officer from setting a financial
condition that results in the pre-trial detention of the
person.  This provision does not require bail to be set
at a figure that the defendant can "readily" post: "the
court must be able to induce a defendant to go through
great lengths to raise the funds without violating the
condition in Section 3142 (c). Even if the defendant
"CANNOT" afford the bail amount, the condition may not
plainly run afoul of the statute. U.S. v. Mantecon-
Zayas, 949 F2d 548, 550 (1st cir). However, courts of
appeals have held that if the defendant informs the
trial court that he cannot make the  bail, the trial
court "MUST," explain its reason for determining that
the particular requirement is an "indispensable"
component, reasonably necessary to secure appearance.
See Mantecon-Zayas at 548, 551.
How does the demand of $500,000.00 cash stop someone
from committing suicide?  Kern, J. had only one reason
for this unattainable cash demand- Guaranteed detention.

If Kern, J.'s reasoning was that by holding the defendant in jail, that would or could stop defendant from committing suicide, her reasoning is severely flawed because many depressed or mentally unstable people commit suicide or are murdered in jails and prisons.  Prisons are not the dumping grounds for people with mental illnesses and they do not have the proper facilities or resources to properly monitor suicidal inmates.  As such, this bail is again unconstitutional and does not follow within the protections of Due process of Excessive bail.  "Bail in an amount engineered purposefully to guarantee continued confinement is excessive" Wagenmann v. Adams 829 F2d 196 (1st cir).  Furthermore, setting a monetary amount to guarantee a poor man's imprisonment, when a rich man could buy his freedom is another form of discrimination- Pannell v. U.S. 320 F2d 698.

CONCLUSION

     For the foregoing reasons, the petitioner, Anthony Leo respectfully request that this court revisit the Issue of Bail and hold a new hearing to address the multiple claims of constitution violations that this petitioner claims. Also to lower cash amount demanded for bail, or set personal recognizance in accordance with the Mass. SJC's decision in Lavallee 812 NE2d 895 (2004) with the other appropriate conditions, i.e. stay on medication, live with mother, no drugs or alcohol, psych counseling and  pretrial probation and allow the petitioner the ability to secure his freedom and participate with counsel to prepare his defense for

trial and to protect him from being unconstitutionally
punished before he has even had a chance to face a jury
of his peers.   The petitioner also asks this honorable
court to hear this petition on or before his next
scheduled court date of Nov. 5th, 2004, so that these
unconstitutional detention and ineffective assistance to
counsel claims can be remedied as soon as possible.
They have already continued far too long.


Respectfully Submitted,


Anthony Leo



Dated_____2004

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the A.D.A. of Worcester County, by depositing the copy in the mail for collection and delivery by first class mail, postage pre-paid as follows, Joseph J. Reilly III, Worcester County D.A.'s office, 2 Main Street, Room 220, Worcester, MA 01608

_____
Anthony M. Leo

# EXHIBIT D



COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                          WORCESTER SUPERIOR COURT
                                       DOCKET NO: 02-0830

COMMONWEALTH OF MASSACHUSETTS    )
            Plaintiff             )
                                  )     20 _04_ Filed in Court _12)2_
            v.                    )     _____
                                  )     _Hillmor J_
       ANTHONY LEO                )     Attest _Kein. M. Gellan_
       Defendant                  )     _____
                                        Assistant Clerk-Magistrate

*[handwritten left margin: There being no change on the w/in Δ's evidentiary, the Motion is denied.   12/21/05,]*

MOTION TO REVISIT THE ISSUE OF BAIL PURSUANT to
M.G.L. c. 276, §58, sixth paragraph under Changed
Circumstances.

     Now comes the Defendant, Anthony Leo, and requests
this honorable court revisit the issue of bail due to
factors not previously known, that now constitute 5th,
6th, 8th and 14th amendment violations of the U.S.
Constitution and arts. 1,10,12 and 26 of the
Massachusetts Declaration of Rights, and as reasons and
support thereof states the following:

     A.) That on 7/18/2002 Kern J. presiding, the Court
denied Defendant's request to lower bail from $500,000
cash to $50,000 cash "[b]ased on "Flight Risk
Only"(potential suicide), from hearsay statements by the
D.A. See attached transcript of 7/18/02 bail hearing.

     B.) That Defendant has been detained without a
trial since 4/22/02, (31 months) which is far beyond the
theoretical maximum under Speedy Trial Act, thus giving
rise to Due Process, concerns. 5th Amendment of U.S.
Constitution.

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CRIMINAL DOCKET# **WOCR2002-00830**

RE:  **Commonwealth v Leo, Anthony M**

TO: Christopher P LoConto, Esquire
120 Main Street
Worcester, MA 01608-1170

---

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 12/21/2004 is as follows:

Deft files motion to revisit the issue of bail pursuant to M.G.L.c. 276, s 58, sixth paragraph under changed circumstances

**Motion (P#32) denied (Hillman., Justice). There being no change in the defendant's circumstances, the within motion is denied (copies mailed)**

Dated at Worcester, Massachusetts this 23rd day of December, 2004.

Francis A. Ford,
Clerk of the Courts

Location: Rm 204 (Worcester)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130