UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY LEO, )
 )
 )
     Petitioner )
 )
 v. )
 )   Civil Action No. 04-11006-JLT
 )
COMMONWEALTH OF )
MASSACHUSETTS, )
 )
     Respondent )
 )
_____ )

PETITION FOR CERIFICATE OF APPEALABILITY

Now comes the petitioner, Anthony Leo, and respectfully moves this honorable court to issue a Certificate of Appealability as to the order adopting the Magistrates Report and Recommendations to deny holding an Evidentiary Hearing (Docket Entry #47), and to dismiss Grounds One and Four of the Habeas Petition. (Docket Entry # 48) In the following text the petitioner will set forth the reasons why these three issues should be allowed to proceed to the First Circuit Court of Appeals of the United States.

ARGUMENTS

I.     GROUNDS ONE; EXCESSIVE BAIL

The petitioner was arraigned in Worcester District Court on April 24, 2002 and his bail was set at $500,000.$^{00}$ cash, $5,000,000.$^{00}$ surety. As an indigent person he has remained in custody since this arraignment 39 months ago.

The 8th Amendment to the U.S.Constitution states that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment be inflicted". Once a decision to admit bail to a defendant has been reached, as in this case, the amount of bail imposed is a matter of discretion, subject to the constitutional prohibition against excessive bail. "Bail set at a figure greater than an amount reasonably calculated to reasonably assure the presence of the defendant is excessive under the 8th Amendment of the U.S.Constitution ". See Stack v. Boyle, 342 U.S. 1: U.S. v. Soto Rivera, 581 F. Supp 561; Katona v. Cheyene, 686 F. Supp 287; U.S. v. Salerno 481 U.S.739. The Supreme Court further found in Carlisle v. Landon 342 U.S. 524, that a defendant "MAY NOT" be capriciously held by demanding bail in an amount that there is, in fact, a denial of bail. The 8th Amendment of the U.S.Constitution is applicable to the states. See Schilb v. Kuebel, 404 U.S. 357, 365.

　　The $500,000.$^{00}$ cash bail set by the state court was set for one reason only, to guarantee detention. This is exactly the type of behavior that the Supreme Court found violates the 8th Amendment of the U.S.Constitution.

　　The Massachusetts S.J.C. ruled that the petitioner waived his right to bring this claim, that his bail was set at an unattainable amount to guarantee his detention, before them. The reason for this waiver was that this argument was not presented to a Single Justice. As such, they claim that the claim was procedurally defaulted, and refused to hear the claim. (See docket # Entry 24). The Massachusetts S.J.C also went

on to compare the petitioner's claims to the claims raised in Querbin v. Com., 795 N.E. 2d 534, and to use its findings there to justify the $500,000.$^{00}$ in this case.

    First, The S.J.C. was mistaken in claiming that the claim was procedurally defaulted because it was not first raised in the Single Justice hearing. (See docket Entry # 16 and page 8, footnote 10 of Bowler's, U.S.M.J. report 4-29-05) This specific issue was raised and admitted by the prosecution. Single Justice Sosman was fully aware of the 8th Amendment claim and its protection against excessive bail. As such, this argument was "Fairly" presented to her. The fact that she chose NOT to address the issue does NOT mean that it was waived, or unexhausted. Before appealing the Single Justice ruling, the petitioner asked for permission, and was granted the right to amend his motion to the full bench of the S.J.C. (See docket entry # 16, Motion to Amend). The petitioner was not allowed to be present at the Single Justice hearing and, as such, any deficiencies in the argument were his appointed counsels error. The argument of excessive bail was NOT changed, nor was a new claim presented as the S.J.C. ruled, it was only clarified. As such, this claim was fairly presented and should have been heard. See Nadworny v. Fair 872 F.2d at 1097; Pettijohn v. Hall 599 F2d 476 (1st cir). The fact that the state court failed to address this claim does not render it unexhausted. The state MAY NOT THWART the exhaustion requirement by refusing to rule, or by ruling inconclusively. Carter v. Estelle, 677 F.2d 427,449; Anderson v. Harless, 459 U.S. 4,6; Tamapua v. Shimoda 796 F.2d 261, at 262-262; Rose v. Lundy, 455 U.S. 509, 515. This is precisely what the state court did.

    Secondly, the state court tries to justify the setting of $500,000.$^{00}$ bail, by saying that it *could* have held the petitioner with "no bail". This is completely true and probably the proper way to handle suicidal persons. Instead, the DA asked for bail and the state judge granted bail. As such, the prohibition against excessive bail of the 8th amendment attached. The state judge deliberately set a bail demand so high that, in fact, it was NO bail. He never considered ANY other conditions required by law.

U.S. v. Mantecon-Zayas, 949 F2d 548,(1st Cir) U.S. v. Motlow 10 F2d 657; Gonzales v. Claudio, 806 F.2d 335,349 and Stack v. Boyle, 342 U.S. 1.

Additionally, a defendant is entitled to be present at ALL critical stages of the proceedings and his presences is essential to the states ability to administer the criminal justice system. Snyder v. Massachusetts, 291 U.S. 97, at 107-108. Bail hearings are critical stages because liberty and protection from excessive bail are constitutional rights. The petitioner should have been allowed to attend the Single Justice hearing held on June 18, 2003, and if he had been present the numerous errors of fact and questions that went unanswered and incorrectly answered would never have occurred. Furthermore, the specific issues that appointed counsel was told to argue and *failed to do so* could have been addressed by the petitioner. As such, the procedural default issue would never have occurred. (See docket entry # 16.

As such, the magistrate findings in her 4-29-05 report on this claim are incorrect and Grounds One should not have been dismissed. If Tauro, J. had thoroughly reviewed the petitioner's objections (docket entry # 56) he would also have found this to be true. For the aforesaid reasons Grounds One of the Habeas Corpus petition should not have been dismissed and a Certificate of Appealability should be granted.

## II.    GROUND FOUR; 5TH AMENDMANT

The petitioner's claim of violations to his 5th Amendment rights stem from his lengthy pretrial confinement. At this point in time, the petitioner has been held for 39 months and although a trial was scheduled for September 5, 2005, Mr. Leo's attorney Christopher LoConto has informed him that a defense will not be ready until 2006.

Bowler, U.S.M.J. makes numerous erroneous findings of fact in her description of the petitioner's state court proceedings. As articulated by the First Circuit in U.S. v. Zannino, 798 F. 2d 544, the due process inquiry mandates a CAREFUL case by case examination. This inquiry cannot be done relying solely on the state court record, as Bowler M.J. did. The determination of fact made by the state court is inadequate,

does not address all the factual issues, and are not sufficiently clear to rely upon. Bowler, M.J. also relies upon an affidavit submitted by the state prosecutor (docket entry #41) in which he states, "*To the best of my knowledge,* the defendant has caused all of this 39 month delay, is happy with his 39 month detention and has assented to all 5 of his attorneys withdrawals". The prosecuting attorney is, by far, a biased person in the matter, and his memory of a 39 month long case is NOT fact or a very reliable recollection of facts to solely rely upon. The petitioner has stated numerous times that the claims are **not true** and a review of the transcripts would prove this. Furthermore, the magistrate's use of one motion to suppress to justify 39 months of delay is reaching. One MUST keep in mind that the prosecution is the one who is responsible for setting cases for trial and defendants are NOT responsible for the delay simply by not asking for a trial. A defendant has NO duty to bring himself to trial; the state has that duty as well as the duty of insuring that the trial is consistent with Due process. Barker v. Wingo, 407 U.S. 514. at 526-528.The state has failed to do its duty.

   This case is not a difficult or unusual one, contrary to what the Single Justice stated. It is only unusual because the State Judges neglected to inquire into **any** of the defendant's complaints, to protect the his rights, to ensure the process stay fair and that matters proceeds to trial.

   This 39 month delay, coupled with the 6-12 month future delay until present counsel is ready to proceed (totaling 45-50 months) is so long that it violates the petitioner's Due Process Rights. U.S. v. Salerno 481 U.S.739; U.S. v. Tortora, 922 F.2d 880, 899 (1st Cir): U.S. v. Gonzales-Claudio, 806 F.2d 334. (See docket entry # 27). In an ordinary case such as this one, the risk on flight alone does NOT justify a detention of this length. A longer pretrial detention is more justifiable for a "Dangerous" defendant than one, as the petitioner, based on flight alone. U.S. v. El-Hage, 213 F.3d at 80. This lengthy delay has transformed a valid measure into one that is punitive. Detention is rendered so harsh by its length that it has degenerated to punishment. Melendez-Carion, 790 F.2d at 1008: U.S. V. Theron, 782 F.d

15190,1516. The 5th amendment prohibits the imposition of punishment prior to trial Bell v. Wolfish, 441 U.S. 520. This lengthy detention has caused many of the problems with defense preparation and counsel and has severely prejudiced the petitioner's ability to receive a fair trial. U.S. v. Gallo, 653 F.Supp 320, 336-337; Powell v. Alabama, 287 U.S. 45,47. Furthermore, release will allow the defendant to prepare his defense for trail much quicker and this benefits everyone involved.

Fore the foregoing reasons, Bowlers, U.S.M.J. report and recommendation as to Ground Four are in error and as such, should NOT have been dismissed by Tauro, J. For these reasons this court should issue a Certificate of Appealability on this issue.

### III.    EVIDENTIARY HEARING

The petitioner, again, respectfully request that an evidentiary hearing be held before dispositive judgments are made. The reason for this request was set forth in the petitioner's motion for evidentiary hearing (docket entry #47). As the state judges and Bowler U.S.M.J. have all pointed out, this is an unusual case. Many of the "factual" disputes were not resolved in the state court and the fact finding of the state court was, by far, adequate for a full and fair hearing. The state docket sheet does NOTHING to explain the 39 month delay in trial, why 6 different lawyers have been appointed to this case, or if the petitioner is actually a flight risk,

The Supreme Court held that a hearing MUST be granted to resolve factual disputes if the determination by the state court are for some reason inadequate. Townsend v. Sain, 372 U.S. 293. The petitioner only asks for a chance to clarify the 39 months worth of state court proceedings, so that a just and fair judgment can be made. Only when this is done and the magistrate's errors are corrected can this be achieved. Many of these errors of fact have been objected to by both sides. (See docket entry # 13, 18, 25, 28, 37, 38, 41, 46, 53, and 56). Only one person fully understands all the facts of this state court proceeding, the petitioner.

For all of these aforesaid reasons the magistrate was wrong to make her recommendation without first holding a hearing to resolve the disputed facts. As such, the petitioner asks this honorable court to issue a Certificate of Appealability on this issue.

### IV.  ERRORS IN MAGISTRATES REPORT

The petitioner believes it to be necessary to grant a Certificate of Appealability to fully understand and explain several of the main errors that U.S. Judge Bowler relied on to base her decision.

#### A.) MOTION TO REVISIT BAIL, DOCKET ENTRY# 43

This motion was never intended to be considered by the federal court. It was only sent as an exhibit to show that the state judges refuse to give any findings of fact or law to support their numerous findings. Without them, it is extremely hard to understand what laws they are basing these decisions. Furthermore, just because the petitioner has asked the Superior Court to re-examine his bail, it does not mean he has NOT exhausted the present claim. Pre-trial matters are not held by the same rules of finality as post conviction matters, and as such, must be handled differently.

#### B.) NO BAIL V. EXCESSIVE BAIL

The magistrate repeatedly states that the petitioner was DENIED BAIL. This is not true. The petitioner was never detained without bail. The state had the right to petition for NO BAIL but they did not do so. The petitioner was given a bail, but it was so high that it could never be posted. This is exactly what the 8th Amendment of the U.S.Constitution prohibits.

### C.) ATTORNEY WITHDRAWAL

The presiding judges have only once advised the defendant of the consequences of attorney withdrawal and only once has he assented to a change in counsel. For numerous reasons the state judges should never have allowed four of the petitioners attorneys to withdraw and at least, NOT before conducting a thorough inquiry as to why they wanted to leave. If this had been done, as the law requires, many of the current problems in this case would not be happening. D.A. Reilly's affidavit is not sufficient, on its own, to support Bowler, U.S.M.J.'s findings on this matter.

### D.) PSYCHE EVALUATION

The petitioner believes that Bowler, U.S.M.J. assumed that the funds granted for psychological testing are for determining suicidal risk for bail. This is **incorrect**. They were allowed to perform a Criminal Responsibility evaluation for trial. To this day NO evaluation or testing has ever been preformed on the defendant. This is in part due to ineffective assistance of counsel and the State Court Judges allowing continuous changing of defense counsel. Any evaluation done now, 39 months after the alleged crime will be very difficult, if not impossible. Furthermore, only one pretrial conference has ever been held, unlike the state docket reads.

### E.) UN-ANSWERED QUESTIONS / INFERENCES

None of the following important questions have ever been adequately answered by the state courts. 1.) True flight risk? 2.) True suicide risk? 3.) current mental status 4.) Ability to receive treatment at home? 5.) Treatment in jail 6.) Was the suicide attempt connected, in any way, to the alleged criminal act?

Answering these questions is a must if one is deciding the risk of flight by the petitioner. The state judge ruled against the petitioner in all of these questions. Any doubt regarding the priority of release SHOULD be resolved in the defendants favor. U.S. v. Motamedi, 767 F2d 1403; U.S. v. Patriarca, 948 F2d 789, 793; U.S. v. Gebro,

948 F3d 1118,1121; Herzog v. U.S., 75 S.CT 349. A review of the record will reveal that none of the numerous DOUBTS as to the defendant's actual risk of flight/suicide were decided in his favor. If the state judges followed these rulings and appropriate laws they would have given a much different ruling. Also, the mere possibility of flight is insufficient to justify detention. U.S. v. Himler, 797 F.2d 156,162. The law cannot be read to guarantee against flight only to reasonably assure against it. U.S. v. Portes, 786 F.2d 758, 764; U.S. v. Tortora, 922 F.2d 880, 899 (1st Cir) U.S. v. Ailemen,165 F.R.D. 571, 579 (N.D. Cal.1996). Many conditions of release could and should have been used to assure the defendant would not harm himself and appear for trial. $500,000.00 was wholly unreasonable and does nothing to address the defendant's mental health/suicide problems.

### F.) SUICIDE = FLIGHT RISK

In its own decision, the Massachusetts S.J.C. admitted they had never decided if suicide could or should be considered a risk of flight for bail purposes. (See docket entry #24) The S.J.C. cited 2 federal cases that they claim support the use of suicide risk as flight for bail purposes. A quick review of these cases will show this is *not* what is support at all. See U.S. v. Hanhardt, 173 F.Supp 2d 801, 804-807, and U.S. v. Tropiano, 298 F. Supp 284,286. These cases do not answer the questions relevant to the petitioner.

A much better case was decided by the U.S. Court of Appeals for the Armed Forces, NO. 02-0312, U.S. v. Wardle, decided on 3-19-03. In this case the defendant was detained for being a flight risk due to an attempted suicide. After a proper hearing, the defendant was held WITHOUT bail. Evidence and testimony was heard by the court before their decision. Mr. Leo did NOT receive this safeguard. Furthermore, the defendant Wardle was ordered released once a sanity board found him NO LONGER SUICIDAL. This must also be true for the petitioner. Mr. Leo has two and a half years of mental health reports and two doctors opinions that say he is NO LONGER A SUICIDE RISK. As such, he MUST be released. U.S. v. Doane, 54

M.J. 978 (Air Force Ct. Crim. App. 2001) also decides suicide as it affects bail and detention.

### G.) SPEEDY TRIAL ISSUES

The petitioner has been requesting his appointed counsel to investigate and prepare a motion to dismiss for want of a Speedy Trial for over a year. This motion was just completed by the petitioner, Pro Se, and will be filed soon.

### H.) TRANSCRIPTS

The state court record does not include the transcripts for all the relevant state court proceedings. The transcripts of the hearing held in Worcester Superior Court on 5/22/03, 12/16/03, 04/12/04, 04/13/04, 10/07/04/ 11/05/04, and 12/21/04, are needed to fully understand what really happened in the 39 month delay and why.

CONCLUSION

For the foregoing reasons, the petitioner respectfully requests that a Certificate of Appealability be issued as to the dismissal of Grounds One and Four of the habeas petition and also as to the denial of the evidentiary hearing. Dismissal of this matter would be consistent with the imperative that underscores "ALL" habeas corpus proceedings, ensuring that Federal Constitutional claims be reviewed promptly and that swift relief from illegal restraint secured. The principles of comity and judicial economy should NOT supercede the petitioner's Constitutional Rights to Due Process and protections from Excessive Bail.

For all of the aforementioned reasons and because the petitioner has shown the denial of Constitutional rights as required by 28 U.S.C.§ 2253 (e) (2), he prays this honorable court will grant him a Certificate of Appealability on both Grounds One and Four and the motion for evidentiary hearing.

Respectfully Submitted,

*Anthony Leo*

Anthony Leo

July 8, 2005